UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24611-GAYLES/SHAW-WILDER

MICHAEL SMITH,

      Plaintiff,

v.

CARNIVAL CORPORATION
and NIKHIL MAHARAJ, M.D.,

      Defendants.

_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Defendant Nikhil Maharaj, M.D.'s Motion to Quash Service of Process and to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction (the "Motion"). [ECF No. 17]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted in part.

**I.    BACKGROUND**

    In October 2024, Plaintiff Michael Smith ("Plaintiff") suffered a stroke while a passenger aboard Defendant Carnival Corporation's ("Carnival") vessel. Carnival's shipboard physician, Defendant Nikhil Maharaj, M.D. ("Dr. Maharaj"), treated Plaintiff. Plaintiff alleges that Dr. Maharaj misdiagnosed him with hyperglycemia and athletes' foot, rather than a stroke, causing a delay in care and evacuation from the vessel. [ECF No. 10].

    On October 7, 2026, Plaintiff filed his Complaint against Carnival and Dr. Maharaj. [ECF No. 1]. On October 8, 2025, Plaintiff attempted to serve Dr. Maharaj by providing a copy of the Summons and Complaint to an intake specialist for Carnival's registered agent, CT Corporation System ("CT Corp."). [ECF No. 5]. On October 29, 2025, Dr. Maharaj moved to quash service

and dismiss for lack of personal jurisdiction. [ECF No. 8]. On November 12, 2025, Plaintiff filed an Amended Complaint, [ECF No. 10], rendering Dr. Maharaj's original motion to quash moot. On November 26, 2025, Dr. Maharaj filed the instant Motion arguing that Plaintiff failed to properly serve him and, as a result, the Court lacks personal jurisdiction over him. [ECF No. 17].

## II.   STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987), *superseded on other grounds by* Fed.R.Civ.P. 4(k)(2). Accordingly, "an individual or entity is not obligated to engage in litigation unless officially notified of the action . . . under a court's authority, by formal process." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (quotation and alteration omitted). "It is the plaintiff's responsibility to ensure proper service of a summons and complaint." *Kelly v. Fla.*, 233 F. App'x 883, 885 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(c)(1)). "[A]lthough the Federal Rules of Civil Procedure do not explicitly provide for a motion to quash, a court may quash service or dismiss a complaint under Rule 12(b)(5)." *Vellar Holdings LLC v. USMPO LLC*, No. 25-CV-80042, 2025 WL 2096966, at *2 (S.D. Fla. July 25, 2025).

## III.   DISCUSSION

### A.  Service

Federal Rule of Civil Procedure 4(e) sets forth the requirements for service on an individual located within a judicial district of the United States and provides that an individual may be served by:

> (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

2

> (2)      doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).

It is undisputed that Plaintiff did not personally serve Dr. Maharaj. Rather, Plaintiff argues that by serving Carnival's registered agent, he complied with Rule 4(e)(2)(C) which permits service by delivering a copy of the summons and complaint to "an agent authorized by appointment or law to receive service of process." The Court disagrees. Dr. Maharaj did not authorize CT Corp. to accept service on his behalf. Therefore, Plaintiff's service on Dr. Maharaj was not proper. *See Lowe v. Hart*, 157 F.R.D. 550, 552 (M.D. Fla. 1994) (holding that service was improper when a copy of the summons and complaint were delivered to an individual at the defendants' place of business who was not authorized to accept service on their behalf); *Rinker v. Carnival Corp.*, No. 09-23154-CIV, 2010 WL 11505872, at *1 (S.D. Fla. Mar. 15, 2010) (quashing service when a plaintiff attempted to effectuate service on one of Carnival's shipboard physicians by serving a copy of the summons and complaint to a representative of Carnival).[1]

Plaintiff also argues that service was proper under 4(e)(2)(B) which authorizes service by leaving a copy of the summons and Complaint at a plaintiff's dwelling or usual place of abode with someone who resides there. Plaintiff argues that because Dr. Maharaj lives and works aboard

---

[1] Plaintiff's reliance on *Carter v. Carnival Corp.*, No. 23-CV-23170-RNS (S.D. Fla.) is misplaced. There, after the individual defendants moved to quash service, Carnival's counsel agreed to accept service on their behalf. The court in *Carter* never analyzed the merits of the motion to quash because the individual defendants' waiver of service rendered it moot. *See Carter*, [ECF No. 20]. Dr. Maharaj has not waived personal service here.

Carnival vessels for extended periods, the vessel is his dwelling. While this may be true, Plaintiff did not attempt to serve Dr. Maharaj or anyone else on a Carnival vessel. Recognizing this, Plaintiff argues that because access to the crew quarters on a ship is limited, Plaintiff should be authorized to serve Dr. Maharaj by serving Carnival's registered agent, citing *Ali v. Mid-Atlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 37 (D.D.C. 2006). This argument is a non-starter. The facts in *Ali* are markedly different than the facts here. The defendant in *Ali* was a college student evading service. The court held that, under Pennsylvania law, service was proper where the process server handed a copy of the complaint to the concierge of the defendant's apartment building. *Ali*, 233 F.R.D. at 38. Here, Plaintiff did not attempt to serve someone at Dr. Maharaj's dwelling, and the record does not reflect that Dr. Maharaj is evading service. Moreover, *Ali* is not binding on this Court. Accordingly, the Court finds that Plaintiff failed to properly effectuate service on Dr. Maharaj.

### B. Personal Jurisdiction

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg, Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). A court may quash defective service or dismiss a complaint under Rule 12(b)(5). *See Vellar*, 2025 WL 2096966, at *2. The Court finds that best course here is to quash service and allow Plaintiff another opportunity to properly serve Dr. Maharaj.

### IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Nikhil Maharaj, M.D.'s Motion to Quash Service of Process and to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction, [ECF No. 17], is **GRANTED in PART**. Service of process on Dr. Maharaj is **QUASHED**. Dr. Maharaj's

alternative request for dismissal for lack of personal jurisdiction is **DENIED WITHOUT PREJUDICE**.

2.  Plaintiff shall have until July 27, 2026, to effectuate service on Dr. Maharaj. Plaintiff's failure to do so shall result in the dismissal of Dr. Maharaj from this action without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE