UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-CV-24611-DPG

MICHAEL SMITH,

     Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE, and
NIKHIL MAHARAJ, M.D.,

     Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT [ECF NO. 10]**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to this Court's Order dismissing Counts VI and VIII [ECF No. 47], hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [ECF No. 10], and states as follows*:

**ANSWER**

1.    Admitted Plaintiff alleges personal injury/negligence claims against Defendant, denied for all other reasons.

2.    Admitted this Court has subject-matter jurisdiction, and that Plaintiff seeks damages in excess of $75,000, denied as to entitlement to same, and denied for all other reasons.

3.    Admitted for purposes of this litigation that jurisdiction and venue are proper, and that the Passenger Ticket Contract controls in this case, denied for all other reasons.

1

4.      Admitted for purposes of this litigation only that jurisdiction is proper and that U.S. general maritime law applies to Plaintiff's claims, denied for all other reasons.

5.      Admitted that Carnival is engaged in the business of providing vacation cruises and that Carnival may be deemed the owner and operator of the *Pride*.

6.      Admitted for purposes of this litigation that Carnival may be deemed the owner and operator of the *Pride*, otherwise denied.

7.      Admitted that Carnival offers family friendly vacations and provides guests the opportunity to seek medical services aboard its vessels that are staffed with competent personnel capable of making sound medical decisions, otherwise denied.

8.      Admitted that Carnival provides guests the opportunity to seek medical services aboard its vessels that are staffed with competent personnel capable of making sound medical decisions, otherwise denied.

9.      Admitted that Defendant charged money to passengers for medical services rendered in the ship's medical center, otherwise denied.

10.     Admitted for purposes of this litigation that Carnival owned and operated the medical center aboard the *Pride*, otherwise denied.

11.     Denied.

12.     Admitted for purposes of this litigation that Carnival owned and operated the medical center aboard the *Pride*, otherwise denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     The allegations in this Paragraph do not appear to be directed to this Defendant and therefore do not require a response, otherwise denied.

17.     The allegations in this Paragraph do not appear to be directed to this Defendant and therefore do not require a response, otherwise denied.

**General Allegations**

18.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegation in this Paragraph.

19.     Admitted that Plaintiff presented to the Medical Center on board the *Pride* on or about October 18, 2024.

20.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegation in this Paragraph.

21.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegation in this Paragraph.

22.     Denied.

23.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegation in this Paragraph.

24.     Denied.

**COUNT I**

**LIABILITY OF DR. NIKHIL MAHARAJ FOR NEGLIGENT MEDICAL TREATMENT**

25.     Defendant readopts and reasserts its responses to paragraphs 1 through 24 as though fully set forth herein.

26-31. The allegations contained in Count I (specifically paragraphs 26 through 31, including all subparts) are not directed to this Defendant and therefore do not require a response.

3

## COUNT II

### LIABILITY OF CARNIVAL CORPORATION FOR
### MEDICAL NEGLIGENCE BASED UPON ACTUAL AGENCY

32.     Defendant readopts and reasserts its responses to paragraphs 1 through 24 as though fully set forth herein.

33.     Admitted for purposes of this litigation that Carnival owned and operated the medical center aboard the *Pride*, otherwise denied.

34.     Denied.

35.     Denied.

36.     Denied.

## COUNT III

### VICARIOUS LIABILITY OF CARNIVAL FOR
### MEDICAL NEGLIGENCE BASED UPON APPARENT AGENCY

37.     Defendant readopts and reasserts its responses to paragraphs 1 through 24 as though fully set forth herein.

38.     Denied.

39.     Denied.

40.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegation in this Paragraph.

41.     Denied.

## COUNT IV

### DIRECT LIABILITY OF CARNIVAL CORPORATION FOR NEGLIGENT
### PROVISIONING AND EQUIPPING OF MEDICAL FACILITY

42.     Defendant readopts and reasserts its responses to paragraphs 1 through 24 as though fully set forth herein.

43.     Admitted that Defendant owes a duty to act reasonably under the circumstances, otherwise denied.

44.     Denied.

45.     Denied.

## COUNT V

### DIRECT LIABILITY OF CARNIVAL CORPORATION FOR NEGLIGENT FAILURE TO EVACUATE PASSENGER APPROPRIATELY

46.     Defendant readopts and reasserts its responses to paragraphs 1 through 24 as though fully set forth herein.

47.     Admitted that Defendant owes a duty to act reasonably under the circumstances, otherwise denied.

48.     Denied.

49.     Denied.

## COUNT VI

### DIRECT LIABILITY OF CARNIVAL CORPORATION FOR NEGLIGENT HIRING AND RETENTION

Defendant is not required to respond to the allegations in Count VI of the Amended Complaint, including paragraphs 50 through 54 and all subparts, as this Court has dismissed this Count. [ECF No. 47].

## COUNT VII

### DIRECT LIABILITY OF CARNIVAL CORPORATION FOR NEGLIGENT TRAINING

55.     Defendant readopts and reasserts its responses to paragraphs 1 through 24 as though fully set forth herein.

56.     Admitted Plaintiff alleges a direct negligence claim against Defendant in Count VII, denied for all other reasons including sufficiency of pleading the claim.

57.     Admitted that Defendant owes a duty to act reasonably under the circumstances, otherwise denied.

58.     Denied.

59.     Denied.

## COUNT VIII

## DIRECT LIABILITY OF CARNIVAL CORPORATION FOR NEGLIGENCE OF SHORESIDE PERSONNEL

Defendant is not required to respond to the allegations in Count VIII of the Amended Complaint, including paragraphs 60 through 64 and all subparts, as this Court has dismissed this Count. [ECF No. 47].

* Any allegations not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

A.     Plaintiff's claims are governed by U.S. general maritime law and any recovery is limited to same.

B.     This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract(s).

C.     Plaintiff's Complaint fails to state a claim for actual and/or apparent agency against Defendant upon which relief may be granted.

D.     Defendant, and its employees and/or agents, had no notice of any alleged risk-creating condition.

E.     Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians. Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable medical care and appropriately counseled Plaintiff on the available treatment options.

F.     Defendant fully discharged its duties to the decedent by warning of any and all dangerous or hazardous conditions, if any. Specifically, Plaintiff was warned prior to the subject cruise that while at sea or in the port the availability of medical care may be limited or delayed, or that during all or part of the voyage the vessel may be in areas where medical care and evacuation may not be available.

G.     The subject physician(s) was/were operating as an independent contractor(s) at all times material hereto. Pursuant to an agreement with Carnival Corporation, the subject ship doctor(s) was/were A) paid as an independent contractor and not as an employee; B) no deductions were taken from his/her pay and he/she was not eligible for employee benefits; C) he/she agreed to practice according to the appropriate standard of care, within the scope of his/her medical expertise based upon his/her knowledge, training and experience as a licensed physician; and D) he/she exercised medical judgment in the care and treatment of passengers and crew.  With respect to the care rendered to Plaintiff, the ship's nurses were at all times acting under the control of the subject ship physician(s) and were thus his/her borrowed servants.

H.     Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the

existence of which the Defendant expressly denies. In particular, Defendant contends Plaintiff either boarded the subject vessel with a pre-existing illness or medical condition that rendered him unfit to travel, and/or failed to seek timely medical treatment for his condition during the voyage. Accordingly, Plaintiff was negligent and therefore is either barred from recovery or the damages in the case must be apportioned and reduced in proportion to the share of negligence attributed to the Plaintiff.

I.      Plaintiff has failed to mitigate his losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage. This includes Plaintiff failing to timely seek out medical care following his injury, failing to adequately communicate with medical professionals, and failing to follow the advice of medical professionals.

J.      Plaintiff was negligent in failing to abide by physician's instructions and recommendations and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

K.      Plaintiff failed to seek timely medical treatment for the condition which caused and/or exacerbated damages and/or failed to truthfully provide treaters with his medical history, failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected recovery.

L.      This action is barred in whole or in part by the applicable statute of limitations.

M.      The Plaintiff's and/or decedent's damages were the result of a pre-existing injury/condition. Assuming, *arguendo*, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any

responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

N.      The Plaintiff's damages were caused in whole or in part by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

O.      The Plaintiff's claimed medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

P.      Defendant is entitled to a setoff for any settlement or award obtained by the Plaintiff from any other person or entity for the injuries he claims of in this action, as provided by Florida law.

Q.      Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

R.      Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

S.      Defendant, at all times material hereto, complied with all statutes, rules, regulations, industry standards, and in any event, its actions and/or omissions which are strictly denied, were not the legal or factual cause of Plaintiff's injuries or damage claims herein.

Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully Submitted,

GRAY ROBINSON, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Ashley Genoese*
    Michael J. Drahos
    Florida Bar No. 0617059
    *michael.drahos@gray-robinson.com*
    W. Cooper Jarnagin
    Florida Bar No. 117767
    *cooper.jarnagin@gray-robinson.com*
    Ashley Genoese
    Florida Bar No. 1019357
    *ashley.genoese@gray-robinson.com*
    Charles J. Roussin
    Florida Bar No. 1010409
    *charles.roussin@gray-robinson.com*

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

## SERVICE LIST
## CASE NO. 1:25-cv-24611-DPG

David W. Singer, Esq.
Michael A. Hoffman, Esq.

10

David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*

11