UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.

Defendants.
______________________________/

**DEFENDANT CARNIVAL CORP.'S RENEWED MOTION FOR SANCTIONS AND MOTION FOR PROTECTIVE ORDER**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26(b)(2), 26(c), 26(g), and 37(a)(5), and 28 U.S.C. § 1927, and pursuant to ECF No. 50, hereby seeks sanctions against Plaintiff's counsel, moves for a protective order, and states as follows:

## I. INTRODUCTION

MICHAEL SMITH ("Plaintiff") brings this maritime negligence action against Carnival, alleging that he suffered a stroke onboard the Carnival *Pride*, and alleges he sustained injuries and damages due to Carnival's negligent medical treatment, misdiagnosis, and failure to timely evacuate. Presently pending before this Court is Defendant's Motion to Dismiss Counts VII, VIII, and IX of Plaintiff's Second Amended Complaint for failure to properly state a claim and to strike the claim for punitive damages. ECF No. 70.

Defendant's ability to reasonably defend this case has been unnecessarily complicated by Plaintiff's counsel's vexatious conduct in continuously propounding excessive discovery requests

that have no bearing or relevancy on Plaintiff's claims. Further, Defendant has expended immense amounts of time and money investigating, responding to, and objecting to these voluminous discovery requests, most of which are wholly unrelated to any of Plaintiff's claims and are otherwise not proportional to the needs of this case. Plaintiff's propounding of needless discovery is a blatant attempt to distract and exhaust Defendant into spending countless hours responding and further taking away valuable time and effort from defending the true factual merits of this case.

Thus, Defendant seeks a protective order against Plaintiff's counsel's dilatory tactics, and to be relieved from further responding to Plaintiff's frivolous discovery requests. Defendant further seeks an award of sanctions against Plaintiff's counsel who is willfully abusing the judicial process in bad faith by propounding duplicative and irrelevant discovery against Defendant to needlessly multiply proceedings.

## II. BRIEF TIMELINE OF DISCOVERY REQUESTS

- Nov. 24, 2025: Plaintiff propounded 77 requests for production, 129 requests for admission, and 18 interrogatories with subparts
- Feb. 6, 2026: 7.1 discovery conference on initial discovery responses
- Feb. 10, 2026: Second 7.1 discovery conference on initial discovery responses
- Mar. 23, 2026: Plaintiff propounded 85 duces tecum requests for production along with 130 areas of inquiry for corporate representative deposition
- Apr. 1, 2026: Plaintiff propounded 35 requests for production, and 63 requests for admission
- Apr. 21, 2026: 7.1 discovery conference regarding Motion for Protective Order
- May 6, 2026: Discovery Hearing with Magistrate Judge Shaw-Wilder
- May 27, 2026: Plaintiff propounded 43 requests for production
- Jul. 13, 2026: 7.1 discovery conference on Third Request for Production

- Jul. 27, 2026: Second 7.1 discovery conference on Third Request for Production and renewed Motion for Sanctions
- Aug. 24, 2026: Plaintiff propounded 38 requests for production, 15 requests for admission, and 7 interrogatories with subparts, exceeding limit without leave of Court
- Sept. 4, 2026: Plaintiff propounded 26 requests for production, 46 requests for admission, and 6 interrogatories with subparts, further exceeding limit without leave of Court

Thus, the current total of discovery requests upon this Defendant amounts to: **253 requests for admission**, **304 requests for production**[1], and 31 interrogatories with multiple additional subparts – without leave of Court. (See Plaintiff's propounded discovery requests upon Defendant, attached as **Composite Exhibit A**). Defendant has spent an immense amount of time and expense in this case solely in preparing discovery responses and objections, gathering and obtaining of materials for discovery responses, comparing unnecessarily duplicative requests with prior discovery responses, attending 7.1 conferences, preparing for these conferences, preparing and responding to discovery motions, preparing motions for sanctions and protective order, and preparing and attending multiple discovery hearings *thus far*.

## III. LEGAL STANDARD AND ARGUMENT

Under 28 U.S.C. § 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation:

> Any attorney... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Bernstein v. Boies, Schiller & Flexner, L.L.P.*, 416 F. Supp. 2d 1329, 1331 (S.D. Fla. 2006), *aff'd sub nom. Bernstein v. Boies, Schiller & Flexner LLP*, 236 F. App'x 564 (11th Cir. 2007); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007); *Avirgan v. Hull*, 932 F.2d

[1] Including *duces tecum* requests for production in the Notice of Deposition of Carnival's Corporate Representative.

1572, 1582 (11th Cir.1991); *see also Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir.2003). "Unlike Rule 11, which is aimed primarily at pleadings, under section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). "[A]wards pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards." *Bernstein*, 416 F. Supp. 2d at 1331 (S.D. Fla. 2006), "The Eleventh Circuit has stated that to justify an award for sanctions pursuant to 28 U.S.C. § 1927: (i) an attorney must have engaged in unreasonable and vexatious conduct; (ii) the conduct must have multiplied the proceedings; and (iii) the amount of the sanctions cannot exceed the costs occasioned by the objectionable conduct." *Id; citing McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir. 2001).

"28 U.S.C. § 1927 was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Id*; *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). In *Bernstein v. Boies, Schiller & Flexner, LLP*, this District granted monetary discovery sanctions against a plaintiff's counsel for its unreasonable and vexatious conduct that multiplied the proceedings in the case. *Bernstein v. Boies, Schiller & Flexner, L.L.P.*, 416 F. Supp. 2d at 1331 ("Furthermore, Defendants have had to expend time and funds on responding to each of Mr. Kleppin's unwarranted and misleading motions. Mr. Kleppin's conduct amounts to an abuse of the judicial process by conduct tantamount to bad faith.")

Plaintiff's counsel in this case has clearly and unnecessarily multiplied the proceedings in this largely uncomplicated matter by needlessly propounding irrelevant and duplicative discovery requests, in an attempt to thwart Defendant's counsel's ability to reasonably defend this matter.

At the May 6, 2026 discovery hearing, this Court briefly addressed the prior voluminous discovery requests, questioning:

> Help me understand why 112 just requests for production would be appropriate. And because 112 requests for production if they are duplicative, or unnecessary could have been well better written because that puts a burden on any Defendant or any recipient to have to go through and read them. Come up with objections to them. Meet and confer with you over 112 if there could have been fifty or thirty. So I need to hear from you why 112 is acceptable and I can tell you that it is an uphill battle because I cannot imagine why it would be necessary or appropriate in this case.

*See* May 6, 2026 Hearing Transcript, Tr. 31:25-32:9, attached as **Exhibit B**.

> I try to wrap my mind around why this case seems to may have discovery seems to have ballooned beyond what seems to be the very narrow issues that both parties agree that needs to be resolved in this case.

**Exhibit B**, Tr. 73:10-73:13 [sic]. This Court took Defendant's request for discovery sanctions under advisement and ultimately denied the request without prejudice providing: "To the extent Defendant still seeks sanctions against Plaintiff or Plaintiff's counsel, Defendant must file a separate motion for sanctions setting forth the basis and Defendant's requested relief." ECF No. 50.

Since this discovery hearing, Plaintiff's counsel has propounded two more sets of discovery requests on Defendant consisting of an additional 80 requests for production, 15 additional requests for admission, and additional interrogatories surpassing 25 with subparts, without leave of Court. Thus, currently, the grand total of discovery requests upon this Defendant amounts to: **<u>253 requests for admission</u>**, **<u>304 requests for production</u>** [2], and over 31 interrogatories with additional subparts. Although this Court has already questioned the necessity of even 112 requests for production (*less than half of what has now been propounded*), Plaintiff's counsel continues to engage in this practice of supplementing harassing voluminous discovery requests.

[2] Including *duces tecum* requests for production in the Notice of Deposition of Carnival's Corporate Representative.

Though Defendant has properly and timely responded to all of the requests propounded, the time and expense required to continuously respond and defend against these voluminous requests has been immense and burdensome. This is on top of the other required motion practice, investigation, and defense of this case. Further, many of these requests are not tailored to any potentially relevant information and in large part constitute baseless fishing expeditions seeking to harass Defendant.[3]

Additionally, Plaintiff's counsel has engaged the use of artificial intelligence to perpetuate this scheme of overburdening Defendant in the form of duplicative requests and extended discussion and demands through lengthy emails. (See examples of email correspondence received from Plaintiff's counsel regarding discovery, attached as **Composite Exhibit C**). This Court previously questioned Plaintiff's counsel's use of AI in discovery:

> Court: Now with respect to the issue of use of AI and use of duplicative – I believe the Defendants would say oppressive request for deposition and documents on topics and request for production.
>
> Plaintiff's Counsel: I mean, do I use that as tool? Yes. Is it the sole manner into which these things are created? Absolutely not. …
> … But as far as AI being a tool, yes, I am not going to argue that I don't use it, but it is not doing the work. It is the tool. The same way that I –
>
> Court: Have you reviewed the requests to yourself, weed out ones that were duplicative, or too broad for the scope of the claims and defenses in this case?
>
> Plaintiff's Counsel: I don't think that – I mean, I think that they were drafted with those things in mind.
>
> Court: Drafted by you?
>
> Plaintiff's Counsel: Yes, by me along with tools, but it is a scope and I work within the scope.

[3] During the Sept. 2, 2026 discovery hearing, this Court agreed with Defendant's objections and sustained in full or in part nearly all of the requests at issue. ECF No. 76.

**Exhibit B**, Tr. 76:22-77:22. Notwithstanding the representation made in open court, there are numerous discovery requests that were already investigated, responded to, and objected to, that Plaintiff's counsel continued to pursue. (See Defendant's Response to Third Request for Production, attached as **Exhibit D**, at Nos. 113, 116, 118, 119, 120, 121, 122, 123, 125, 126, 127, 128, 132, 133, 134, 136, 137, 138, 139, 141, 142, and 149 where Defendant had to incorporate and refer to prior specific discovery responses and objections). Thus, it is clear that either Plaintiff's counsel or Plaintiff's counsel's AI did not perform any due diligence to ensure the multitude of discovery requests were not improperly or needlessly duplicative or prior requests. Further, in the Plaintiff's Fourth Request for Production Plaintiff's counsel yet again seeks duplicative materials, and even references Defendant's prior responses and objections showing just how duplicative and frivolous the newly propounded requests are. Plaintiff's counsel should be stopped from continuing this outrageous pattern of discovery practice as it is oppressive, harassing, unduly burdensome, and entirely irrelevant to the underlying factual merits of this rather straightforward case. To allow Plaintiff's counsel to pursue each new conspiracy theory and fishing expedition would only serve to bring the Court farther from the actual claims and facts of this case, to address long and burdensome discovery disputes, and undermine the judicial process.[4]

By propounding these irrelevant, cumulative, and frivolous discovery requests, Plaintiff's counsel violates Fed.R.Civ.P. 26(g)(1)(B) in an attempt to cause unnecessary delay and needlessly increasing Defendant's cost in defending this matter. As Plaintiff's counsel violated this Rule, this Court "<u>must</u> impose an appropriate sanction on the signer, the party on whose behalf the signer

[4] For example, upon learning that one of the shipboard doctors had suffered a pulmonary embolism requiring his deposition to be rescheduled, Plaintiff's counsel pursued an aggressive course of discovery requests and argument that it must have been due to "drug abuse." This argument was ultimately abandoned when the Court confronted Plaintiff's counsel in open court and Plaintiff withdrew approximately 25 requests for production Defendant previously objected to. **Exhibit B**, Tr. 52:22-59:24.

was acting, or both" which may include an order to pay reasonable expenses, including attorney's fees. Fed.R.Civ.P. 26(g)(3)(emphasis added). As noted by the Eleventh Circuit, "[t]he decision whether to impose sanctions under Rule 26(g)(3) is not discretionary." *Fisher v. Carnival Corp.*, No. 24-CV-25022, 2025 WL 3905145, at *4 (S.D. Fla. Dec. 2, 2025)(*citing Chudasama v. Mazda Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997)). "Once the court makes the factual determination that a discovery filing was signed in violation of the rule it must impose an appropriate sanction." *Id*; *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1313 (11th Cir. 2011)(affirming award of attorney's fees as sanction and finding court did not err in deeming discovery requests overbroad, irrelevant, or redundant, and granting in part motion for protective order).

The Eleventh Circuit's opinion in *Chudasama v. Mazda Corp.* specifically admonished the use of "unbridled legal warfare" based on a "drawn-out discovery battle." *Chudasama*, 123 F.3d at 1357. In *Chudasama*, plaintiff served 121 numbered production requests with additional subparts. *Id* ("The production requests all but asked for every document Mazda ever had in its possession and then some."). In noting that several requests were additionally so vague and overbroad, the Eleventh Circuit reiterated the threat of abuse in the discovery process and the costs on the responding party:

> Although mechanisms for effective discovery are essential to the fairness of our system of litigation, *see generally* 6 James Wm. Moore et al., Moore's Federal Practice § 26.02 (3d ed.1997) (outlining beneficial purposes of discovery), they also carry significant costs, *see generally* Maurice Rosenberg, *Federal Rules of Civil Procedure in Action: Assessing Their Impact,* 137 U. Pa. L.Rev. 2197, 2204–05 (1989) (discussing costs and noting that in survey of 1000 judges, "abusive discovery was rated highest among the reasons for the high cost of litigation"). Discovery imposes several costs on the litigant from whom discovery is sought. **These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to**

> **interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged**. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system, scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Chudasama*, 123 F.3d 1353, 1367–68 (11th Cir. 1997) (emphasis added). While the Eleventh District in *Chudasama* addressed the excessiveness of 121 requests for production – and this Court addressed the excessiveness of 112 requests for production – Plaintiff's counsel here has propounded (so far) a total of **304 requests for production** directed to this Defendant alone, among a multitude of other discovery requests.

Thus, it is evident that Plaintiff's counsel has set off on the use of "unbridled legal warfare" with an added touch of AI, in an attempt to harass and distract Defendant from being able to fully defend the actual claims. *Chudasama*, 123 F.3d at 1357. Sanctions are warranted under 28 U.S.C. § 1927 as Plaintiff's counsel continues to willfully abuse the judicial process by engaging in needless and frivolous discovery practices, in bad faith. This Court should follow the ruling in *Bernstein v. Boies, Schiller & Flexner, LLP*, and similarly grant monetary sanctions against a Plaintiff's counsel for its unreasonable and vexatious conduct that multiplied the proceedings in the case. 416 F. Supp. 2d at 1331. Defendant therefore seeks entitlement to an award of sanctions to be determined by this Court and seeks an Order by this Court granting the Motion for Protective Order, and relieving Defendant from the burden of responding to Plaintiff's most recent discovery requests and any additional discovery requests.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court GRANT Defendant's Motion, award monetary sanctions against Plaintiff's counsel, enter a

protective order relieving Defendant from the obligation to respond to any additional discovery requests from Plaintiff, and for any further relief this Court deems just and proper.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

I hereby certify that counsel for the movant has conferred with Plaintiff's counsel via telephone conference on July 27, 2026, regarding the request sought within the instant Motion, who opposes the relief sought.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*
Charles J. Roussin
Florida Bar No. 1010409
*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some

other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

Michael A. Hoffman, Esq.
David W. Singer, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*