# COMPOSITE EXHIBIT "C"

**Ashley Genoese**

| | |
|---|---|
| **From:** | Michael A Hoffman <mahoffman@1800askfree.com> |
| **Sent:** | Monday, April 27, 2026 12:49 PM |
| **To:** | Ashley Genoese; Michael Drahos |
| **Cc:** | Nancy Dvorak; Charles Roussin; Cooper Jarnagin; Lilia R. Parker; Gabriela Estevez; liz@eazlaw.com; Team Liz; renee@eazlaw.com; DAVIDS SINGER |
| **Subject:** | Smith v. Carnival Corp., No. 1:25-cv-24611-DPG/DSW — (1) Follow-Up to April 24, 2026 L.R. 7.1(a)(3) Conference re 30(b)(6) Objections; (2) Effect of Plaintiff's Forthcoming Motion for Leave to File Second Amended Complaint on Outstanding Discovery Obje... |
| **Attachments:** | Smith - Motion for Leave to File Second Amended Complaint - final - for OC to confer.pdf; Smith v Carnival - Proposed Second Amended Complaint - final.pdf |

**This message originated outside of GrayRobinson.**

---

Ashley,

This email follows up on our Local Rule 7.1(a)(3) conference of Friday, April 24, 2026 regarding Carnival's April 14, 2026 Notice of Objections to Plaintiff's Corrected Notice of Fed. R. Civ. P. 30(b)(6) Deposition. It also addresses three additional items: (a) a development that materially affects Carnival's pending discovery objections — Plaintiff's contemporaneous Motion for Leave to File Second Amended Complaint; (b) Plaintiff's request for Carnival's stipulation, or in the alternative for a position the parties can present to the Court, to take the deposition of the Master of the Carnival Pride for the subject Voyage as an eleventh fact deposition; and (c) Plaintiff's L.R. 7.1(a)(3) conferral on the Motion for Leave. The four subjects are addressed in turn below. Each unresolved item is preserved for the discovery hearing scheduled for May 6, 2026 at 1:30 p.m. before Magistrate Judge Shaw-Wilder [D.E. 28; D.E. 30].

---

**I. Memorialization of the April 24, 2026 L.R. 7.1(a)(3) Conference**

Subject to your correction within 48 hours (silence will be treated as confirmation for purposes of the May 6, 2026 hearing and any motion practice under L.R. 26.1(g)(1)), the parties' positions following the April 24, 2026 conference are as follows.

**A. Matters Resolved.**

1. **First RFP No. 84.** Carnival acknowledged that its written response — "None other than what may be disclosed in Defendant's Privilege Log" — was entered in error and agreed to amend the response to remove the reference to a forthcoming privilege log. Please circulate the amended response.
2. **Duces Tecum No. 23.** Plaintiff has withdrawn the third-party audit/study/recommendation portion of DT No. 23. The balance of DT No. 23 remains in dispute.
3. **Un-objected Topics.** Carnival's 30(b)(6) representative will testify as to Topics 21, 48, 49, 52, 77–83, 100, 114, 117, 118, 120, 124, 126, 127, and 128.
4. **Deposition Logistics.** The parties continue to confer on the date, time, and location of the Rule 30(b)(6) deposition. Plaintiff's deposition notice and Carnival's objection to date, time, and

location are preserved pending the parties' further conferral. Please revert with Carnival's position on date, time, and location, including three mutually agreeable dates between May 19 and June 12, 2026, on or before Tuesday, April 28, 2026.

**B. Matters at Impasse or Under Review.**

1. **Travel Party / Stephanie Grimm Topics — Areas 23, 24, 25, and 102 through 107; Duces Tecum 50, 51, 52, 53, 54, and 55.** Carnival maintains its position that these items are irrelevant and disproportional on the asserted ground that there are "no allegations related to any criticisms of Plaintiff's family or traveling companions" in the operative pleading. *See* Notice of Objections served April 14, 2026, at Topics 24 and 25; D.E. 32-1. Plaintiff has explained the basis for relevance — Carnival's own Against Medical Advice form, produced at Bates GR000627, identifies the "Travelling With" notation ("Sister and other family members") and was executed at 23:28 on October 18, 2024, after the events alleged in connection with Plaintiff's discharge; Stephanie Grimm and Patty Grimm are formally designated fact witnesses on Plaintiff's Witness List [D.E. 31]; and the circumstances surrounding the procurement of the AMA form are directly responsive to Carnival's anticipated affirmative defense under that document. Plaintiff's position is preserved for the May 6, 2026 hearing. *See also* Section II below regarding the effect of the proposed Second Amended Complaint on this objection.
2. **Maharaj Fitness-for-Duty Topics.** Carnival maintains its objection to areas of inquiry directed to Defendant Maharaj's post-incident removal from the Carnival Pride and Carnival's subsequent fitness-for-duty evaluation of Defendant Maharaj. Plaintiff's position is that these topics are directly responsive to the negligent-hiring and negligent-retention counts and that the information was disclosed by Carnival only on March 19, 2026 (deposition of Plaintiff Michael Smith) and confirmed by Carnival's correspondence dated March 27, 2026. *See also* Section II below.
3. **HESS Procedures (Topic 26; Topic 37; the 38 Cross-Referenced Documents and All Associated Appendices).** Plaintiff's position is that Carnival must produce the full set of HESS procedures cross-referenced within Carnival's own April 14, 2026 production at Bates GR000430–GR000481, together with all appendices, attachments, detailed instructions, and associated documents referenced therein, in unredacted form as in effect during the subject Voyage. Plaintiff has demanded production of MED-3002, MED-3003, MED-3102, MED-3104-A1, MED-3104-A2, CCL-MED-3003-A4, and all remaining cross-referenced HESS items and appendices identified in Topic 37 of the Corrected 30(b)(6) Notice. Carnival's written objection states that this area of inquiry "would be better served [by] a supplemental discovery request"; Plaintiff is serving a supplemental request directed to those items concurrently and reserves the right to address the dispute at the May 6, 2026 hearing notwithstanding the supplemental request. During the April 24, 2026 conference, Carnival agreed to review all of the requested items and the associated appendices and to revert with Carnival's position on production, ideally in advance of the May 6, 2026 hearing. Plaintiff requests that Carnival's review be completed and Carnival's position communicated on or before Tuesday, April 28, 2026, so that any remaining dispute can be efficiently presented to Magistrate Judge Shaw-Wilder. Pending Carnival's response, no item is treated as resolved. Plaintiff's position on the entirety of the HESS items and appendices is preserved.
4. **Topic Consolidation Structure.** Plaintiff offered consolidations reducing the 129 Topics to approximately 75, in direct response to Carnival's General Objection citing *Dowdy v. Royal Caribbean Cruises, Ltd.*, No. 04-21340-CIV, 2005 WL 8154729 (S.D. Fla. May 11, 2005). Carnival rejected the consolidation structure as "unreasonable." Plaintiff's position is preserved.
5. **Date, Time, and Location of 30(b)(6) Deposition.** Open per Section I.A.4 above.

**C. L.R. 26.1(g)(1) Posture.** Carnival's Notice of Objections was served April 14, 2026. Plaintiff's deadline to file any Motion to Compel as to the unresolved items is **Thursday, May 14, 2026**. Plaintiff intends to file at or before that deadline absent voluntary resolution and reserves all rights pending the May 6, 2026 hearing.

---

## II. Effect of Plaintiff's Forthcoming Motion for Leave to File Second Amended Complaint on Carnival's Pending Discovery Objections

Concurrently with this email, Plaintiff is providing Carnival's counsel with a copy of Plaintiff's Motion for Leave to File Second Amended Complaint, the proposed Second Amended Complaint (Exhibit A), and a redline against the operative First Amended Complaint (Exhibit B), pursuant to S.D. Fla. Local Rule 15.1.

The proposed Second Amended Complaint adds, *inter alia*: (1) factual allegations at proposed paragraphs 19A through 19C, 20A through 20D, and 21 regarding the circumstances of Plaintiff's October 18, 2024 discharge from the Medical Center, including the verbal objections of members of Plaintiff's travel party (specifically Stephanie Grimm), the summoning of Carnival's security personnel to or near the Medical Center, the removal of objecting family members under threat or apprehension of removal by security, the procurement of the Against Medical Advice form from a non-relative travel companion, and Plaintiff's lack of decisional capacity at the time of discharge by reason of his undiagnosed acute cerebellar hemorrhagic stroke; (2) factual allegations at proposed paragraphs 54 through 56 and 59A regarding Defendant Maharaj's post-incident removal from the Carnival Pride and Carnival's subsequent fitness-for-duty evaluation; and (3) a new Count X for Negligent Discharge of an Incapacitated Passenger. The Motion is filed in advance of the July 7, 2026 fact discovery cutoff, the August 7, 2026 dispositive motion deadline, and more than seven months in advance of the December 14, 2026 trial date. The proposed amendment adds no new party and does not expand the scope of discovery beyond what is already at issue in the parties' April 24, 2026 conference.

The proposed amendment directly addresses the relevance ground asserted in Carnival's pending objections.

**A. Travel Party / Stephanie Grimm Topics (Areas 23, 24, 25, 102–107; DT 50–55).** Carnival's standing relevance objection is that there are "no allegations related to any criticisms of Plaintiff's family or traveling companions." The proposed Second Amended Complaint pleads those allegations directly, in the operative paragraphs identified above and in new Count X. Upon the granting of leave to amend, Carnival's relevance objection on this ground will be moot.

Plaintiff's position is therefore that Carnival should withdraw the relevance and proportionality objections to the Travel Party / Stephanie Grimm Topics and the corresponding Duces Tecum requests now, conditional on the granting of leave to amend, in order to (1) avoid duplicative motion practice on the same core issue; (2) permit the May 6, 2026 hearing to proceed on a narrower set of disputes; and (3) avoid Plaintiff's filing of a Motion to Compel that will be rendered substantially duplicative by the granting of leave to amend.

**B. Plaintiff's Second Request for Production (Served April 1, 2026; Responses Due May 1, 2026).** The same considerations apply to the Travel-Party-directed requests in Plaintiff's Second Request for Production — specifically, but not limited to, RFP Nos. 78 (booking, reservation, and confirmation

records for each Traveling Companion), 79 (linkage and grouping records), and 80 (boarding and embarkation records for each Traveling Companion). To the extent Carnival intends to assert a relevance or proportionality objection to those requests on the ground that there are "no allegations related to ... traveling companions," Plaintiff's position is that the granting of leave to amend will moot any such objection. Plaintiff requests that Carnival confirm whether it intends to assert such an objection in light of the proposed amendment, and if so, that the parties confer pursuant to L.R. 7.1(a)(3) on those objections in advance of the May 1, 2026 response deadline.

**C. Maharaj Fitness-for-Duty Topics.** The proposed Second Amended Complaint expressly pleads, at proposed paragraphs 54 through 56 and 59A, factual allegations regarding Defendant Maharaj's post-incident removal and fitness-for-duty evaluation as evidence supporting the negligent-hiring and negligent-retention counts. Upon the granting of leave to amend, any objection that these areas are outside the pleadings will be moot.

**D. Pending Motion to Dismiss [D.E. 16].** As stated in Section IV.C of the Motion for Leave, the proposed Second Amended Complaint adds the very factual content — Defendant Maharaj's post-incident removal and fitness-for-duty evaluation — that Carnival contends is missing from the negligent-hiring and negligent-training counts. Granting leave will moot Carnival's pending Motion to Dismiss [D.E. 16] upon filing.

**E. Plaintiff's Position.** Plaintiff requests that Carnival, on or before **Tuesday, April 28, 2026**, advise (1) whether Carnival will withdraw the relevance and proportionality objections identified in Sections II.A and II.C above conditional on the granting of leave to amend; and (2) whether Carnival intends to assert relevance or proportionality objections to Second RFP Nos. 78–80 on grounds that will be mooted by the granting of leave to amend. If Carnival declines to withdraw these objections in light of the proposed Second Amended Complaint, that position is preserved for the May 6, 2026 hearing, for any Motion to Compel filed pursuant to L.R. 26.1(g)(1), and for any application for fees and costs under Fed. R. Civ. P. 37(a)(5).

---

### III. Plaintiff's Request for Stipulation to Take Eleventh Fact Deposition — Master of the Carnival Pride for the Subject Voyage

Plaintiff intends to take the deposition of the Master of the Carnival Pride for the Voyage departing Baltimore on October 13, 2024 and returning October 20, 2024 (Cruise ID PR20241013007). The Master's testimony is independently relevant to the claims and defenses in this action and is not duplicative of Carnival's Rule 30(b)(6) testimony, including but not limited to the following subjects:

(a) the Master's role under Carnival's published representations that "[t]he Captain is notified immediately in order to confer with the physician about any need to change the course or speed of the ship or to communicate with the appropriate rescue agency";

(b) any communications between the Master and shipboard medical staff (including Defendant Maharaj) and/or Carnival's shoreside Fleet Medical Department concerning Plaintiff between October 18 and October 20, 2024;

(c) any consideration by the Master of vessel diversion, course change, speed change, or medical evacuation in connection with Plaintiff's condition;

(d) bridge logs, Captain's reports, voyage records, and navigation records of the Carnival Pride for October 18 through October 20, 2024 reflecting medical emergencies, consideration of diversion, or communications with medical staff regarding any passenger;

(e) the Master's role and authority in connection with the deployment of vessel security personnel to or near the Medical Center on October 18, 2024 and the resulting removal of members of Plaintiff's travel party; and

(f) the Master's role in the assessment, monitoring, and post-incident reporting concerning Defendant Maharaj's continued service aboard the Carnival Pride.

Plaintiff has previously taken or noticed the following depositions: Defendant Maharaj; Carnival's Rule 30(b)(6) corporate representative; Nurse Debra Dube, RN; Nurse Mduduzi Madonda, RN; Nurse Alan Acebu, RN; the Carnival shoreside Medical Director or designee; the Carnival shipboard Medical Center supervisor; the Carnival security officer(s) involved on October 18, 2024; the Carnival Guest Services representative(s) involved on October 18, 2024; and the Carnival Fleet Medical Department representative responsible for the post-incident fitness-for-duty evaluation of Defendant Maharaj. Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i), leave of court is required for any deposition that would result in more than 10 depositions being taken by Plaintiffs. *See* Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 26(b)(2).

Plaintiff requests that Carnival stipulate, in writing pursuant to Fed. R. Civ. P. 29, to Plaintiff's taking the deposition of the Master of the Carnival Pride for the subject Voyage as an eleventh fact deposition. The deposition will be limited in scope to the Master's percipient knowledge of the subjects identified above and will be taken at a mutually agreeable time, date, and location prior to the July 7, 2026 fact discovery cutoff.

Please advise on or before **Tuesday, April 28, 2026** whether Carnival will so stipulate. If Carnival declines to stipulate, Plaintiff will (1) raise the issue at the May 6, 2026 discovery hearing as an additional matter for the Court's consideration and direction, and (2) move for leave to take the deposition pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i) at or before the May 14, 2026 motion-to-compel deadline. Plaintiff's position on the relevance and necessity of the Master's deposition is preserved.

---

**IV. L.R. 7.1(a)(3) Conferral — Plaintiff's Motion for Leave to File Second Amended Complaint**

This Section IV is a separate and distinct conferral request under S.D. Fla. Local Rule 7.1(a)(3) on Plaintiff's Motion for Leave to File Second Amended Complaint.

Plaintiff intends to move the Court for leave to file the Second Amended Complaint provided herewith (Exhibit A), with redline (Exhibit B). The relief sought is set forth in Section I of the Motion. The proposed amendment (1) adds factual allegations regarding Defendant Maharaj's post-incident removal from the Carnival Pride and Carnival's subsequent fitness-for-duty evaluation, information first disclosed during Plaintiff's March 19, 2026 deposition and confirmed by Carnival's counsel on March 27, 2026; (2) adds

factual allegations regarding the circumstances of Plaintiff's October 18, 2024 discharge from the shipboard Medical Center, including the verbal objections and removal of members of Plaintiff's travel party and the procurement of the AMA form under circumstances in which Plaintiff lacked decisional capacity; and (3) adds a new Count X for Negligent Discharge of an Incapacitated Passenger. The Motion proceeds under Fed. R. Civ. P. 16(b)(4) and 15(a)(2). *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff seeks no new party and the case schedule is not disturbed.

Pursuant to L.R. 7.1(a)(3), please advise on or before **Tuesday, April 28, 2026** whether Carnival opposes, takes no position on, or does not oppose the relief sought. Plaintiff has not yet been able to confer with counsel for Defendant Maharaj on this Motion and will supplement the certification accordingly. Plaintiff intends to file the Motion promptly following Carnival's response, and in any event no later than **Tuesday, May 5, 2026**, to permit the Court adequate time to consider the Motion in advance of the May 6, 2026 discovery hearing and the May 14, 2026 motion-to-compel deadline.

---

I am available to confer further by telephone on any of the foregoing at your convenience this week. Please direct any response to me with copies to Gaby Estevez and Nancy Dvorak.

Thank you,

Michael

*Attachments:*

1. Plaintiff's Motion for Leave to File Second Amended Complaint
2. Exhibit A — Proposed Second Amended Complaint

Michael A. Hoffman, Esq
Fl Bar 89549
954-665-5290 (c)

MAHoffman@1800askfree.com
**David W. Singer & Associates, P.A.**
**1011 S. Federal Highway**
**Hollywood, FL 33020**
**954-920-1571 (o)**

**NOTICE: This e-mail message and any attachment to this e-mail message contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify us immediately by return e-mail. Please note that if this e-mail message contains a forwarded message or is a**

**Ashley Genoese**

| | |
|---|---|
| **From:** | Michael A Hoffman <mahoffman@1800askfree.com> |
| **Sent:** | Friday, April 24, 2026 12:32 PM |
| **To:** | Ashley Genoese |
| **Cc:** | Michael Drahos; Charles Roussin; Cooper Jarnagin; Lilia R. Parker; Gabriela Estevez; Nancy Dvorak; liz@eazlaw.com; Team Liz; renee@eazlaw.com; DAVIDS SINGER |
| **Subject:** | RE: 1:25-cv-24611-DPG Smith v. Carnival Corporation et al |
| **Attachments:** | Michael Smith v Carnival - Pre-Conference_Concessions and Consolidations_4.24.26 (1).pdf |

**This message originated outside of GrayRobinson.**

Please see attached for our 1:00 call.

# DAVID W. SINGER & ASSOCIATES, P.A.

*Attorneys at Law*

1011 South Federal Highway • Hollywood, Florida 33020
Telephone: (954) 920-1571 • Facsimile: (954) 926-5746

David W. Singer, Esq.
Michael A. Hoffman, Esq.

mahoffman@1800askfree.com
Florida Bar No. 89549


April 24, 2026

*Via Electronic Mail*

Ashley Genoese, Esq.
GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Ashley.Genoese@gray-robinson.com

**Re:** ***Michael Smith v. Carnival Corporation and Nikhil Maharaj, M.D.***
Case No. 1:25-cv-24611-DPG/DSW (S.D. Fla.)
1:00 p.m. 7.1 Conference Today — Plaintiff's Proposed Concessions re Defendant's Objections to Corrected Fed. R. Civ. P. 30(b)(6) Notice

Dear Ashley:

Ahead of our 7.1 conference at 1:00 p.m. today on Carnival's April 14, 2026 Objections to Plaintiff's Corrected Fed. R. Civ. P. 30(b)(6) Notice, I want to put Plaintiff's proposed concessions in writing so we can use the call to reach agreement efficiently and, to the extent any issues remain, build a clean record for the Court.

The concessions below are offered in the spirit of Fed. R. Civ. P. 1 and S.D. Fla. Local Rule 7.1(a)(3). They are offered as a package — Plaintiff reserves the right to withdraw any of them if Carnival does not engage substantively with the balance, or if the conference otherwise does not resolve the disputed objections.

## 1. Temporal Scope

Plaintiff will accept the following temporal narrowing:

**(a)** Duces Tecum No. 23 (reports, audits, and studies on stroke assessment protocols and shipboard medical screening tools): **Since January 2020 narrowed to Since January 2022.**

**(b)** Topic 60 and Duces Tecum Nos. 63, 67 (internal communications, incident reports, and operational records concerning Dr. Maharaj's departure from the vessel): **From departure through present narrowed to From departure through the later of (i) any fitness-for-duty clearance or (ii) the December 14, 2026 trial date.**

**(c)** Topic 21 and Duces Tecum No. 21 (corrective actions, policy changes, and training modifications implemented as a result of Plaintiff's care): **Indefinite narrowed to Through the October 7, 2026 pretrial motion deadline.** Plaintiff understands Carnival may object at trial under Fed. R. Evid. 407; the discoverability of the material under Rule 26(b)(1) is a separate question preserved for trial.

**(d)** For every objection premised on "exceeding the scope of the parties' prior 7.1 discovery agreements" — a phrase that appears in approximately 50 of the 152 objections — Plaintiff offers the following: **factual testimony limited to the Incident Period, October 13, 2024 through October 20, 2024**, consistent with the parties' prior agreement on First Request for Production Nos. 1–8. For policies, procedures, and training documents (HESS procedures and appendices), the period produced will be the period each document was in effect on October 18, 2024, which is by its nature continuing and not limited to the Incident Period.

## 2. HIPAA / Privacy Protections

Plaintiff accepts that Carnival's HIPAA objections may be addressed through appropriate protective measures, rather than outright refusal to respond. Plaintiff offers:

**(a)** Topics 63–68, 84 and Duces Tecum Nos. 59, 62, 65 (Dr. Maharaj's pre-employment physical, periodic recertifications, fitness-for-duty evaluations, and related medical records): Production and testimony subject to a **HIPAA-qualified protective order** pursuant to 45 C.F.R. § 164.512(e)(1). Plaintiff will agree to an "Attorneys' Eyes Only" designation for any records Carnival in good faith contends implicate clinical medical detail beyond what is required for Plaintiff's negligent hiring/retention theory.

**(b)** Topics 69–76 and Duces Tecum No. 60 (Dr. Maharaj's drug and toxicology testing records): Same protective order, with redaction of laboratory identifiers acceptable.

**(c)** Duces Tecum No. 19 (Dr. Maharaj's personnel file, Independent Contractor Agreement, Indemnity Agreement, and performance evaluations): **Confidential designation** under the Court's standard protective order. Plaintiff notes that portions of this file have already been produced (GR000489 [ICA]; GR000907–GR000912 [performance evaluations per Carnival's Second Supplemental Responses served 3/26/26]) without any protective order having been entered, so the sensitivity asserted here requires explanation.

**(d)** Duces Tecum No. 80 (personnel files for Nurses Dube, Madonda, Acebu): Confidential designation; home addresses, Social Security numbers, and non-work-related medical information may be redacted.

If Carnival would like Plaintiff to circulate a proposed stipulated protective order on these terms, please advise and I will do so today.

## 3. Deposition Logistics

**(a)** **Date.** The Notice's May 12, 2026 date was expressly invitational (see Notice p. 1, n.1). Plaintiff will accept three mutually agreeable dates between **May 19, 2026 and June 12, 2026**, provided (i) Carnival produces all responsive documents no fewer than fourteen (14) days in advance and (ii) any privilege log is served in the same 14-day window. Please propose three dates in that window at your earliest convenience.

**(b)** **Location.** Plaintiff will travel to Carnival's principal place of business in Miami-Dade County. Plaintiff will not accept a West Palm Beach location.

**(c)** **Topic Count.** Plaintiff will offer the consolidations described below, which reduce the 129 topics to approximately 75 without sacrificing any area of inquiry.

### 4. Topic Consolidation (re: *Dowdy v. Royal Caribbean*)

In response to Carnival's General Objection citing *Dowdy*, Plaintiff offers the following consolidations:

**Cluster 1 — HESS Procedures.** Topics 28 through 36 (each asking about a specific HESS procedure) collapsed into a single topic: "Carnival's policies and procedures identified in Duces Tecum Nos. 12, 13, 14, and 16, including their effective dates, content, and applicability during the Voyage." Topic 27 (stroke / neurological emergency assessment) retained as a distinct topic because it is central to Plaintiff's claims.

**Cluster 2 — Dr. Maharaj's Departure.** Topics 48, 49, 52, and 53 collapsed into a single topic: "The circumstances, timing, reason, and chronological sequence of Dr. Maharaj's removal or departure from the vessel, including every person involved, the sequence of notifications, and the written documentation of each." Topics 50, 51, 54, 55, and 56 retained.

**Cluster 3 — Pre-Employment and Ongoing Fitness.** Topics 63 through 68 collapsed into a single topic: "Carnival's pre-employment and ongoing fitness-for-duty requirements applicable to shipboard physicians generally, Dr. Maharaj's compliance, and the results of any such screenings or evaluations."

**Cluster 4 — Drug Testing.** Topics 69 through 76 collapsed into a single topic: "Carnival's drug and alcohol testing policy applicable to shipboard physicians, Dr. Maharaj's compliance, and the results of any testing administered to Dr. Maharaj from hire through the present, including the substance panel screened."

**Cluster 5 — Current Employment Status.** Topics 77 through 83 collapsed into a single topic: "Dr. Maharaj's current employment/engagement status with Carnival or any crewing agency, including any conditions, clearances, or restrictions on his future shipboard assignments."

**Cluster 6 — CCTV.** Topics 95 through 100 collapsed into two topics: (a) "CCTV systems aboard the *Carnival Pride*, including coverage, recording capability, retention schedule, and overwrite cycle"; (b) "All CCTV footage of Plaintiff and his Travel Party during the Voyage, and Carnival's compliance with Plaintiff's March 10, 2025 preservation demand."

**Cluster 7 — Nursing Staff.** Topics 113, 114, 115, 116, 117, 118, 121, 123, and 124 collapsed into two topics: (a) "Hiring, credentialing, and pre-employment vetting of Nurses Dube, Madonda, and Acebu"; (b) "Training, competency, and performance history of Nurses Dube, Madonda, and Acebu, including all HESS-required training." Topics 119, 120, 122, 125, 126, 127, 128, and 129 retained as distinct factual subjects.

## 5. Duces Tecum / Prior RFP Overlap

In response to Carnival's General Objection that the Duces Tecum improperly replicates Plaintiff's prior Requests for Production, Plaintiff offers:

For any duces tecum request that duplicates a prior RFP for which Carnival has already produced responsive material, Plaintiff will accept Carnival's prior production as the response to the duces tecum, subject to a **written certification from counsel** stating (i) the Bates range constituting the complete production responsive to that duces tecum request, and (ii) that no additional responsive documents exist within Carnival's possession, custody, or control. If Carnival is prepared to provide that certification within 14 days, Plaintiff will withdraw the duplicative requests.

Plaintiff expressly does **not** concede this point for the 38 HESS procedures identified in Duces Tecum Nos. 12, 13, 14, and 16, which are cross-referenced in Carnival's prior production (GR000430–GR000481) but were not themselves produced, nor for any request as to which Carnival has asserted privilege without serving a privilege log.

## 6. Expert Opinion / Attorney Work Product (General Objection)

**(a)** Topic 1 (Carnival's Answer and Affirmative Defenses): Plaintiff will **withdraw the legal-theory portion** and seek only the factual bases supporting each affirmative defense. *See Stoneeagle Servs., Inc. v. Pay-Plus Sols., Inc.*, 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015).

**(b)** Topics 5, 6, and 7 (Plaintiff's injuries and post-discharge treatment): Plaintiff will stipulate that the 30(b)(6) representative need not render medical opinions or diagnoses. The representative must, however, testify to Carnival's factual knowledge about Plaintiff's condition as reflected in Carnival's own records, communications, and internal information — this is distinct from expert opinion under Rule 26(a)(2).

## 7. Privilege Log

Plaintiff's offer on the privilege log is the shortest section of this letter because the issue is not negotiable as to the fact of a log. Plaintiff will accept, as a procedural accommodation:

**(a)** A **14-day deadline for initial service of a compliant Rule 26(b)(5)(A) log**, i.e., by Friday, May 8, 2026.

- **(b)** **Categorical logging will be acceptable if, and only if,** it is accompanied by a sworn declaration from defense counsel identifying (i) the number of documents per category, (ii) the custodians, (iii) the date range, and (iv) the specific privilege asserted per category.

Plaintiff cannot, however, accept as a response to a Rule 26(b)(5)(A) obligation the phrase "the request is too overly broad to prepare a Privilege Log." That formulation appears in Carnival's responses to First Request for Production Nos. 8, 64, 70, 71, 72, and in Objections to Duces Tecum Nos. 49 and 84. It is not a cognizable basis for withholding a log under Fed. R. Civ. P. 26(b)(5)(A), S.D. Fla. Local Rule 26.1(e)(2)(C), or any authority of which Plaintiff is aware. Carnival's response to First RFP No. 84 — "None other than what may be disclosed in Defendant's Privilege Log" — is an affirmative representation that a log is forthcoming; Plaintiff intends to hold Carnival to it.

If Carnival maintains that no log is required, please identify the authority Carnival relies on so Plaintiff can address it in the memorialization letter and, if necessary, in a Motion to Compel.

### 8. What Plaintiff Is Not Offering

So there is no ambiguity going into the call, Plaintiff is **not** prepared to concede the following:

- **(a)** Consolidation or narrowing of **Topic 27** (policies and procedures for suspected stroke, neurological emergencies, and acute neurological deficit assessment). This area of inquiry is central to Counts I, II, III, IV, V, VII, and VIII of the Amended Complaint.
- **(b)** Narrowing of **Duces Tecum No. 19** (Dr. Maharaj's personnel file). Count VI (negligent hiring and retention) requires this discovery, and Carnival's own Reply [ECF No. 20] acknowledges the "knew or should have known of the unfitness" element.
- **(c)** **Topic 22 and Duces Tecum No. 22** (prior incidents involving passengers or crewmembers with neurological symptoms suggestive of stroke who were not timely diagnosed or evacuated): Plaintiff will accept narrowing of the temporal scope from **five (5) years to three (3) years** (October 2021 through October 2024). Plaintiff offers **no** other narrowing and will not agree to limit this discovery to the *Carnival Pride* or to Spirit-class vessels. Notice and foreseeability are pleaded elements of Counts IV, V, VI, VII, and VIII of the Amended Complaint, and fleet-wide incident data is responsive to those elements. The relevant "condition or hazard" under *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682 (S.D. Fla. 2016), is the misdiagnosis and delayed evacuation of a passenger presenting with neurological symptoms — a condition not meaningfully limited to a vessel class.

**(d)** Exclusion of topics and document requests concerning **Stephanie Grimm, Patty Grimm, and Plaintiff's other Traveling Companions** (Topics 23–25, 102–107; Duces Tecum Nos. 50–55). Plaintiff's Fact Witness List [ECF No. 31] formally designates Stephanie Grimm and Patty Grimm as fact witnesses. Plaintiff's Amended Complaint ¶ 9 alleges that Carnival charged Plaintiff for medical services as a for-profit business. The relevance of these witnesses' contemporaneous observations and interactions is established by the pleadings and Plaintiff's formal witness designation.

**(e)** Acceptance of a "None" response to **Duces Tecum Nos. 24, 25, 43, and 44** (CCTV) without a sworn statement from Carnival regarding retention schedules, preservation compliance in response to Plaintiff's March 10, 2025 preservation letter, and the date on which each category of footage was overwritten.

**(f)** Deferral of **Topics 48 through 86** concerning Dr. Maharaj's removal from the vessel, fitness-for-duty evaluations, and current employment status.

**(g)** A **post-deposition privilege log**. The Notice's Document Production Deadline is clear on this point and consistent with the Federal Rules.

### 9. Summary and Request

The concessions above are offered in good faith and reduce the disputed objections materially. During our call, please advise whether Carnival accepts these concessions and, for any objection Carnival maintains, please identify (i) the specific rule or authority Carnival relies on, (ii) for any "prior 7.1 agreement" objection, the date and terms of the agreement Carnival is invoking, and (iii) Carnival's proposed alternative, if any.

I will memorialize the outcome of our call in a follow-up letter within 48 hours, which will also reflect any positions Plaintiff preserves for Motion to Compel under S.D. Fla. Local Rule 26.1(g)(1), for which the deadline runs 30 days from service of Carnival's April 14, 2026 objections, i.e., **Thursday, May 14, 2026**.

I look forward to speaking at 1:00 p.m.

Sincerely,

/s/ Michael A. Hoffman
**Michael A. Hoffman, Esq.**
Florida Bar No. 89549
*Counsel for Plaintiff Michael Smith*

**cc:** Michael J. Drahos, Esq. (*Michael.Drahos@gray-robinson.com*)
W. Cooper Jarnagin, Esq. (*Cooper.Jarnagin@gray-robinson.com*)
Charles J. Roussin, Esq. (*Charles.Roussin@gray-robinson.com*)
David W. Singer, Esq. (*dsingeresq@aol.com*)
Elizabeth Zwibel, Esq. (*liz@eazlaw.com*)

**Ashley Genoese**

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Sent:** Wednesday, April 29, 2026 3:24 PM
**To:** Ashley Genoese
**Subject:** nutshell for status conference
**Attachments:** Smith_v_Carnival_Status_Conf_Outline_04_29_26.docx

**This message originated outside of GrayRobinson.**

Hi Ashley,

Thought I would send this to you in advance of the conference for your reference. Please correct where I am mistaken...

Thank you,
Michael

**Michael A. Hoffman, Esq.**
FL Bar No. 89549
Law Firm of David W. Singer & Associates
1011 So. Federal Hwy
Hollywood, FL 33020
954-920-1571 Ph
954-665-5290 Cell
954-926-5746 Fax
MAHoffman@1800AskFree.com

# STATUS CONFERENCE OUTLINE

***Smith v. Carnival Corporation and Maharaj, M.D.***

Case No. 1:25-cv-24611-DPG/DSW (S.D. Fla., Miami Division)

Status Conference: April 29, 2026 at 3:30 p.m. (Zoom) — Magistrate Judge Detra Shaw-Wilder

*Purpose: Frame the May 6, 2026 Discovery Hearing — agreed items, disputed items, and pending motions*

## I. Posture and Proposed Framing for the Court

Plaintiff respectfully suggests the following framing for the conference: (1) confirm the May 6, 2026 hearing will address the discovery disputes set forth in the Joint Statement; (2) advise the Court of the matters the parties have **resolved** so the Court need not reach them; (3) advise the Court of the matters that **require the Court's ruling**; and (4) flag a discrete set of pleading and case-management developments that bear on the May 6 hearing — most importantly, Plaintiff's forthcoming Motion for Leave to File a Second Amended Complaint, which moots Defendant's pending Motion to Dismiss [ECF No. 16].

- Trial: December 14, 2026 [ECF No. 22]
- Fact discovery cutoff: July 7, 2026
- Motion to compel deadline under L.R. 26.1(g)(1): May 14, 2026
- Discovery hearing: May 6, 2026 (set by ECF No. 28)

## II. Key Developments Since the March 27, 2026 Status Conference

- **Plaintiff's Corrected 30(b)(6) Notice** served March 23, 2026.
- **Carnival's Notice of Objections** served April 14, 2026, objecting to 152 of the Notice's items (Areas of Inquiry and Duces Tecum combined).
- **L.R. 7.1(a)(3) conference** held April 24, 2026. Plaintiff served a written concession letter in advance and a memorialization letter the same day. The parties resolved certain disputes and identified those that require the Court's resolution.
- **Defendant Carnival's Motion for Status Conference, Protective Order, and Sanctions** filed April 21, 2026 [ECF No. 32]. Plaintiff opposes the relief sought. The substantive disputes raised by ECF No. 32 are subsumed within the disputes addressed in the Joint Statement for the May 6 hearing.
- **Plaintiff's Motion for Leave to File Second Amended Complaint** has been drafted, circulated to Carnival's counsel for L.R. 7.1(a)(3) conferral, and will be filed in advance of the May 6 hearing. The proposed Second Amended Complaint adds: (i) factual allegations regarding Dr. Maharaj's post-incident removal from the *Carnival Pride* and Carnival's subsequent fitness-for-duty evaluation (information withheld from Plaintiff until March 2026); (ii) factual allegations regarding the procurement of the AMA form

(Bates GR000627) and the circumstances of Plaintiff's discharge in an incapacitated state; and (iii) a new Count X for Negligent Discharge of an Incapacitated Passenger.

## III. Matters Resolved by the Parties (No Ruling Needed)

The parties have resolved the following items at the April 24, 2026 L.R. 7.1(a)(3) conference. Plaintiff respectfully advises the Court of these resolutions so the May 6 hearing can be focused on items that genuinely require the Court's attention:

### *A. Written Discovery*

- **First RFP No. 84.** Carnival will amend its response to remove the reference to a forthcoming privilege log, which Carnival's counsel represented was entered in error.
- **Duces Tecum No. 23.** Plaintiff has withdrawn the third-party audit/study/recommendation portion.
- **HESS Procedures (partial).** Carnival agreed, subject to final review, to produce HESS procedures MED-3002, MED-3003, MED-3102, MED-3104-A1, MED-3104-A2, and CCL-MED-3003-A4 in unredacted form as in effect during the subject Voyage.

### *B. 30(b)(6) Areas of Inquiry — No Objection*

- Carnival confirmed its 30(b)(6) representative will testify as to Topics **21, 48, 49, 52, 77–83, 100, 114, 117, 118, 120, 124, 126, 127, and 128**, which are not the subject of Carnival's April 14, 2026 objections.

### *C. Deposition Logistics*

- **Corporate Representative.** Deposition will proceed in person in Miami-Dade County. The parties are conferring on specific location and on three mutually agreeable dates between May 19 and June 12, 2026.
- **Dr. Maharaj.** Deposition, when scheduled, will be conducted in person.
- **Nursing Staff.** Carnival's counsel identified the current assignments of Nurses Acebu (*Carnival Forensic*, signing off on or about June 15, 2026), Dube (*Carnival Panorama*, boarding on or about June 6, 2026), and Madonda (currently ashore). The parties are working to schedule the Nursing Staff depositions in person.

## IV. Matters Requiring the Court's Ruling at the May 6, 2026 Hearing

The parties were unable to resolve the following ten disputes. Each is addressed in detail in the Joint Statement of Discovery Disputes for the May 6, 2026 hearing. Plaintiff summarizes them here for the Court's convenience.

### *A. Privilege Log*

**Plaintiff's position:** Carnival has asserted attorney-client privilege and work-product protection in responses to First Request for Production Nos. 8, 50, 51, 64, 70, 71, 72, and 84, and in

Objections to 30(b)(6) Duces Tecum Nos. 23, 49, and 84, but has not served a privilege log. Carnival's position that the requests are "too overly broad to prepare a Privilege Log" is not a cognizable basis for withholding a log. Plaintiff requests an Order directing Carnival to serve a compliant privilege log within 14 days, identifying each withheld document by date, author, recipient(s), subject matter, and the specific privilege asserted.

**Anchor:** Fed. R. Civ. P. 26(b)(5)(A); S.D. Fla. L.R. 26.1(e)(2)(C).

### *B. Temporal Scope of 30(b)(6) Inquiry*

**Plaintiff's position:** Carnival's objections invoke "the parties' prior 7.1 discovery agreements" without identifying date, terms, or substance. Plaintiff has offered a narrowed temporal scope: factual testimony limited to the Incident Period (October 13–20, 2024); policy and training inquiries limited to the period each policy was in effect on October 18, 2024. Carnival rejected this narrowing on relevance grounds. Plaintiff requests an Order setting a temporal framework for the corporate representative's preparation.

### *C. Topic 22 / Duces Tecum No. 22 — Prior Similar Incidents*

**Plaintiff's position:** Plaintiff originally sought five-year, fleet-wide discovery of prior incidents in which a passenger presented with neurological symptoms suggestive of stroke and was not timely diagnosed, evacuated, or disembarked. Plaintiff has offered a three-year narrowing. Notice and foreseeability are pleaded elements. The operative "condition or hazard" is the misdiagnosis and delayed evacuation of a passenger with neurological symptoms — a condition determined by Carnival's corporate-level medical protocols rather than any feature of a particular vessel class.

**Anchor:** Ree v. Royal Caribbean Cruises, Ltd., 315 F.R.D. 682 (S.D. Fla. 2016). Carnival is expected to rely on a paperless order in Dennis v. Carnival Corp. that Carnival's counsel referenced during the April 24, 2026 conference.

### *D. HESS Procedures — Items Not Yet Resolved*

**Plaintiff's position:** Carnival's April 14, 2026 production (Bates GR000430–GR000481) cross-references thirty-eight additional HESS procedures, appendices, and detailed instructions that were not produced. Carnival's Objection to Topic 37 stated that these items "would be better served [by] a supplemental discovery request," which Plaintiff has now served (Plaintiff's Third Request for Production). Carnival agreed to produce certain items (Section III.A above) but reserved decision on the balance.

### *E. Topic Consolidation*

**Plaintiff's position:** In direct response to Carnival's General Objection citing Dowdy v. Royal Caribbean Cruises, Ltd., Plaintiff has offered consolidations reducing the 129 Topics to approximately 75 without sacrificing any area of inquiry. Carnival agreed to testify as to certain un-objected Topics (Section III.B above) but rejected Plaintiff's consolidation structure as "unreasonable." Plaintiff requests an Order adopting the consolidations set forth in § 4 of

Plaintiff's April 24, 2026 concession letter or otherwise directing the parties to a final consolidated Topic list.

### *F. Travel Party / Stephanie Grimm Topics (Topics 23–25, 102–107; DT 50–55)*

**Plaintiff's position:** Plaintiff's Fact Witness List [ECF No. 31] formally designates Stephanie Grimm and Patty Grimm as fact witnesses. Carnival's own AMA form (Bates GR000627) identifies the accompanying passenger and witness, making the Travel Party's presence and interactions at discharge a matter of Carnival's own business records. Plaintiff seeks Carnival's records of Travel Party interactions with shipboard medical staff and security, and of family objections to the October 18, 2024 discharge decision, as directly relevant to the adequacy of the discharge and the circumstances under which the AMA form was executed.

### *G. Dr. Maharaj Departure and Fitness Topics (Topics 50, 51, 53–76, 84–86)*

**Plaintiff's position:** Count VI (Negligent Hiring and Retention) and Count VII (Negligent Training) require discovery of the circumstances of Dr. Maharaj's removal from the vessel, any pre-employment or in-service fitness evaluations, and post-removal fitness-for-duty assessments. Carnival's position that these Topics are not relevant because the events post-date the Incident is contrary to the pleadings and to Carnival's own acknowledgment of the "knew or should have known" standard in its Motion to Dismiss briefing [ECF No. 20]. The proposed Second Amended Complaint pleads these facts with even greater specificity. Plaintiff requests an Order directing Carnival to prepare its representative on these Topics, subject to a mutually agreeable protective order for medical records.

### *H. Topics 5, 6, and 7 — Scope of Internal Communications Regarding Plaintiff*

**Plaintiff's position:** The parties agree the representative will testify to Carnival's knowledge of Plaintiff's condition as reflected in Carnival's records and communications as reported. The parties disagree on the scope of "internal information" — Carnival's position is that internal communications regarding Plaintiff are "a little privileged"; Plaintiff's position is that internal communications about a passenger's medical care are not privileged absent a specific privilege claim documented on a privilege log. Plaintiff requests an Order either (i) directing Carnival to prepare its representative on internal communications concerning Plaintiff or (ii) directing Carnival to log any such internal communications withheld on a claim of privilege.

### *I. CCTV Retention and Preservation*

**Plaintiff's position:** Carnival has responded "None" to multiple requests for CCTV footage depicting Plaintiff. Plaintiff served a litigation hold and preservation demand on March 10, 2025. Carnival's counsel represented on April 24, 2026 that the preservation letter "came too late" for Incident Period footage. Plaintiff requests a sworn statement identifying (i) Carnival's CCTV retention and overwrite schedule for the Carnival Pride, (ii) the date by which each category of responsive footage was overwritten, and (iii) what, if anything, Carnival did to preserve responsive footage upon receipt of the March 10, 2025 demand. Plaintiff reserves all rights as to spoliation.

### *J. Written Certification of Completeness for Duces Tecum Duplicative of Prior RFPs*

**Plaintiff's position:** For the Duces Tecum requests that duplicate prior RFPs, Plaintiff offered to accept Carnival's prior production as the complete response subject to a written certification by Carnival's counsel identifying (i) the Bates range of the complete production responsive to that Duces Tecum request, and (ii) that no additional responsive documents exist. Carnival declined, taking the position that its April 14, 2026 responses are complete. Plaintiff requests an Order directing the certification, which costs Carnival nothing if its position is accurate.

## V. Defendant's Pending Motion for Protective Order and Sanctions [ECF No. 32]

On April 21, 2026 — three days before the parties' scheduled L.R. 7.1(a)(3) conference and after Plaintiff had already served a written concession letter narrowing the 30(b)(6) Notice — Carnival filed a Motion for Status Conference, Protective Order, and Sanctions [ECF No. 32]. Plaintiff opposes the Motion for the following reasons, which Plaintiff respectfully previews for the Court:

- **The Motion is duplicative of issues already before the Court for the May 6 hearing.** The relief Carnival seeks — protection from responding to the 30(b)(6) Notice and from producing a corporate representative on the noticed Topics — is the same relief that is the subject of Carnival's April 14, 2026 written objections and the Joint Statement.
- **The Motion was filed mid-conferral.** Plaintiff served the concession letter narrowing the 30(b)(6) Notice prior to ECF No. 32, and the parties conferred on April 24, 2026 — three days *after* Carnival filed its Motion. The conferral resolved a substantial number of items, demonstrating that the very negotiation Carnival's Motion sought to circumvent was bearing fruit.
- **Sanctions are not warranted.** Plaintiff's 30(b)(6) Notice is anchored to the pleaded counts and to the corporate-level conduct that this Court's case law on *Ree* and its progeny recognizes as discoverable. Plaintiff has consistently engaged in good-faith narrowing.
- **Plaintiff respectfully suggests** that ECF No. 32 be heard on the same May 6, 2026 calendar as the disputes set forth in the Joint Statement, so that the Court is not asked to rule on the same underlying objections in two separate postures.

## VI. Pleading Developments — Motion for Leave to File Second Amended Complaint

Plaintiff respectfully advises the Court of the following case-management developments that bear on the May 6 hearing and on the pending Motion to Dismiss [ECF No. 16]:

- **Forthcoming Motion for Leave.** Plaintiff has drafted and circulated to Carnival's counsel for L.R. 7.1(a)(3) conferral a Motion for Leave to File a Second Amended Complaint under Fed. R. Civ. P. 15(a)(2) and 16(b)(4).
- **Substance of the amendment.** The proposed Second Amended Complaint adds: (i) factual allegations regarding Dr. Maharaj's post-incident removal from the *Carnival Pride* and Carnival's subsequent fitness-for-duty evaluation — information disclosed for the first time on March 19, 2026 and confirmed in writing by Carnival's counsel on March 27, 2026; (ii) factual allegations regarding the procurement of the AMA form (Bates GR000627) and the calling of Carnival security to remove objecting members of the Travel Party from the Medical Center; and (iii) a new Count X for Negligent Discharge of an Incapacitated Passenger.
- **Good cause and timeliness.** The amendment-of-pleadings deadline of January 23, 2026 has passed. Good cause exists under Rule 16(b)(4) because the operative facts were withheld from Plaintiff until well after the deadline. The Motion is filed before the close of fact discovery (July 7, 2026), before the dispositive motion deadline (August 7, 2026), and more than seven months before trial.
- **Mootness of pending Motion to Dismiss [ECF No. 16].** Carnival's pending Motion to Dismiss challenges the sufficiency of the negligent-hiring and negligent-training counts. The proposed Second Amended Complaint pleads the very factual content (Maharaj's removal and fitness-for-duty evaluation) that Carnival contends is missing. Granting leave will moot ECF No. 16 upon filing and conserve judicial and party resources.
- **Effect on the May 6 hearing.** The disputes set forth in the Joint Statement are live under either the operative First Amended Complaint [ECF No. 10] or the proposed Second Amended Complaint. Plaintiff respectfully submits that the proposed amendment **reinforces** the relevance of the discovery at issue (in particular, the Travel Party Topics in Section IV.F and the Maharaj fitness Topics in Section IV.G) and does not require any continuance of the May 6 hearing or the case schedule.

## VII. Other Items Plaintiff Will Raise If the Court Wishes to Discuss Them

- **Discovery deadlines remain on track.** Plaintiff is not requesting any modification of the Scheduling Order [ECF No. 14-1] at this time. The May 14, 2026 motion-to-compel deadline under L.R. 26.1(g)(1) makes timely resolution of the May 6 hearing important.
- **Compulsory medical examinations.** Carnival has noticed CMEs for April 30, May 1, May 21, and May 22, 2026.
- **Mediation.** The parties have selected a mediator and noticed mediation [ECF No. 24].

## VIII. Plaintiff's Specific Asks of the Court Today

- Confirm that the May 6, 2026 hearing will address the disputes set forth in the Joint Statement.
- Confirm that Defendant's Motion for Protective Order and Sanctions [ECF No. 32] will be heard on the same May 6, 2026 calendar, so the Court is not asked to address the same underlying 30(b)(6) objections in two separate postures.
- Note Plaintiff's forthcoming Motion for Leave to File Second Amended Complaint and the resulting mootness of Carnival's Motion to Dismiss [ECF No. 16] upon filing.
- Provide any guidance the Court wishes to give regarding format, time allotment, or written submissions for the May 6 hearing.

---

## Ashley Genoese

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Sent:** Friday, May 1, 2026 6:11 PM
**To:** Ashley Genoese
**Cc:** Nancy Dvorak; Charles Roussin; Cooper Jarnagin; Lilia R. Parker; Gabriela Estevez; liz@eazlaw.com; Michael Drahos; Team Liz; renee@eazlaw.com; DAVIDS SINGER
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint
**Attachments:** Smith - FOR OC REVIEW- (REV) P Draft_Joint_Statement_5.6.26_Discovery_Hearing - FINAL.docx

**This message originated outside of GrayRobinson.**

Ashley,

Please see attached for your final review and signature. The draft you had sent was incomplete and did not have Plaintiff additional revisions.

Thank you,
Michael

---

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Sent:** Friday, May 1, 2026 5:59 PM
**To:** Michael A Hoffman <mahoffman@1800askfree.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

Please see attached revised Joint Statement. The only change is that the portion you intended to delete is now moved to “Defendant’s Position” in Section M. I also answered your question in the comment section.

If all else remains as to Defendant’s positions, you may file this jointly. I noticed that you have added additional paragraphs to several of “Plaintiff’s positions” which now Defendant will not be able to respond to. However, as the Court asked for a brief outline of the current discovery disputes, and the Joint Statement is already 15 pages long and growing with Plaintiff’s positions, we will save any additional argument against these newly added positions for the discovery hearing.

Thank you,
Ashley

**Ashley Genoese**
Senior Associate
**T** 561.268.5727
**F** 561.268.5745

GrayRobinson, P.A. ▪ Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401

GRAYROBINSON
ATTORNEYS | ADVISORS | CONSULTANTS

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

---

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Sent:** Friday, May 1, 2026 5:53 PM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

**This message originated outside of GrayRobinson.**

---

I agree to it be adding in a separate section. I had originally included it as a footnote but agree it is not just not right for that section.

OK?

---

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Sent:** Friday, May 1, 2026 5:43 PM
**To:** Michael A Hoffman <mahoffman@1800askfree.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

As mentioned in my prior email since you changed Defendant's positions unilaterally, you are not permitted to jointly file. I will revise the Joint Statement to include this argument in a separate section, it should not be unilaterally excluded.

Thank you,
Ashley

**Ashley Genoese**
Senior Associate

**T** 561.268.5727
**F** 561.268.5745

GrayRobinson, P.A. ▪ Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Sent:** Friday, May 1, 2026 5:32 PM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

**This message originated outside of GrayRobinson.**

---

Ashley,

I am finishing my final review of the Joint Statement. While the majority of the document is acceptable, I cannot agree to the inclusion of your proposed commentary within the "Background" section.

Under the Court’s practices, the Background section is reserved for objective facts and the current procedural posture of the case. The argumentative commentary regarding my "tactics"—particularly in light of the family emergency I disclosed to you earlier today—is not appropriate for that section. As such, I have rejected that specific insertion.

Regarding the method of preparation, the use of technology to synthesize a 129-topic discovery dispute into a manageable filing is a matter of professional efficiency and does not bear on the legal merits of the positions stated. I will be submitting the final Joint Statement to the Court this evening and will copy all counsel on the filing.

Thank you,

Michael

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Sent:** Friday, May 1, 2026 5:01 PM
**To:** Michael A Hoffman <mahoffman@1800askfree.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

Good afternoon,

As long as none of Defendant's portions are altered, and Plaintiff only revises its portions or adds to them, I do not need to see the final copy before sending to the Court.

We will otherwise be sending Defendant's hearing materials to the Court later this afternoon, and will copy Plaintiff's counsel on the correspondence.

Thank you,

Ashley


**Ashley Genoese**
Senior Associate

**T** 561.268.5727
**F** 561.268.5745

GrayRobinson, P.A. ▪ Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401


This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Sent:** Friday, May 1, 2026 4:47 PM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

**This message originated outside of GrayRobinson.**

Ashley,

Thank you for sending back. I will work on this evening and email to the Court and cc you.

Would you like to review it once I can make my revisions?

As stated earlier, I was not able to finalize and review before sending, but did not want to leave this to not be addressed today.

Kindly,
Michael

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Sent:** Friday, May 1, 2026 3:42 PM
**To:** Michael A Hoffman <mahoffman@1800askfree.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

Michael, please see attached Joint Statement with Defendant's additions, made in Track Changes.

Thank you,
Ashley

**Ashley Genoese**
Senior Associate

T 561.268.5727
F 561.268.5745

GrayRobinson, P.A. ▪ Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Sent:** Friday, May 1, 2026 2:25 PM
**To:** Michael A Hoffman <mahoffman@1800askfree.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez

<gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

Good afternoon Michael,

I need additional time to provide our responses, I am currently only on section H, and will provide this once completed.

Thank you,

Ashley

**Ashley Genoese**
Senior Associate

T 561.268.5727
F 561.268.5745

GrayRobinson, P.A. ▪ Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

---

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Sent:** Friday, May 1, 2026 1:00 PM
**To:** Michael A Hoffman <mahoffman@1800askfree.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** RE: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

Good afternoon Michael,

I am sorry to hear of your family emergency and hope all is well. I am currently working on adding Defendant's portions to the revised Joint Statement and will send back upon completion. I am aiming to have it back to you by or before 2:30pm. I do not believe a call is necessary as we are both adding in our own positions, unless you think otherwise.

Thank you,

Ashley

**Ashley Genoese**
Senior Associate

**T** 561.268.5727
**F** 561.268.5745

GrayRobinson, P.A. ▪ Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

---

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Sent:** Friday, May 1, 2026 10:43 AM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Gabriela Estevez <gestevez@1800askfree.com>; liz@eazlaw.com; Michael Drahos <Michael.Drahos@gray-robinson.com>; Team Liz <teamliz@eazlaw.com>; renee@eazlaw.com; DAVIDS SINGER <dsingeresq@aol.com>
**Subject:** Re: Smith v. Carnival Corp.; No. 1:25-cv-24611 — Refusal to Confer Prior to Discovery Hearing / Motion for Leave to File Second Amended Complaint

**This message originated outside of GrayRobinson.**

---

Good morning, Ashley,

Attached is an AI created joint statement. I have a family emergency I need to attend but anticipate being back in the office by 1:30. Please let me know if you will be free to discuss so we can prepare the joint statement for the court.

Thank you,
Michael

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:25-cv-24611-DPG/DSW

MICHAEL SMITH,
Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE,
and NIKHIL MAHARAJ, M.D.,
Defendants.
_________________________________/

**JOINT STATEMENT OF DISCOVERY DISPUTES FOR MAY 6, 2026 DISCOVERY HEARING**

*[DRAFT — Circulated by Plaintiff for Defendant's Input]*

Plaintiff MICHAEL SMITH and Defendant CARNIVAL CORPORATION, in accordance with the Court's April 9, 2026 Order Setting Discovery Hearing [ECF No. 28], jointly submit this Statement identifying the discovery disputes the parties respectfully request the Court address at the May 6, 2026 hearing.

## I. Background

This is a maritime personal-injury action arising from Plaintiff's care aboard the *Carnival Pride* on October 18, 2024, when Plaintiff presented with acute neurological symptoms and was diagnosed with "Hyperglycaemia, unspecified" and "Tinea Pedis" before disembarkation and emergency hospitalization for a cerebellar hemorrhagic stroke. The Amended Complaint [ECF No. 10] asserts eight counts against Carnival and the treating physician, Defendant Nikhil Maharaj, M.D. Trial is set for December 14, 2026 [ECF No. 22]; fact discovery closes July 7, 2026.

Plaintiff served a Corrected Fed. R. Civ. P. 30(b)(6) Notice on March 23, 2026. Carnival served Notice of Objections on April 14, 2026, addressing 152 of the Notice's items (Areas of Inquiry and Duces Tecum combined). The parties conferred pursuant to S.D. Fla. Local Rule 7.1(a)(3) on

April 21, 2026 and again on April 24, 2026. Plaintiff's counsel served a written concession letter in advance of the April 24 conference and memorialized the conference in a follow-up letter of the same date. Carnival's counsel responded by email of April 28, 2026, setting forth Carnival's final positions on the items conferred. The parties resolved certain disputes and identified those that require the Court's resolution.

## II. Disputes Resolved by the Parties

The parties report that the following matters have been resolved and require no ruling:

**A.** Carnival will amend its response to First Request for Production No. 77 to correct a scrivener's error in the last sentence of the response, which will be amended to read: "None." Carnival has confirmed that all other objections to RFP No. 77 remain in effect and that the amendment based on the scrivener's error does not constitute a reset of timeliness to raise objections under S.D. Fla. Local Rule 26.1(g).

**B.** Carnival has confirmed that it does not object to 30(b)(6) Duces Tecum Nos. 23 or 107. Plaintiff has withdrawn the third-party audit/study/recommendation portion of Duces Tecum No. 23.

**C.** Carnival has confirmed that it does not object to and will provide testimony as to the following 52 Areas of Inquiry: Topics 2–4, 9–23, 40–49, 52, 77–83, 88–89, 93–94, 100, 107–108, 110, 114, 117–118, 120, 124, and 126–128.

**D.** Carnival has agreed to produce HESS procedures MED-3002, MED-3003, MED-3102, and MED-3104 Appendices A1 through A5, in unredacted form as in effect during the subject Voyage, if in effect during the Incident. Carnival has further stated that it will review the additional policies identified in Plaintiff's Duces Tecum Nos. 12–14 to analyze relevancy and determine whether additional production will be made. Carnival has not agreed to produce any "associated appendices" beyond those expressly identified, and has stated that it does not agree to any extension of time beyond S.D. Fla. Local Rule 26.1(g). The parties' dispute as to the additional HESS items is set forth in Section III.D below.

**E.** Dr. Maharaj's deposition, when scheduled, will be conducted in person.

**F.** Carnival's counsel identified the current assignments of Nurses Acebu (*Carnival Forensic*, signing off on or about June 15, 2026), Dube (*Carnival Panorama*, boarding on or about June 6,

2026), and Madonda (currently ashore). The parties are working to schedule the Nursing Staff depositions in person.

### III. Disputes Requiring the Court's Ruling

The parties were unable to resolve the following disputes and respectfully submit them for the Court's resolution. For each dispute, Plaintiff's and Carnival's positions are stated in summary form. The parties will be prepared to argue each issue at the May 6, 2026 hearing.

#### A. Privilege Log

**Plaintiff's position:** Carnival has asserted attorney-client privilege and work-product protection in responses to First Request for Production Nos. 8, 50, 51, 64, 70, 71, 72, and 77, and in Objections to 30(b)(6) Duces Tecum Nos. 49 and 84. Carnival has not served a privilege log. Carnival's written formulation — "The request is too overly broad to prepare a Privilege Log" — is not a cognizable basis for withholding a log under Fed. R. Civ. P. 26(b)(5)(A) or S.D. Fla. Local Rule 26.1(e)(2)(C). Plaintiff requests an Order directing Carnival to serve a compliant privilege log within 14 days, identifying each withheld document by date, author, recipient(s), subject matter, and the specific privilege asserted.

**Carnival's position:** [to be provided by Carnival].

#### B. Temporal Scope of 30(b)(6) Inquiry

**Plaintiff's position:** Many of Carnival's objections invoke "the parties' prior 7.1 discovery agreements" without identifying the date, terms, or substance of any such agreement. Plaintiff has offered a narrowed temporal scope: factual testimony limited to the Incident Period (October 13–20, 2024) for factual matters, and the period each policy or procedure was in effect on October 18, 2024 for policy and training inquiries. Carnival has rejected this narrowing on the ground that temporal limitation does not resolve Carnival's relevance objections. Plaintiff requests an Order setting a temporal framework for the Corporate Representative's preparation.

**Carnival's position:** [to be provided by Carnival].

#### C. Topic 22 and Duces Tecum No. 22 (Prior Similar Incidents)

**Plaintiff's position:** Plaintiff seeks five-year, fleet-wide discovery of prior incidents in which a passenger presented with neurological symptoms suggestive of stroke and was not timely

diagnosed, evacuated, or disembarked. Plaintiff has offered a three-year narrowing. Notice and foreseeability are pleaded elements of Counts IV, V, VI, VII, and VIII. Under *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682 (S.D. Fla. 2016), the operative "condition or hazard" is the misdiagnosis and delayed evacuation of a passenger with neurological symptoms — a condition determined by Carnival's corporate-level medical protocols rather than any feature of a particular vessel class. Plaintiff requests an Order directing Carnival to prepare its 30(b)(6) representative on prior similar incidents fleet-wide for three years preceding the subject Voyage.

**Carnival's position:** [to be provided by Carnival]. Carnival is expected to rely on *Dennis v. Carnival Corp.* (a paperless order referenced by Carnival's counsel during the April 24, 2026 conference).

**D. HESS Procedures — Items Not Yet Resolved**

**Plaintiff's position:** Carnival's April 14, 2026 production (Bates GR000430–GR000481) cross-references thirty-eight additional HESS procedures, appendices, and detailed instructions that were not produced. Carnival's Objection to Topic 37 stated that these items "would be better served [by] a supplemental discovery request." Plaintiff has served that supplemental request concurrently with this Joint Statement. Carnival has agreed to produce certain items (identified at Section II.D above) and has stated it will review the additional policies identified in Duces Tecum Nos. 12–14 for relevancy. Carnival has not committed to production of the remaining items, including HESS appendices not expressly identified. Plaintiff requests an Order directing production of the HESS items not voluntarily produced.

**Carnival's position:** [to be provided by Carnival].

**E. Topic Consolidation**

**Plaintiff's position:** Plaintiff has offered consolidations reducing the 129 Areas of Inquiry to approximately 75 without sacrificing any area of inquiry, in direct response to Carnival's General Objection citing *Dowdy v. Royal Caribbean Cruises, Ltd.* Carnival has stated that it does not object to Plaintiff's consolidation structure procedurally but maintains that 75 Areas of Inquiry remains unreasonable. Plaintiff requests an Order adopting the consolidations set forth in § 4 of Plaintiff's April 24, 2026 concession letter or otherwise directing the parties to a final consolidated Topic list.

**Carnival's position:** [to be provided by Carnival].

**F. Travel Party and Stephanie Grimm Topics (Topics 23–25, 102–107; DT 50–55)**

**Plaintiff's position:** Plaintiff's Fact Witness List [ECF No. 31] formally designates Stephanie Grimm and Patty Grimm as fact witnesses. Carnival's own Against Medical Advice form, produced at Bates GR000627, identifies the accompanying passenger and witness — making the Travel Party's presence and interactions at discharge a matter of Carnival's own business records. Plaintiff seeks Carnival's records of the Travel Party's interactions with shipboard medical staff and security, and of family objections to the October 18, 2024 discharge decision, as directly relevant to the adequacy of the discharge and the circumstances under which the AMA form was executed.

**Carnival's position:** [to be provided by Carnival].

**G. Dr. Maharaj Departure and Fitness Topics (Topics 50, 51, 53–76, 84–86)**

**Plaintiff's position:** Count VI (Negligent Hiring and Retention) and Count VII (Negligent Training) require discovery of the circumstances of Dr. Maharaj's removal from the vessel, any pre-employment or in-service fitness evaluations, and post-removal fitness-for-duty assessments. Carnival's position that these Topics are not relevant because the events post-date the Incident is contrary to the pleadings and to Carnival's own acknowledgment of the "knew or should have known" standard in its pending Motion to Dismiss briefing [ECF No. 20]. Plaintiff requests an Order directing Carnival to prepare its representative on these Topics, subject to a mutually agreeable protective order for medical records.

**Carnival's position:** [to be provided by Carnival].

**H. Topics 5, 6, and 7 — Scope of Representative's Testimony Regarding Plaintiff's Injuries**

**Plaintiff's position:** The parties agree the representative will testify to Carnival's knowledge of Plaintiff's condition as reflected in Carnival's records and communications as reported. The parties disagree on the scope of "internal information" — Carnival's position is that internal communications regarding Plaintiff are "a little privileged"; Plaintiff's position is that internal communications about a passenger's medical care are not privileged absent a specific privilege claim documented on a privilege log. Plaintiff requests an Order either (i) directing Carnival to

prepare its representative on internal communications concerning Plaintiff or (ii) directing Carnival to log any such internal communications withheld on a claim of privilege.

**Carnival's position:** [to be provided by Carnival].

**I. CCTV Retention and Preservation**

**Plaintiff's position:** Carnival has responded "None" to multiple requests for CCTV footage depicting Plaintiff. Plaintiff served a litigation hold and preservation demand on March 10, 2025. Carnival's counsel represented on April 24, 2026 that the preservation letter "came too late" for Incident Period footage. Plaintiff requests a sworn statement identifying (i) Carnival's CCTV retention and overwrite schedule for the *Carnival Pride*, (ii) the date by which each category of responsive footage was overwritten, and (iii) what if anything Carnival did to preserve responsive footage upon receipt of the March 10, 2025 demand.

**Carnival's position:** [to be provided by Carnival].

**J. Written Certification of Completeness for Duces Tecum Requests Duplicative of Prior Requests for Production**

**Plaintiff's position:** For the Duces Tecum requests that duplicate prior Requests for Production, Plaintiff offered to accept Carnival's prior production as the complete response subject to a written certification by Carnival's counsel identifying (i) the Bates range of the complete production responsive to that Duces Tecum request, and (ii) that no additional responsive documents exist. Carnival declined to provide such certification, taking the position that its April 14, 2026 responses are complete. Plaintiff requests an Order directing the certification, which costs Carnival nothing if Carnival's position is accurate.

**Carnival's position:** [to be provided by Carnival].

**K. Corporate Representative Deposition — Location**

**Plaintiff's position:** Plaintiff originally noticed the corporate representative deposition for Fort Lauderdale and subsequently proposed Carnival's corporate office in Miami-Dade County. Carnival has rejected both proposed locations and has proposed only the GrayRobinson office in Miami-Dade County. The parties agree the deposition will proceed in person in Miami-Dade County but have been unable to agree on a specific location. Plaintiff requests that the Court enter

an Order setting the location, or, alternatively, directing the parties to a neutral third-party location in Miami-Dade County.

**Carnival's position:** [to be provided by Carnival].

**L. Deposition of the Master of the Carnival Pride**

**Plaintiff's position:** Plaintiff seeks the deposition of the Master of the *Carnival Pride* as relevant to the chain of command for medical evacuation and disembarkation decisions, which fall within the Master's ultimate authority under Carnival's own job description for Senior Ship Physician (Bates GR000686–GR000688). Carnival has declined to stipulate to a deposition beyond the ten-deposition limit of Fed. R. Civ. P. 30(a)(2)(A)(i) and has objected on the basis that the issue was not properly conferred under L.R. 7.1. Plaintiff submits that the issue has been raised in correspondence and is properly before the Court. Plaintiff requests leave under Rule 30(a)(2) to take this additional deposition.

**Carnival's position:** [to be provided by Carnival].

**IV. Other Matters**

The parties also note the pendency of (i) Defendant's Motion for Hearing, Status Conference, Motion for Protective Order and Sanctions [ECF No. 32], and (ii) Defendant's Motion to Dismiss [ECF No. 16].

Plaintiff intends to file a Motion for Leave to File a Second Amended Complaint, a draft of which has been circulated to Carnival's counsel for L.R. 7.1(a)(3) conferral. Carnival's counsel has indicated that Carnival requires additional time to review and consider the Motion for Leave and that Carnival will not withdraw any of its objections to discovery based on the operative complaint. Plaintiff submits that the discovery disputes set forth in Section III above are live under both the operative First Amended Complaint [ECF No. 10] and the proposed Second Amended Complaint, and that the proposed amendment will moot Defendant's Motion to Dismiss [ECF No. 16] upon filing.

The parties respectfully request that the Court address the disputes set forth in Section III of this Joint Statement at the May 6, 2026 hearing, and will defer to the Court on the treatment of any matters raised in Defendant's Motion [ECF No. 32] not otherwise addressed herein.

**DAVID W. SINGER & ASSOCIATES, P.A.**
1011 South Federal Highway
Hollywood, Florida 33020
Telephone: (954) 920-1571
Facsimile: (954) 926-5746

By: /s/ Michael A. Hoffman
**Michael A. Hoffman, Esq.**
Florida Bar No. 89549
mahoffman@1800askfree.com
adecasanova@1800askfree.com
**David W. Singer, Esq.**
Florida Bar No. 267764
dsingeresq@aol.com

*Counsel for Plaintiff*

**GRAY ROBINSON, P.A.**
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401

By: ______________________________
**Michael J. Drahos, Esq.**
Ashley Genoese, Esq.
michael.drahos@gray-robinson.com
ashley.genoese@gray-robinson.com

*Counsel for Defendant Carnival Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail on this _____ day of __________, 2026, to counsel identified in the Service List below.

/s/ Michael A. Hoffman
Michael A. Hoffman, Esq.

## SERVICE LIST

**Michael J. Drahos, Esq.**
**W. Cooper Jarnagin, Esq.**
**Ashley Genoese, Esq.**
**Charles J. Roussin, Esq.**
**GRAY ROBINSON, P.A.**
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
michael.drahos@gray-robinson.com
cooper.jarnagin@gray-robinson.com

ashley.genoese@gray-robinson.com
charles.roussin@gray-robinson.com
*Counsel for Defendant Carnival Corporation*

## Ashley Genoese

| | |
|---|---|
| **From:** | Michael A Hoffman <mahoffman@1800askfree.com> |
| **Sent:** | Thursday, July 9, 2026 12:46 AM |
| **To:** | Ashley Genoese |
| **Cc:** | Nancy Dvorak; Team Liz; David Singer; Marina Buckalew; Chris Qualmann; Michael Drahos; Cooper Jarnagin; Charles Roussin; Liz Zwibel; Dean Chase |
| **Subject:** | Re: Smith v. Carnival Corp., No. 1:25-cv-24611-DPG — S.D. Fla. L.R. 7.1(a)(3) Conferral: Defendant's June 29, 2026 Responses to Plaintiff's Third Request for Production — (I) Travel-Party Records; (II) Unproduced HESS Procedures; (III) Communication Recor |

**This message originated outside of GrayRobinson.**

Ashley,

Confirmed for Monday, July 13, at 3:00 PM. Given the 4:30 hard stop, below is the list you requested — each response number in dispute, what the request seeks, and the disposition Plaintiff seeks — grouped so we can move by category. Please come to the call with Carnival's position on each.

GROUP 1 — PRODUCTION REQUIRED (requests answered by objection only)

No. 114 — Bridge-to-medical and security-to-medical radio/telephone communications during the Incident Period (Oct. 18–20, 2024) concerning Plaintiff, the Travel Party, the response to the Medical Center, or the disembarkation. Produce or state none exist.

No. 115 — Ship-to-shore communications with the USCG, any Rescue Coordination Center, port agent, assistance company, telemedicine provider, or emergency-response coordinator during the Incident Period concerning Plaintiff's disembarkation. Produce or state none exist.

No. 117 — Call-detail and call-log records. Plaintiff accepts production limited to subsections (a), (e), and (f): the Medical Center, Cabin 4136, and the Travel-Party cabins, Incident Period only. Produce as narrowed.

No. 119 — Internal communications among the Master, Staff Captain, Hotel Director, Guest Services, Security, and HOC, October 18 – November 30, 2024. Plaintiff accepts production limited to communications referencing Plaintiff, the Travel Party, or the medical disembarkation. Produce as narrowed.

No. 120 — The native October 19, 2024 e-mails reflected in GR000913 (the Senior Ship Physician's ship-to-shore disembarkation traffic), with attachments, complete address fields, and metadata, plus related ship-to-shore traffic for the Incident Period and seven days after. GR000913 is a Care Team comment log with pasted e-mail text; it is not the e-mails. Produce the natives.

No. 124 — MRT Event Logs. Plaintiff narrows to entries for the Incident Period and any entry concerning Plaintiff. Produce as narrowed or state none exist.

No. 125 — The Master's and bridge command-log entries for the Incident Period referencing Plaintiff, the medical emergency, the disembarkation, any diversion or routing considered, or port-agent

coordination. The deck logs (GR000690–GR000906) were produced; the command-level logs were not. Produce.

No. 130 — End of Voyage Reports, voyage summaries, and operational-debrief documents referencing Plaintiff, a medical emergency, the disembarkation, or a patient-safety event. Produce or state none exist.

No. 131 — Communications with the port agent — ISS Shipping and Trenton Davis, both identified in Carnival's own disembarkation notice at GR000913 — or any other shoreside coordinator concerning the Baltimore disembarkation on or about October 20, 2024. Produce or state none exist.

GROUP 2 — UNPRODUCED HESS PROCEDURES

No. 145 — MED-3003 (Medical Response Team, parent procedure) and appendices CCL-MED-3003-A1 (MRT Announcement Procedure), A2 (Emergency Medical Response Algorithm), and A4 (MRT Event Log). Only A3 was produced (GR000929). Produce the remainder.

No. 147 — MED-3105 (Shoreside Information Resources) and MED-3105-DI1 (Telemedicine Guidance). Produce both.

No. 148 — MED-3802 (Patient Safety Events) and MED-3701 (Documentation Management). Produce both.

No. 149 — MED-3902-A1 through A5 (Shipboard Medical Staff Training & Competency appendices — note Carnival's objection describes A1, A2, A4, and A5 and says nothing about A3), and a date certain for the CCL-MED-3903-DI2 supplementation Carnival represents it is "currently searching" on. DI1-A1 was produced (GR000940).

GROUP 3 — RULE 34(b)(2)(C) STATEMENT REQUIRED (for each: identify the responsive production by Bates range, or state that none exist)

No. 113 — Audio recordings, voicemails, transcripts, and call summaries between the Vessel's medical staff (including the Senior Ship Physician) and HOC during the Incident Period concerning Plaintiff or his disembarkation.

No. 116 — Audio/radio communications between any Travel-Party member and any officer, crew, security, medical staff, or Guest Services during the Voyage.

No. 121 — Written communications between Vessel personnel and any Travel-Party member, October 13, 2024 forward.

No. 122 — Communications between Carnival and Patty Grimm or Eric Grimm, including any concerning payment, guarantee of payment, or financial responsibility for Plaintiff's treatment.

No. 123 — Complaints, comment cards, post-cruise surveys, Care Team communications, and customer-service tickets submitted by or on behalf of any Travel-Party member.

No. 126 — Security dispatch logs, incident reports, activity logs, and investigation reports for the Incident Period, including any response to the Medical Center, Cabin 4136, or a Travel-Party cabin.

No. 128 — Guest Services records, notes, tickets, and logs referencing Plaintiff, the Travel Party, or the disembarkation. (The vagueness objection quotes "Security being summoned . . . to the Medical Center" — language that appears nowhere in Request 128; it was carried over from Request 126.)

No. 132 — Records of Stephanie Grimm's interactions with medical staff, security, or Guest Services regarding Plaintiff's care, treatment, or discharge, including her objections to the discharge and any response by Vessel personnel.

No. 133 — Records of Travel-Party interactions with Vessel personnel concerning Plaintiff's care, treatment, or disembarkation.

No. 134 — Security's response to any family disturbance, objection, escalation, or removal in or near the Medical Center, October 18–20, 2024, including dispatch records, incident reports, body-worn-camera download records, witness statements, and post-incident reviews.

No. 136 — Statements taken from any Travel-Party member since October 18, 2024. Identify each by date and witness; serve a Rule 26(b)(5)(A) log for any withheld; note Rule 26(b)(3)(C) entitles each maker to his or her own statement.

No. 137 — The complete folio, sail-and-sign account, and onboard purchase history for each Travel-Party member, individually.

No. 138 — All charges, debits, credits, holds, pre-authorizations, and guarantee-of-payment entries associated with Plaintiff's medical treatment, including charges posted to any other passenger's folio on his behalf.

No. 139 — Wheelchair charges, rental fees, and equipment-loan agreements for Plaintiff or any Travel-Party member during the Voyage.

No. 141 — The booking contract, cruise ticket contract, and reservation record for each Travel-Party member.

GROUP 4 — CONFIRMATIONS THAT WILL RESOLVE REQUESTS IF GIVEN

No. 127 — Confirm whether the complete Daily Security Summary Watch Reports for October 18, 19, and 20, 2024 were produced, or only Plaintiff-specific extracts under Request 95. If the complete daily reports were not produced, produce them.

Nos. 135 and 143 — Confirm that "[a]s to any policies in effect during the subject voyage, upon information and belief, none" is a complete and definitive representation as to (135) policies, post orders, and training governing family or visitor objections in or near the Medical Center, and (143) policies governing collection, pre-authorization, or guarantee of payment as a condition of admission, treatment, observation, or continuation of care. Plaintiff will rely on those representations at deposition and trial.

No. 144 — Confirm that GR000921–GR000928 comprise the complete MED-3104-A1 through A5 in effect during the Voyage, and clarify the designation of GR000921, which is titled "Disembarkation Considerations" but bears the internal header MED-3104-A4 — the same designation as GR000926. Plaintiff will withdraw on confirmation.

No. 146 — Confirm that GR000930–GR000939 are the complete, unredacted MED-3002 (First Response and Triage) and MED-3102 (Patient Admission and Discharge) in effect during the Voyage. Plaintiff will withdraw on confirmation.

GROUP 5 — ELECTRONIC-RECORD AUDIT TRAILS

No. 129 — The SeaCare audit logs and audit trails for Plaintiff's chart (Patient ID W1Q3M9-4, GR000001–GR000046): user-access entries, record entries, modifications, edits, deletions, addendums, electronic-signature events, and exports. The produced chart itself contains two addendums entered October 20, 2024 (10:38 and 15:09), each marked "Update after case closed." GR000045–GR000046.

No. 142 — All AMA, refusal-of-treatment, consent, discharge, billing-acknowledgment, and financial-responsibility forms presented to Plaintiff or to Austin (AJ) Peterson during the Incident Period — all drafts, signed and unsigned versions, the signature audit trails, and any version reviewed or approved shoreside.

For both: confirm whether Carnival will produce the audit data, and confirm that all such data — including any data subject to periodic purge or retention cycles — is being preserved.

GROUP 6 — DR. RANTLERU (Nos. 150–155, as narrowed)

Plaintiff narrows these six requests to: Dr. Rantleru's medical licensure; board certifications; clinical-skills certifications (ACLS, BLS, ATLS); credentialing records; competency assessments; training and on-the-job-training records (including under CCL-MED-3903 and CCL-MED-3903-DI1-A1); records of his assignment to the Vessel; and any performance, complaint, investigation, or disciplinary records bearing on his clinical competency — subject to a confidentiality/protective order. State Carnival's position on the narrowed scope.

GROUP 7 — REQUEST 140

Casino-rewards, Players Club, and loyalty records for Plaintiff and Eric Grimm, including Plaintiff's use of Mr. Grimm's card — sought solely as location and functional-condition evidence during the Voyage. Plaintiff will confer on narrowing if Carnival articulates a specific burden.

OUTSTANDING ITEMS — please also come prepared on: (1) deposition scheduling — the witnesses' contract dates and availability, requested repeatedly for months without response; (2) my June 24 supplemental production request on the deck logs — the entry versions the produced print states are hidden, and any record identifying whether the October 18, 2024 six-minute paramedic entry relates to Mr. Smith.

Timing: as set out in my July 8 letter, the corporate representative deposition is currently set for July 22 and cannot proceed meaningfully without these documents. Plaintiff needs Carnival's positions on the call Monday and written confirmation by Tuesday, July 14 — supplemental responses and production by

July 17 (five days before the deposition), or Carnival's agreement to reschedule until production is complete. Absent one or the other, Plaintiff will request a discovery conference with Judge Shaw-Wilder.

Thank you,

Michael

---

**From:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>
**Date:** Wednesday, July 8, 2026 at 3:36 PM
**To:** Michael A Hoffman <mahoffman@1800askfree.com>
**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Team Liz <teamliz@eazlaw.com>; David Singer <dsingeresq@aol.com>; Marina Buckalew <marinab@1800askfree.com>; Chris Qualmann <chrisq@eazlaw.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; Liz Zwibel <liz@eazlaw.com>; Dean Chase <dchase@eazlaw.com>
**Subject:** RE: Smith v. Carnival Corp., No. 1:25-cv-24611-DPG — S.D. Fla. L.R. 7.1(a)(3) Conferral: Defendant's June 29, 2026 Responses to Plaintiff's Third Request for Production — (I) Travel-Party Records; (II) Unproduced HESS Procedures; (III) Communication Recor

Good afternoon,

I am available to confer on Monday July 13th from 3-4:30 PM with a hard cut off at 4:30pm for another meeting.

Prior to the call, please send a list of each specific response number that Plaintiff takes issue with so we can address properly as I will not have time to go one-by-one.

Thank you,
Ashley

**Ashley Genoese**
Senior Associate

T 561.268.5727
F 561.268.5745

GrayRobinson, P.A. ▪ Northbridge Centre, 515 N. Flagler Drive, Suite 650, West Palm Beach, Florida 33401

GRAYROBINSON
ATTORNEYS | ADVISORS | CONSULTANTS

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

---

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Sent:** Wednesday, July 8, 2026 1:06 PM
**To:** Ashley Genoese <Ashley.Genoese@gray-robinson.com>; Michael Drahos <Michael.Drahos@gray-robinson.com>; Cooper Jarnagin <Cooper.Jarnagin@gray-robinson.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>

**Cc:** Nancy Dvorak <ndvorak@1800askfree.com>; Team Liz <teamliz@eazlaw.com>; David Singer <dsingeresq@aol.com>; Marina Buckalew <marinab@1800askfree.com>; Chris Qualmann <chrisq@eazlaw.com>; Liz Zwibel <liz@eazlaw.com>; Dean Chase <dchase@eazlaw.com>
**Subject:** Smith v. Carnival Corp., No. 1:25-cv-24611-DPG — S.D. Fla. L.R. 7.1(a)(3) Conferral: Defendant's June 29, 2026 Responses to Plaintiff's Third Request for Production — (I) Travel-Party Records; (II) Unproduced HESS Procedures; (III) Communication Records;
**Importance:** High

**This message originated outside of GrayRobinson.**

---

Counsel,

First, I would like to ask why all requests to schedule the witnesses have gone without any response. It has been months with no response about when people are on or off contract, or available for depo.

Second, this letter confers under Local Rule 7.1(a)(3) regarding Defendant's June 29, 2026 responses to Plaintiff's Third Request for Production. Four categories are addressed. Each is confined to identified individuals or identified documents, the subject voyage or the Incident Period, and the precise subject matter the Court addressed at the May 6, 2026 hearing. As set out in Part V, resolution is required before the Rule 30(b)(6) deposition proceeds, because the duces tecum and the corporate representative's preparation obligation both presuppose a complete production. A blanket "not a narrowing" objection does not engage any of these requests, and statements that documents "do not exist" are factual representations, not objections — for each request below, please confirm in writing whether responsive documents exist and whether any are being withheld pursuant to objection. Fed. R. Civ. P. 34(b)(2)(C).

## I. TRAVEL-PARTY RECORDS (Requests 121–123, 127, 132–139, 141–142)

Defendant's position that materials "related to Plaintiff's traveling companions" have "no relevance to any of Plaintiff's claims" (Resp. No. 140) is foreclosed by Defendant's own filings and the hearing record, for four independent reasons.

**First, Defendant listed the companions as its own trial witnesses.** Defendant's Fact Witness List, served April 13, 2026, identifies Eric Grimm, Stephanie Grimm, Patty Grimm, Brittany Windhurst, and Austin Patterson (Nos. 3–7). Plaintiff's Fact Witness List [DE 31] likewise identifies each traveling companion. A party may not designate individuals as trial witnesses while withholding its own records concerning those individuals. Fed. R. Civ. P. 26(b)(1).

**Second, Defendant's Answer placed the companions' knowledge at issue.** Affirmative Defense H contends Plaintiff "either boarded the subject vessel with a pre-existing illness or medical condition that rendered him unfit to travel, and/or failed to seek timely medical treatment for his condition during the voyage." DE 49 at 8. Affirmative Defense I contends Plaintiff failed "to adequately communicate with medical professionals." DE 49 at 8. Defenses J and K plead the same themes. The onset timeline, Plaintiff's presentation, and the family's contemporaneous advocacy in the Medical Center are the direct subject matter of these defenses. Defendant cannot plead defenses built on the travel party's observations while withholding Carnival's records of its movement and interactions with that travel party.

**Third, Defendant itself attacked the onset timeline through the companions at the May 6 hearing.** Counsel argued: "So when Mr. Smith came to the medical center -- and again, this is the testimony of the traveling companion that he had been sick well over a day possibly too." Tr. at 45:1-3. Counsel conceded that "what went on in the medical center and the circumstances surrounding the AMA are definitely material to the case." Tr. at 50:3-6. The Court held: "If that is the fact, then it is relevant to a claim or a defense," Tr. at 48:13-14, and that the subject "may be a relevant issue that would be appropriate for discovery and for them to know what Carnival has on it, evidence wise." Tr. at 49:19-22. The Court read the Patty Grimm payment topic into the record. Tr. at 41:22-25.

**Fourth, Defendant's own production confirms these records exist and are searchable.** Defendant produced a narrative security incident log involving travel-party members Austin Paterson and Stephanie Grimm for a minor October 15, 2024 whirlpool matter (GR000920), together with iCare records and correspondence for Stephanie Grimm and Eric Grimm (GR000916–GR000919). Carnival plainly can run companion-name searches across its security and Guest Services systems. Yet for October 18–20, 2024 — the period in which security was summoned to the Medical Center regarding Plaintiff's family — Defendant offers a blanket objection and the representation that "[n]one other exist." Resp. No. 127. Plaintiff is entitled to test that representation and will do so at the Rule 30(b)(6) deposition.

The requests at issue are narrow: Nos. 121–123 (crew/Travel Party communications; Carnival–Patty Grimm payment communications; Travel Party complaints and Care Team tickets); No. 127 (Daily Security Summary Watch Reports, Oct. 18–20, 2024); Nos. 132–134 (Stephanie Grimm's Medical Center interactions; Travel Party interactions concerning care and disembarkation, and movements on board and on the gangway; Security's response to the family disturbance/removal); No. 136 (Travel Party statements); Nos. 137–139 (folio, payment-guarantee, and wheelchair-charge records); No. 141 (Travel Party booking/ticket contracts); and No. 142 (AMA and consent forms presented to Plaintiff or Austin (AJ) Peterson, with signature audit trails).

## II. UNPRODUCED HESS PROCEDURES (Requests 144–149)

Defendant's partial production concedes the category. Within the MED-3003 family alone, Defendant produced appendix A3 (GR000929) while withholding the parent procedure and appendices A1, A2, and A4. Each withheld document was requested by its exact title and control number because it is cross-referenced within Carnival's own HESS production (GR000430–GR000481) — precisely the "very narrow specific target request for production" the Court directed. Tr. at 40:6-11. The following ten documents remain outstanding:

MED-3003 (Medical Response Team, parent procedure);

CCL-MED-3003-A1 (MRT Announcement Procedure);

CCL-MED-3003-A2 (Emergency Medical Response Algorithm);

CCL-MED-3003-A4 (Medical Response Team Event Log);

MED-3105 (Shoreside Information Resources);

MED-3105-DI1 (Telemedicine Guidance); MED-3802 (Patient Safety Events);

MED-3701 (Documentation Management);

MED-3902-A1 through A5; and

CCL-MED-3903-DI2 (Medical Staff Professional Conduct), as to which Defendant represents it is "currently searching" — please provide a date certain for that supplementation.

The objection that "no Medical Response Team [was] initiated" assumes the answer to the central question: whether the Emergency Medical Response Algorithm and MRT procedures should have been activated for Plaintiff's presentation is what these procedures will establish. The objection that "no telemedicine consult [was] performed" likewise identifies the omission at issue — particularly where GR000913 reflects the Senior Ship Physician's October 19, 2024 ship-to-shore e-mail traffic concerning Plaintiff's disembarkation. And MED-3701 (Documentation Management) bears directly on Part IV below: it is Carnival's own policy governing the record-integrity and audit-trail data Defendant now contends is irrelevant.

**III. COMMUNICATION RECORDS (Requests 113, 117–120, 131)**

Defendant's response to Request 120 states the October 19, 2024 e-mails with Dr. Rantleru were "produced within GR000913." GR000913 is a Care Team comment log containing pasted e-mail text; it is not the e-mails. Please produce the native e-mails, with attachments, complete address fields, and metadata, as they are kept in the usual course. Fed. R. Civ. P. 34(b)(2)(E). Their existence likewise disposes of the objections to Requests 115 and 120 that ship-to-shore traffic is a "fishing expedition" — such traffic concerning this disembarkation demonstrably exists. As to Request 113, Defendant's statement that "upon information and belief, there are no responsive documents being withheld on the basis of privilege" does not state whether responsive recordings or logs exist; please confirm. As to Request 117, Plaintiff will accept production limited to subsections (a), (e), and (f) — call-detail records for the Medical Center, Cabin 4136, and the Travel Party cabins during the Incident Period — which bear directly on the payment-demand sequence the Court addressed. Tr. at 41:22-25; 42:3-6. As to Requests 118–119, Plaintiff will accept production limited to communications referencing Plaintiff, the Travel Party, or the medical disembarkation. As to Request 131, the request names the port agent, ISS Shipping, and Trenton Davis for a single disembarkation within a two-day window; "entirely new request" is not a relevance objection, and the Court expressly contemplated targeted follow-up requests. Tr. at 39:22-40:1.

**IV. ELECTRONIC-RECORD AUDIT TRAILS (Requests 129, 142)**

Defendant objects that Plaintiff "makes no claims related to any issues with electronic medical records." The record is otherwise. Defendant told the Court it "actually [has Plaintiff] signing a document at the time of this interaction with the ship's doctor that was co-signed by a family member," Tr. at 45:12-15, and the Court identified Plaintiff's position "that either the medical form was not properly signed, or didn't want to sign it, or didn't sign it for the right reasons" as relevant to a claim or defense. Tr. at 48:9-11; 48:13-14. The SeaCare audit trail for Plaintiff's chart (GR000001–GR000046) and the signature audit trail for the AMA and consent forms are the objective record of when each entry and signature was created, by whom, and whether any entry was modified. Please confirm whether Defendant will produce the audit data, and confirm that all such data — including any data subject to periodic purge or retention cycles — is being preserved.

**V. TIMING — RULE 30(b)(6) DEPOSITION**

The Court denied the prior motion to compel without prejudice expressly contemplating targeted follow-up production. Tr. at 39:22-40:1; 40:6-11. The Rule 30(b)(6) deposition cannot proceed meaningfully on the subjects above — which your client's representative must be prepared to address, Tr. at 46:10-11, 50:20-25 — without these documents. **Plaintiff requests: (1) supplemental responses and production no later than five (5) days before the corporate representative deposition (currently scheduled for July 22nd); or (2) Defendant's agreement to reschedule the deposition until production is complete**. Absent agreement by Tuesday, July 14, Plaintiff will seek relief from the Court, including an order compelling production and continuing the deposition.

Please provide your availability to confer this afternoon, tomorrow anytime, or Friday at 10am, or Monday after 3pm.

Thank you,

Michael