# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION and
NIKHIL MAHARAJ, M.D.,

Defendants.
______________________________/

**DEFENDANT, CARNIVAL CORPORATION'S RESPONSE TO**
**PLAINTIFF'S THIRD REQUEST FOR PRODUCTION**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby serves its Responses to Plaintiff's Third Request for Production.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2026, a copy of the foregoing was served via e-mail to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley N. Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
Charles J. Roussin
Florida Bar No. 1010409
*Michael.Drahos@Gray-Robinson.com*

*Cooper.Jarnagin@Gray-Robinson.com*
*Ashley.Genoese@Gray-Robinson.com*
*Charles.Roussin@gray-robinson.com*

*Attorneys for Defendant*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

Michael A. Hoffman, Esq.
David W. Singer, Esq.
David W. Singer & Assoc., P.A.
1011 South Federal Highway
Hollywood, FL 33020
Tel. (954) 920-1571
*dsingeresq@aol.com*
*mahoffman@1800askfree.com*

*Attorneys for Plaintiff*

**DEFENDANT'S RESPONSES TO THIRD REQUEST FOR PRODUCTION**

**GENERAL OBJECTION: Plaintiff was ordered by this Court to revise and narrow his discovery requests in accordance with the Court's rulings on the record during the May 6, 2026 discovery hearing. [ECF No. 39]. Specifically, upon Defendant's willingness to voluntarily provide additional HESS procedures this Court stated:**

> **"Perhaps a better way to do that is to have another request for production done for those specific documents." [Hearing Transcript ("Tr.") at 39:15-39:17].**
> **"So what I'm going to do is deny that motion to compel those documents without prejudice to you, Mr. Hoffman, following another request for production to the extent you think there are additional documents that should be produced. That count against the hundreds that have already been served." [Tr. at 39:22-40:1].**
> **"So with respect to item D on Page 6 of your joint statement, the HESS procedures, the Court is going to deny the motion to compel to Plaintiffs serving a very narrow specific target request for production only to additional documents *that you have already identified* that you are looking for in response." [Tr. at 40:6-40:11, emphasis added].**

**Incredulously, Plaintiff again propounds additional, wholly irrelevant requests for production, which are not narrowed but rather broadened, after being warned by this Court that several of his prior discovery requests were improper and having no relevancy to Plaintiff's claims: "I have read the complaint. I have read the answer. I do not see how the issues in this case need that number of topics for request for production." [Tr. at 31:9-31:11].**

**Further, by propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

113. All audio recordings, voicemails, transcripts, and call summaries of telephone, radio, satellite, or VOIP communications between any member of the Vessel's medical staff (including the Senior Ship Physician and the ship's physician) and HOC during the Incident Period, including any communication concerning Plaintiff or Plaintiff's medical disembarkation.

> **RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 6, 47, 49. Upon information and belief, there are no responsive documents being withheld on the basis of privilege. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

114. All audio recordings, voicemails, transcripts, and call summaries of bridge-to-medical, medical-to-bridge, security-to-medical, and medical-to-security radio or telephone

communications aboard the Vessel during the Incident Period, including any communication concerning Plaintiff, Plaintiff's Travel Party, the response to the Medical Center, or the medical disembarkation.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Notably there are no prior requests for production seeking any bridge or radio communications, thus this request constitutes an entirely new request for production.**

**Defendant further objects to this request as overly broad in scope seeking any communications whatsoever between various areas of the ship during the subject voyage, which is not limited in any way to Plaintiff or the subject incident, thus having no bearing on any of Plaintiff's claims, constitutes an improper fishing expedition, is unduly burdensome, and not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

115. All audio recordings, voicemails, transcripts, and call summaries of ship-to-shore communications between any member of the Vessel's crew, officers, or medical staff and the United States Coast Guard, any Rescue Coordination Center, any port agent, any assistance company, any telemedicine provider, or any emergency-response coordinator during the Incident Period, including any communication concerning Plaintiff's medical disembarkation.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Notably there are no prior requests for production seeking any communications with the US Coast Guard or Rescue Coordination Center, thus this request constitutes an entirely new request for production.**

**Defendant further objects to this request as vague and ambiguous as to "any port agent, any assistance company, any telemedicine provider, or any emergency-response coordinator," overly broad in scope seeking any communications which are not limited in any way to Plaintiff or the subject incident, thus having no bearing on any of Plaintiff's claims, constitutes an improper fishing expedition, is unduly burdensome, and not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").**

116. All audio recordings, voicemails, transcripts, and call summaries of telephone or radio communications between any member of Plaintiff's Travel Party and any officer, crewmember, security staff, medical staff, or Guest Services representative of the Vessel during the Voyage.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 86-88, 93-100. Upon information and belief, there are no responsive documents being withheld on the basis of privilege. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

117. All call logs, switchboard records, PBX records, telephone-billing records, and call-detail records reflecting incoming and outgoing telephone activity during the Incident Period for: (a) the Medical Center; (b) the Bridge; (c) Guest Services; (d) the Security office or station; (e) Cabin 4136; and (f) each cabin assigned to a member of Plaintiff's Travel Party.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Notably there are no prior requests for production seeking any bridge or cabin communications, thus this request constitutes an entirely new request for production.**

**Defendant further objects to this request as vague and ambiguous as to "switchboard records, PBX records, telephone-billing records…incoming and outgoing telephone activity," and "security office or station," overly broad in scope seeking any communications whatsoever between various areas of the ship during the subject voyage, which is not limited in any way to Plaintiff or the subject incident, thus having no bearing on any of Plaintiff's claims, constitutes an improper fishing expedition, is unduly burdensome, and not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

118. All written communications — including e-mails, text messages, MS Teams or Slack messages, ticketing entries, application-log entries, and chat messages — between any member of the Vessel's medical staff (including the Senior Ship Physician and the ship's physician) and HOC concerning Plaintiff, Plaintiff's medical condition, Plaintiff's treatment, or Plaintiff's medical disembarkation, from October 18, 2024 through November 30, 2024.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. This request further improperly broadens the time scope, not narrows, from any prior discovery requests. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 7, and 47. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

**Defendant further objects to this request as vague and ambiguous as to "MS Teams or Slack messages, ticketing entries, application-log entries, and chat messages," overly broad in scope time and scope, seeking materials after the subject voyage, is not proportional to the needs of this case, and constitutes an improper fishing expedition. *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)). Defendant further objects to the extent this request seeks documents protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).**

119. All internal Carnival written communications referencing Plaintiff, Plaintiff's Travel Party, or the medical disembarkation, including communications by and between the Senior Ship Physician, the ship's physician, the Master, the Staff Captain, the Hotel Director, Guest Services, Security, and the HOC, from October 18, 2024 through November 30, 2024.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. This request further improperly broadens the time scope, not narrows, from any prior discovery requests. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 7, 47, 86. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

**Defendant further objects to this request as overly broad in scope time and scope, seeking materials after the subject voyage, is not proportional to the needs of this case,**

**and constitutes an improper fishing expedition. *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).**

120. All satellite, VSAT, or other ship-to-shore e-mail traffic and messaging traffic concerning Plaintiff or Plaintiff's medical disembarkation during the Incident Period and the seven (7) days thereafter, including the Senior Ship Physician's October 19, 2024 communication regarding Plaintiff's medical disembarkation as referenced in Carnival's May 1, 2026 supplemental production.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Notably there are no prior requests for production seeking any satellite or VSAT communications, thus this request constitutes an entirely new request for production. This request further improperly broadens the time scope, not narrows, from any prior discovery requests. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 7, 47, 86. To the extent this request seeks the contents of the October 19, 2024 emails with Dr. Rantleru, the contents of these emails has been produced within GR000913. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

**Defendant further objects to this request as vague and ambiguous as to "satellite, VSAT, or other ship-to-shore e-mail traffic and messaging traffic," overly broad in scope time and scope, seeking materials after the subject voyage, is not proportional to the needs of this case, and constitutes an improper fishing expedition. *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Century Sur. Co. v. Lay*, No. 6:14-CV-14-ORL-41TBS, 2014 WL 12614497, at *5 (M.D. Fla. Oct. 2, 2014)(denying a motion to compel production of internal communications, finding that the party did not establish the communications were relevant and discoverable under Rule 26(b)).**

121. All written communications between any officer, crewmember, security staff, medical staff, or Guest Services representative of the Vessel and any member of Plaintiff's Travel Party, from October 13, 2024 through the present.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling, including broadening the time frame "through to present." To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 86, 87, 88, 93, 94, 99. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

122. All written communications between Carnival and Patty Grimm, from October 13, 2024 through the present, including any communication concerning payment, guarantee of payment, or financial responsibility for Plaintiff's medical treatment.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling, including broadening the time frame "through to present." To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 86, 87, 88, 93, 94, 99. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

123. All complaints, grievances, comment cards, post-cruise surveys, Care Team communications, customer-service tickets, and follow-up correspondence submitted by, or made on behalf of, any member of Plaintiff's Travel Party, from October 13, 2024 through the present.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling, including broadening the time frame "through to present." To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 86, 87, 88, 89. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

124. All Medical Response Team (MRT) Event Logs and MRT exercise or drill logs maintained by the Vessel during the Voyage.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials**

**requested in violation of this Court's ruling. Specifically there has been no request for any MRT Event Logs or documents in any prior requests for production.**

**Defendant further objects to this request as overly broad in scope seeking any materials during the subject voyage and not limited in any way to Plaintiff or the subject incident, thus having no bearing on any of Plaintiff's claims, constitutes an improper fishing expedition, and not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

125. All bridge logs, deck logs, Captain's logs, and Master's logs of the Vessel for the Incident Period, including all entries by the Master, the Staff Captain, or any officer of the watch referencing Plaintiff, the medical disembarkation, any medical emergency, any diversion or change of routing considered or undertaken, and any port-agent coordination concerning Plaintiff.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Specifically there has been no request for any documents by the Master or Staff Captain in any prior requests for production. Otherwise, Defendant has previously produced the deck logs for the subject voyage bates stamped as GR000690 through GR000906.**

**Defendant further objects to this request as vague and ambiguous as to "all entries," "or any officer," "any medical emergency," "any diversion or change of routing considered or undertaken," and "any port-agent coordination," overly broad in scope seeking materials which are not limited in any way to Plaintiff or the subject incident, thus having no bearing on any of Plaintiff's claims, constitutes an improper fishing expedition, and not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

126. All Security dispatch logs, Security incident reports, Security activity logs, and Security investigation reports for the Incident Period, including any record of Security being summoned to, dispatched to, or responding to the Medical Center, Cabin 4136, or any cabin assigned to a member of Plaintiff's Travel Party.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 95, 97. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

**Defendant further objects to this request as vague and ambiguous as to "Security being summoned to, dispatched to, or responding to the Medical Center," overly broad in scope seeking materials which are not limited in any way to Plaintiff or the subject incident, thus having no bearing on any of Plaintiff's claims, constitutes an improper fishing expedition, and not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

127. The Daily Security Summary Watch Reports, or equivalent daily security-activity report, for October 18, 19, and 20, 2024.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Defendant has already produced all security watch reports regarding Plaintiff and his traveling companions in response to Request for Production No. 95. None other exist. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

**Defendant otherwise objects to this request as overly broad in scope seeking security watch reports that have nothing to do with Plaintiff, Plaintiff's traveling companions, or the subject incident, thus having no bearing on any of Plaintiff's claims, constitutes an improper fishing expedition, and not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153,**

**2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

128. All Guest Services records, Guest Services notes, Guest Services tickets, and Guest Services logs referencing Plaintiff, any member of Plaintiff's Travel Party, or Plaintiff's medical disembarkation.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 87. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

**Defendant further objects to this request as vague and ambiguous as to "Security being summoned to, dispatched to, or responding to the Medical Center," overly broad in scope seeking materials which are not limited in any way to Plaintiff or the subject incident, thus having no bearing on any of Plaintiff's claims, constitutes an improper fishing expedition, and not proportional to the needs of this case. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

129. All SeaCare system audit logs and audit trails for Plaintiff's electronic medical record (Patient ID W1Q3M9-4, Bates GR000001–GR000046), including user-access entries, record entries, modifications, edits, deletions, addendums, electronic-signature events, and exports, from October 18, 2024 through the present.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Specifically, audit requests for materials previously produced wholly constitutes a new and separate request.**

**Defendant objects to the request as wholly an improper fishing expedition as Plaintiff makes no claims related to any issues with electronic medical records. The request is further overly broad in time and scope, seeking information after the subject voyage, unduly burdensome, and seeks information or materials which have absolutely no bearing on any of Plaintiff's claims, thus is not proportional to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

130. All End of Voyage Reports, End of Cruise Reports, voyage summaries, and operational-debrief documents for the Voyage that reference Plaintiff, any medical emergency, any medical disembarkation, or any patient-safety event.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Notably there are no prior requests for production seeking any voyage summaries or reports, or "operational-debrief documents," thus this request constitutes an entirely new request for production.**

**Defendant further objects to this request as overly broad in time and scope, seeking information after the subject voyage, unduly burdensome, and seeks information or materials which have absolutely no bearing on any of Plaintiff's claims, thus is not proportional to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

131. All communications with the port agent, ISS Shipping, Trenton Davis, or any other shoreside coordinator concerning the disembarkation of Plaintiff in Baltimore, Maryland, on or about October 20, 2024.

**<u>RESPONSE</u>: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Notably there are no prior requests for production seeking any communications with "ISS shipping, Trenton Davis, or any shoreside coordinator."**

**Defendant further objects to this request as overly broad in scope, vague and ambiguous as to "or any other shoreside coordinator," and seeks information and**

**materials of third parties that is as easily accessible to Plaintiff as to Defendant and is not proportional to the needs of this case.**

132. All records reflecting Stephanie Grimm's interactions with any member of the Vessel's medical staff, security staff, or Guest Services regarding Plaintiff's care, treatment, or discharge, including any verbal criticism of the Medical Center's decision to discharge Plaintiff, any objection, complaint, or request for Plaintiff to be observed in the Medical Center, and any response by Vessel personnel.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 86, 87, 88, 89, 95, 97, 98, 99, 100. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

133. All records reflecting interactions between any member of Plaintiff's Travel Party and any officer, crewmember, security staff, medical staff, or Guest Services representative of the Vessel concerning Plaintiff's care, treatment, or medical disembarkation.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 86, 87, 88, 90, 95, 97, 98, 99, 100. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

134. All records of Security's response to any alleged family disturbance, objection, escalation, or removal in or near the Medical Center on October 18, 19, or 20, 2024, including any dispatch record, incident report, body-worn-camera download record, witness statement, supervisor briefing, post-incident review, or follow-up communication.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 86, 95, 96, 97, 98. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

135. All policies, procedures, post orders, training materials, and operational guidance governing Carnival's handling of family or visitor objections in or near the Medical Center, including the protocol for summoning, dispatching, or escorting family or visitors away from the Medical Center.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling.**

**Defendant further objects to this request as overly broad in time and scope with no temporal limitation, vague and ambiguous as to "handling of family or visitor objections in or near the Medical Center, seeks materials which have are not limited to any relevant hazard, condition, or location to be relevant to Plaintiff's claims, thus is not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As to any policies in effect during the subject voyage, upon information and belief, none.**

136. All statements, recorded or written, taken from any member of Plaintiff's Travel Party by Carnival or any agent, investigator, security officer, medical staff member, insurer, or third-party representative of Carnival, from October 18, 2024 through the present.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objection and response to Request for Production No. 98. The requests are nearly identical. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

137. The complete shipboard folio, sail-and-sign account, and onboard purchase history for each member of Plaintiff's Travel Party for the Voyage, produced individually for each Travel Party member.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objection and response to Request for Production No. 82.**

**The requests are nearly identical. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

138. All records of charges, debits, credits, holds, pre-authorizations, or guarantee-of-payment entries associated with Plaintiff's medical treatment during the Voyage, including charges posted to Plaintiff's folio and charges posted to any other passenger's folio on Plaintiff's behalf.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 82, 83, 92. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

139. All records of wheelchair charges, wheelchair-rental fees, and wheelchair-equipment loan agreements applied to Plaintiff or any member of Plaintiff's Travel Party during the Voyage.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objections and responses to Request for Production Nos. 82, 83. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

140. All casino-rewards, Players Club, and onboard-loyalty records for Plaintiff and Eric Grimm associated with the Voyage, including all records reflecting Plaintiff's use of Eric Grimm's casino-rewards card or account.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling.**

**Defendant further objects to this request for materials related to Plaintiff's traveling companions as having no relevance to any of Plaintiff's claims, notably as there are no allegations concerning any issue related to Plaintiff's traveling companions, thus is not proportional to the needs of this case, nor has any bearing on Plaintiff's claims in this case and serves as an improper fishing expedition. Any casino rewards, players club, or loyalty records for Plaintiff and a traveling companion can have absolutely no bearing on Plaintiff's claims. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL**

**13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.").**

141. The booking contract, cruise ticket contract, and reservation record for each member of Plaintiff's Travel Party for the Voyage.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. To the extent applicable, Defendant hereby incorporates prior objection and response to Request for Production No. 78. The request is nearly identical in substance. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

142. All Against Medical Advice (AMA) forms, refusal-of-treatment forms, consent forms, discharge instructions, billing-acknowledgment forms, financial-responsibility forms, and any other document presented to Plaintiff or to Austin (AJ) Peterson for signature in the Medical Center during the Incident Period, including all drafts, signed and unsigned versions, signature audit trails, and any version reviewed, signed off, or approved shoreside.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Specifically, audit requests for materials previously produced wholly constitutes a new and separate request. To the extent applicable, Defendant hereby incorporates prior objection and response to Request for Production No. 90. The request is nearly identical in substance. By propounding duplicative discovery requests, Plaintiff attempts to circumvent the untimeliness argument addressed by this Court during the discovery hearing to reset the time for raising objections, wholly ignoring the discovery rules of procedure.**

**Defendant objects to the request for audit documents as wholly an improper fishing expedition as Plaintiff makes no claims related to any issues with electronic medical records. The request is further overly broad in time and scope, seeking information after the subject voyage, unduly burdensome, and seeks information or materials which have absolutely no bearing on any of Plaintiff's claims, thus is not proportional to the needs of this case. *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters.*, No. 06-cv-1278-T-24TBM, 2006 WL**

**4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

143. All policies, procedures, post orders, training materials, and operational guidance governing Carnival's collection of payment, pre-authorization of payment, or guarantee of payment as a condition precedent to admission, treatment, observation, or continuation of care in the shipboard Medical Center.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As to any policies in effect during the subject voyage, upon information and belief, none.**

144. The complete and unredacted version of each of the following appendices to MED-3104 — Medical Disembarkation, in effect during the Voyage, each of which is cross-referenced within Carnival's HESS production (Bates GR000430–GR000481) but was not produced: (a) MED-3104-A1 — Disembarkation Considerations; (b) MED-3104-A2 – Disembarkation Categories; (c) MED-3104-A3 — USCG Medevac Checklist; (d) MED-3104-A4 — USCG Rescue Coordination Centers Contact Details; (e) MED-3104-A5 —Workflow for Disembarkation with Potential Operational Disruption.

**RESPONSE: Defendant objects to this request to the extent it improperly assumes that Defendant withheld policies that were relevant to prior discovery requests and/or that all policies cross-referenced within the policies produced are responsive to the prior discovery requests and/or relevant to the subject claims.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See the above noted policies in effect during the subject voyage, bates stamped as GR000921 through GR000928.**

145. The complete and unredacted version of MED-3003 — Medical Response Team, and each of the following appendices thereto, in effect during the Voyage, each of which is cross-referenced within Carnival's HESS production (Bates GR000430–GR000481) but was not produced: (a) CCL-MED-3003-A1 — MRT Announcement Procedure; (b) CCL-MED-3003-A2 — Emergency Medical Response Algorithm; (c) CCL-MED-3003-A3 — First Response Treatment Guidelines; (d) CCL-MED-3003-A4 — Medical Response Team Event Log.

**RESPONSE: Defendant objects to this request to the extent it improperly assumes that Defendant withheld policies that were relevant to prior discovery requests and/or that all policies cross-referenced within the policies produced are responsive to the prior discovery requests and/or relevant to the subject claims. Defendant further objects to this request as there was no Medical Response Team initiated for Plaintiff thus any policies and procedures related to same can have no bearing on any of Plaintiff's claims and are nor proportional to the needs of this case.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See CCL-MED-3003-A3 in effect during the subject voyage, bates stamped as GR000929.**

146. The complete and unredacted version, in effect during the Voyage, of each of the following HESS procedures cross-referenced within Carnival's HESS production (Bates GR000430–GR000481) but not produced: (a) MED-3002 — First Response and Triage; (b) MED-3102 — Patient Admission and Discharge from the Medical Center.

**RESPONSE: Defendant objects to this request to the extent it improperly assumes that Defendant withheld policies that were relevant to prior discovery requests and/or that all policies cross-referenced within the policies produced are responsive to the prior discovery requests and/or relevant to the subject claims.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See the above noted policies in effect during the subject voyage, bates stamped as GR000930 through GR000939.**

147. The complete and unredacted version, in effect during the Voyage, of MED-3105 — Shoreside Information Resources, and its detailed instruction MED-3105-DI1 — Telemedicine Guidance, each of which is cross-referenced within Carnival's HESS production (Bates GR000430–GR000481) but was not produced.

**RESPONSE: Defendant objects to this request to the extent it improperly assumes that Defendant withheld policies that were relevant to prior discovery requests and/or that all policies cross-referenced within the policies produced are responsive to the prior discovery requests and/or relevant to the subject claims. Defendant further objects to this request as there was no telemedicine consult performed for Plaintiff thus any policies and procedures related to same can have no bearing on any of Plaintiff's claims and are nor proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

148. The complete and unredacted version, in effect during the Voyage, of each of the following HESS procedures cross-referenced within Carnival's HESS production (Bates GR000430–GR000481) but not produced: (a) MED-3802 — Patient Safety Events; (b) MED-3701 — Documentation Management.

**<u>RESPONSE</u>: Objection. Defendant objects to this request as not limited to any similar hazard, condition, or location to be relevant to Plaintiff's claims, and thus is not proportional to the needs of this case and constitutes an improper fishing expedition. Specifically, the requested policies refer to general internal document recording and there are no allegations within the Complaint that there were any issues with medical record documentation onboard the subject voyage. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

149. The complete and unredacted version, in effect during the Voyage, of MED-3902 — Shipboard Medical Staff Training & Competency, and each of the following appendices and detailed instructions thereto, each of which is cross-referenced within Carnival's HESS production (Bates GR000430–GR000481) but was not produced: (a) MED-3902-A1 through MED-3902-A5; (b) CCL-MED-3903-DI1-A1 — Medical Staff on the Job Training Checklist; (c) CCL-MED-3903-DI2 — Medical Staff Professional Conduct.

**<u>RESPONSE</u>: Objection. Defendant objects to this request as not limited to any similar hazard, condition, or location to be relevant to Plaintiff's claims, and thus is not proportional to the needs of this case and constitutes an improper fishing expedition. Specifically, as provided in MED-3902 previously produced, A1 and A2 are templates for "documenting, learning and, reflection" and A4 and A5 discuss how to facilitate a professional development meeting. These general procedures regarding professional development have no bearing on any of Plaintiff's claims nor the medical care and treatment of Plaintiff in this matter, thus are not proportionate to the needs of this case. Defendant further objects to this request as there was no Medical Response Team initiated for Plaintiff thus any policies and procedures related to same can have no bearing on any of Plaintiff's claims and are nor proportional to the needs of this case.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Defendant is currently searching to determine whether CCL-MED-3903-D12 was in effect during the subject voyage and will provide an objection or response upon receipt. Otherwise, see CCL-MED-3903-DI1-A1, in effect during the subject voyage, bates stamped as GR000940.**

150. The complete personnel file of Dr. L. Rantleru maintained by Carnival or any of its parents, subsidiaries, affiliates, or agents, including all human-resources records, employment records, performance records, contract records, training records, and corrective-action records.

**RESPONSE: Defendant objects as this request does not constitute a narrowing of any previously propounded discovery request and instead broadens the scope of materials requested in violation of this Court's ruling. Specifically, there were no prior requests for production related to Dr. L. Rantleru.**

**Defendant further objects to this request as overly broad in time and scope, unduly burdensome in seeking Carnival to produce materials from third parties, not limited in any way to Plaintiff's claims specifically as this Court has dismissed Plaintiff's claims for negligent hiring and retention and negligence of shoreside personnel, and Dr. L. Rantleru provided no medical care and treatment to Plaintiff while onboard the subject vessel. Defendant further objects to the production of this individual's personnel file as an improper invasion of privacy of the individual containing sensitive and personal information that has no relevancy to Plaintiff's claims and constitutes an improper fishing expedition. *Regan–Touhy v. Walgreen Co*., 526 F.3d 641, 648 (10th Cir. 2008) ("[P]ersonnel files often contain sensitive personal information ... it is not unreasonable to be cautious about ordering their entire contents disclosed willy nilly."); *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"); *Awad v. CiCi Enters*., No. 06-cv-1278-T-24TBM, 2006 WL 4824477, *1 (M.D. Fla. 2006) (emphasizing that "the scope of discovery is not without limits" and that "discovery is not a fishing expedition").**

151. All employment contracts, contract addenda, contract extensions, letters of appointment, and shipboard assignment orders between Carnival and Dr. L. Rantleru, including all records reflecting his assignment to the Vessel during the Voyage and all prior shipboard assignments aboard any Carnival vessel during the three (3) years preceding the Voyage through the present.

**RESPONSE: See Defendant's Objection to Request for Production No. 150, above.**

152. All employment applications, curricula vitae, professional references, letters of recommendation, pre-employment screening records, and background-check results for Dr. L. Rantleru, including all records reflecting Carnival's verification of professional history, prior employment, and prior maritime medical practice.

**RESPONSE: See Defendant's Objection to Request for Production No. 150, above.**

153. All medical licensure, board certifications, ACLS, BLS, ATLS, and other clinical-skills certifications, continuing medical education records, professional liability insurance records,

and credentialing records for Dr. L. Rantleru, including all renewals and verifications during the three (3) years preceding the Voyage through the present.

**RESPONSE: See Defendant's Objection to Request for Production No. 150, above.**

154. All training records, orientation checklists, on-the-job training documentation under CCL-MED-3903 (Medical Staff Handover) and CCL-MED-3903-DI1-A1 (Medical Staff on the Job Training Checklist), competency assessments, and continuing professional development records for Dr. L. Rantleru during the three (3) years preceding the Voyage through the present.

**RESPONSE: See Defendant's Objection to Request for Production No. 150, above.**

155. All performance evaluations, peer reviews, supervisor reviews, patient complaints, family complaints, crew complaints, grievances, incident reports, internal investigations, root-cause analyses, peer-review actions, disciplinary records, and corrective-action documentation concerning Dr. L. Rantleru during the three (3) years preceding the Voyage through the present.

**RESPONSE: See Defendant's Objection to Request for Production No. 150, above.**