# EXHIBIT C

Defendant Carnival Corporation’s Supplemental Responses to Plaintiff’s Third Request for Production (served September 16, 2026)

Smith v. Carnival Corporation, et al., Case No. 1:25-cv-24611-GAYLES/SHAW-WILDER (S.D. Fla.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.,

Defendants.

_______________________________/

**DEFENDANT, CARNIVAL CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, and pursuant to ECF No. 73, hereby serves its Supplemental Responses to Plaintiff's Third Request for Production.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, a copy of the foregoing was served via e-mail to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley N. Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357

Charles J. Roussin
Florida Bar No. 1010409
Michael.Drahos@Gray-Robinson.com
Cooper.Jarnagin@Gray-Robinson.com
Ashley.Genoese@Gray-Robinson.com
Charles.Roussin@gray-robinson.com

*Attorneys for Defendant*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

Michael A. Hoffman, Esq.
David W. Singer, Esq.
David W. Singer & Assoc., P.A.
1011 South Federal Highway
Hollywood, FL 33020
Tel. (954) 920-1571
*dsingeresq@aol.com*
*mahoffman@1800askfree.com*

*Attorneys for Plaintiff*

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO THIRD REQUEST FOR PRODUCTION**

114. All audio recordings, voicemails, transcripts, and call summaries of bridge-to-medical, medical-to-bridge, security-to-medical, and medical-to-security radio or telephone communications aboard the Vessel during the Incident Period, including any communication concerning Plaintiff, Plaintiff's Travel Party, the response to the Medical Center, or the medical disembarkation.

**SUPPLEMENTAL RESPONSE: Pursuant to ECF No. 73, the Court sustained Defendant's objections and limited the request. Thus, Defendant supplements this response as follows: As to any audio recordings, voicemails, transcripts, and call summaries of bridge-to-medical, medical-to-bridge, security-to-medical, and medical-to-security radio or telephone communications regarding communications related to Plaintiff and the medical incident: none other than the previously produced email correspondence.**

127. The Daily Security Summary Watch Reports, or equivalent daily security-activity report, for October 18, 19, and 20, 2024.

**SUPPLEMENTAL RESPONSE: Pursuant to ECF No. 73, the Court sustained Defendant's objections and limited the request. Thus, Defendant supplements this response as follows: As to any Security Watch Reports on October 18, 2024 where security was called to the Medical Center: none.**

129. All SeaCare system audit logs and audit trails for Plaintiff's electronic medical record (Patient ID W1Q3M9-4, Bates GR000001–GR000046), including user-access entries, record entries, modifications, edits, deletions, addendums, electronic-signature events, and exports, from October 18, 2024 through the present.

**SUPPLEMENTAL RESPONSE: Pursuant to ECF No. 73, the Court limited the request. Thus, Defendant supplements this response as follows: There are no additional documents confirming the date and time of Plaintiff's and Plaintiff's companion's signature on the Against Medical Advice documents, other than the time-stamped signature blocks in the previously produced documents. These documents were printed in the Medical Center for Plaintiff and Plaintiff's companion to sign and then uploaded to the computer. Defendant searched for any digital copies of the documents and found that none exist. The only copies of the Against Medical Advice documents, in any format, are the previously produced scanned copies.**

142. All Against Medical Advice (AMA) forms, refusal-of-treatment forms, consent forms, discharge instructions, billing-acknowledgment forms, financial-responsibility forms, and any other document presented to Plaintiff or to Austin (AJ) Peterson for signature in the Medical Center during the Incident Period, including all drafts, signed and unsigned versions, signature audit trails, and any version reviewed, signed off, or approved shoreside.

**SUPPLEMENTAL RESPONSE: Pursuant to ECF No. 73, the Court limited the request. Thus, Defendant supplements this response as follows: There are no other responsive documents than what has been previously produced.**

149. The complete and unredacted version, in effect during the Voyage, of MED-3902 — Shipboard Medical Staff Training & Competency, and each of the following appendices and detailed instructions thereto, each of which is cross-referenced within Carnival's HESS production (Bates GR000430–GR000481) but was not produced: (a) MED-3902-A1 through MED-3902-A5; (b) CCL-MED-3903-DI1-A1 — Medical Staff on the Job Training Checklist; (c) CCL-MED-3903-DI2 — Medical Staff Professional Conduct.

**SUPPLEMENTAL RESPONSE: Pursuant to ECF No. 73, the Court sustained Defendant's objections and limited the request. Thus, Defendant supplements this response as follows: See attached MED 3902-A3 in effect during the subject voyage, bates stamped as CCL000952 through CCL000953.**

150. The complete personnel file of Dr. L. Rantleru maintained by Carnival or any of its parents, subsidiaries, affiliates, or agents, including all human-resources records, employment records, performance records, contract records, training records, and corrective-action records.

**SUPPLEMENTAL RESPONSE: Pursuant to ECF No. 73, the Court sustained Defendant's objections and limited the request. Thus, Defendant supplements this response as follows: See attached documents for Dr. Letlhogile Rantleru, as limited by this Court's Order, bates stamped as CCL000954 through CCL001068.**

154. All training records, orientation checklists, on-the-job training documentation under CCL-MED-3903 (Medical Staff Handover) and CCL-MED-3903-DI1-A1 (Medical Staff on the Job Training Checklist), competency assessments, and continuing professional development records for Dr. L. Rantleru during the three (3) years preceding the Voyage through the present.

**SUPPLEMENTAL RESPONSE: Pursuant to ECF No. 73, the Court sustained Defendant's objections and limited the request. Thus, Defendant supplements this response as follows: See attached documents for Dr. Letlhogile Rantleru, as limited by this Court's Order, bates stamped as CCL000954 through CCL001068.**