**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-cv-24611-DPG**

**MICHAEL SMITH,**

Plaintiff,

v.

**CARNIVAL CORPORATION,**
**and NIKHIL MAHARAJ, M.D.**

Defendants.

______________________________/

**DEFENDANT'S EXPEDITED RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE FACT-DISCOVERY DEADLINES FOR LIMITED PURPOSES AND TO ADJUST DEPENDENT DEADLINES**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, and pursuant to Court Order ECF No. 92 requiring expedited response, hereby responds in opposition to Plaintiff's Motion to Extend the Fact-Discovery Deadline for Limited Purposes and to Adjust Dependent Deadlines [ECF No. 86], and states as follows:

## I. BRIEF INTRODUCTION AND PROCEDURAL POSTURE

1. This litigation was initially filed one year ago, on October 7, 2025. ECF No. 1.

2. Pursuant to this Court's initial Scheduling Order the deadline for fact discovery was July 7, 2026. ECF No. 22. Plaintiff moved to amend the scheduling order to extend the pretrial deadlines, which Defendant opposed. ECF No. 43. Plaintiff cited his failure to take depositions of Carnival witnesses and the disclosure of a ship physician as reason for the requested extension in June. *Id.*

3. On June 8, 2026, four (4) months ago, this Court extended pretrial deadlines in the Amended Scheduling Order, in pertinent part as follows: Fact Discovery (Oct. 9), Dispositive and *Daubert* Motions (Oct. 16). ECF No. 46. Trial was continued until January 19, 2027. *Id.*

4. Now at the eleventh hour, Plaintiff again seeks to extend pre-trial deadlines including fact discovery and the deadline for dispositive and *Daubert* motions. ECF No. 86. As contained herein, Plaintiff has failed to diligently prosecute his case and has shown no good cause or reason for a justified extension of pretrial deadlines, which will unfairly prejudice Defendant.

5. The theme here is simple. Instead of pursuing the actual merits of his claims, Plaintiff and/or Plaintiff's counsel has engaged in needless and frivolous discovery battles and practice – amounting to no substantial progress – and then later pleads for more time because he didn't use the discovery period to pursue the actual facts of his claims. Even in preparing the instant expedited response, Defendant's counsel has had to undertake the laborious task of tracking down each discovery correspondence, objections, hearing transcripts, and prior court rulings to set the record straight and amend Plaintiff's misstatements of fact.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, the Court's scheduling order "may be modified only for good cause and with the judge's consent." *Doe by & through Doe v. Acad. Charter Schs., Inc.*, No. 23-CV-23004, 2024 WL 4165097, at *1 (S.D. Fla. Aug. 21, 2024); Fed. R. Civ. P. 16(b)(4). The Eleventh Circuit has long clarified that "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Id.*; *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (affirming the district court's denial of motion to amend scheduling order because "[t]he record makes clear that Sosa's failure to comply with the court's scheduling order resulted from a lack of diligence in

pursuing her claim"). And it is, of course, the movant's burden to establish good cause; i.e., that the movant has practiced diligence yet still is unable to comply with the scheduling order. *Id.*; *see TIC Park Ctr., 9 LLC v. Cabot*, No. 16-24569-CIV, 2018 WL 4828435, at *4 (S.D. Fla. Aug. 28, 2018) ("The burden of establishing good cause [and] diligence rests squarely on the party seeking relief from the scheduling order."); *Maunlad Trans Inc. v. Carnival Corp.*, No. 18-24456-CIV, 2021 WL 3036557, at *1 (S.D. Fla. Feb. 10, 2021) (Williams, J.) (denying motion to extend discovery deadline because "Plaintiff has cited no authority to suggest that the reasons it articulates constitute good cause to further amend the deadlines in this matter," particularly after the discovery deadline had already been amended).

"[A] ... court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 776 (11th Cir. 2016) (*quoting Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1307 (11th Cir. 2011)). In *Kohser*, the Eleventh Circuit affirmed denial of plaintiff's motion for additional time to complete discovery and found that she was not diligent. *Kohser*, 649 F. App'x at 776. The Court reiterated: "where a nonmovant had ample time and opportunity to complete discovery, but failed to diligently pursue her options, a motion for additional discovery should be denied." *Id*; *see also Mijne v. Experian Info. Sols., Inc.*, No. 23-22694-CIV, 2024 WL 1655475, at *4 (S.D. Fla. Apr. 17, 2024) (Altonaga, J.) (denying plaintiff's Rule 56(d) relief where "Plaintiff had ample opportunity –six months– to conduct discovery in this factually and legally straightforward case.").

Courts within the Eleventh Circuit frequently find that a request for additional time to complete discovery is not warranted where a party fails to be diligent in discovery, where a prior extension was previously granted, and where the request is sought in the last minute when ample time for discovery existed. *See MedFirst Corp. v. Cmty. Health Plan of the Rockies, Inc.*, 143 F.

App'x 146, 151 (11th Cir. 2005) (no abuse of discretion in denying extension to complete discovery where party was not diligent in seeking testimony from key witnesses just a few weeks prior to the discovery deadline); *Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 519 (11th Cir. 2019) (no abuse of discretion in denying motion to extend discovery where plaintiff had ample time to complete discovery and obtained prior discovery extensions); *Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013) (denying additional extension of time for discovery where plaintiff does not provide explanation for delay in discovery including delay in bringing discovery matters to Court's attention) (Altonaga, J.); *Doe by & through Doe*, 2024 WL 4165097, at *2 (Torres, M.J.) (denying motion to extend discovery deadline where party has not established good cause to convince this Court to once again amend its scheduling order to excuse their lack of diligence); *Fisher v. SP One, Ltd.*, 559 F. App'x 873, 878 (11th Cir. 2014) (no abuse of discretion in denying "last-minute extension" of discovery deadline where other pretrial deadlines would be pushed back); *Witt v. Stryker Corp. of Michigan*, 648 F. App'x 867, 872 (11th Cir. 2016) ("Because [plaintiff] received ample time to pursue discovery, the district court's decision to hold the litigants to the clear terms of a reasonable scheduling order was not an abuse of discretion.").

## III. LEGAL ARGUMENT

This Court's Scheduling Order may only be modified upon a showing of good cause, which Plaintiff as the movant has the burden of showing. Plaintiff has not met his burden for several reasons: (1) Plaintiff was not diligent in pursuing discovery including depositions; (2) Plaintiff's last minute request will necessarily cause other pretrial deadlines to be pushed back; (3) Plaintiff has had ample time to complete discovery; (4) Prior 3-month extension of time to conduct discovery previously granted by this Court; and (5) Defendant will be unfairly prejudiced. Each of

these reasons alone warrants denial of extension of the discovery deadline, yet taken as a whole is even more compelling as to why Plaintiff's request should be denied.

**A. Plaintiff's Inexplicable Delay and Failure to Take Depositions**

Plaintiff's argument that Defendant has failed to provide availability for Carnival medical personnel is simply a blatant misrepresentation of fact. It is in fact Plaintiff's own contradictory discovery practice and his own delay in seeking depositions that resulted in the lack of depositions. Plaintiff's Motion speaks directly to his position:

> Plaintiff has told the Court on May 6 that he was holding the medical-staff depositions until the document disputes were resolved, May 6 Tr. at 44, and deferred the corporate-representative and Rantleru depositions for the same reason: a designee cannot be examined on records the corporation has not produced without a second session, to which Carnival would not agree.

ECF No. 86, ¶5. Plaintiff illogically claims, without any authority or support, that witnesses "cannot" be deposed without full production of documents requested. Instead, Plaintiff has self-limited his ability to meaningfully engage in discovery as an effort to delay, delay, and continue to delay, then plead for more time. Notwithstanding, any "document disputes" that Plaintiff had at the time were resolved during the lengthy May 6 discovery hearing by this Court. Despite obtaining the ruling, Plaintiff continued to single-handedly "defer" the depositions or the corporate representative and Dr. Rantleru.

Specifically, as to Dr. Rantleru, Plaintiff argues: "No date has been provided for Dr. Rantleru–the senior physician and a defendant–or for any other witness on the list." ECF No. 86, pg. 3. However, Defendant twice provided dates for Dr. Rantleru and other requested Carnival medical personnel on July 13 and July 22:

> In brief follow up to our 7.1 conference, see below availability for virtual depositions:
> - Dr. Rantleru: July 29, Aug. 3*, Aug. 6*
> - Debra Dube: July 31, Aug. 5*, Aug. 6*
> - Mduduzi Madonda: July 29, Aug. 3*, Aug. 6*
>
> *Trial caveat

Email dated July 13, 2026 from Defendant's counsel

> Good Afternoon, Dr. Rantleru is available for deposition on either August 3rd or 5th at 10:00 am. EST.

Email dated July 22, 2026 from Defendant's counsel's office

*See* email correspondence, attached hereto as **Exhibit A**. Plaintiff then accepted and scheduled Dr. Rantleru's deposition for August 5 at 10:00 a.m. *Id.* Plaintiff later cancelled the deposition of Dr. Rantleru because he was planning to add the ship physician as a defendant. Notably, Plaintiff did not articulate a reason why such deposition would need to be deferred, as all of Plaintiff's claims against the doctor or other defendants arose during the October 2024 voyage.[1]

Plaintiff's deferment of the corporate representative deposition further holds no support. Issues of the corporate representative deposition began in March when Plaintiff advised of his unique position that he will not be scheduling *any* individual witnesses prior to the corporate representative deposition:

> On sequencing: the corporate representative deposition — with documents produced in advance as required by the updated Notice — must be completed before we schedule any other witness in this case, including Dr. Maharaj and the nursing staff. That order is not negotiable. The corporate representative deposition is the predicate. We are not scheduling individual witnesses around it.

Email dated March 25, 2026 from Plaintiff's counsel

After same, a discovery hearing was held on the Plaintiff's Notice of 30(b)(6) deposition consisting of 130 areas of inquiry and 85 duces tecum document requests. During the discovery hearing on

---

[1] Plaintiff's continued argument that Dr. Rantleru was not disclosed until May 1, 2026 further bears no weight as this disclosure was several months before the discovery deadline, and five months have since passed making any delay argument wholly moot and irrelevant. Dr. Rantleru's availability for deposition was offered after requested.

May 6, this Court ordered Plaintiff to revise the corporate representative deposition topics pursuant to the withdrawals made in Court, the stipulations, and Court rulings. ECF No. 39. Upon receiving the updated Notice of 30(b)(6) Deposition pursuant to the Court's limitations, Defendant offered availability of July 22 or 24 for the corporate representative's deposition.

> Good Afternoon, our corporate representative Is available for deposition on July 22nd or 24th in our Miami office.

Email dated June 12, 2026 from Defendant's counsel

*See* email correspondence, attached hereto as **Exhibit B**.

Plaintiff never responded to such correspondence nor noticed the deposition. Despite an entire month going by, the representative was still holding dates, and Defendant brought this to Plaintiff's counsel's attention during the July 13th 7.1 conference:

> Further, as I mentioned in the 7.1 conference, we have not received any Re-Notice of Deposition for the corporate representative. If we do not receive by the end of business today, it will be cancelled.

Email dated July 13, 2026 from Defendant's counsel

*Id.* Plaintiff then unilaterally canceled the deposition, and did not offer nor provide any notice of a rescheduled date:

> Thank you for your time this afternoon and providing the dates for some of the witnesses.
>
> Given that there remains disagreement on what needs to be produced by Defendant prior to the CR deposition, it would not be prudent to go forward.

Response email dated July 13, 2026 from Plaintiff's counsel

*Id.* In fact, instead of taking any action since June, Plaintiff chose to wait until late September to revive its request for corporate representative, along with several other depositions including new

requests, *all* to occur before October 9, which Defendant nor the witnesses could fully accommodate.[2]

During the May 6 discovery hearing, Plaintiff sought to compel the depositions of several individuals that, in Defendant's opinion, would have no possible relevant information to Plaintiff's claims. The Court agreed:

> THE COURT: Are you going to have experts in this case?
> MR. HOFFMAN: Yes, Your Honor.
> THE COURT: So why do you need a bunch of other doctors who evaluated when you are going to have an expert to testify whether this doctor met the required duty of care?
> MR. HOFFMAN: It goes –
> THE COURT: What do they add?
> MR. HOFFMAN: It would be to address the negligent retention, but I understand your position, Your Honor.

*See* May 6 Discovery Hearing Transcript filed by Plaintiff, ECF No. 58-3, at Tr. 73:30-74:4. Plaintiff otherwise sought to take more depositions than the 10 allowable by the federal rules, to which this Court advised he should follow proper procedure and file an appropriate motion:

> THE COURT: So you should follow the appropriate motion with to justify why you would need to go beyond ten?
> MR. HOFFMAN: Yes, Your Honor.
> THE COURT: And you know, ten. I try to wrap my mind around why this case seems to may have discovery seems to have ballooned beyond what seems to be the very narrow issues that both parties agree that needs to be resolved in this case.
> …
> THE COURT: Okay. I am going to have the benefit of my concern and you can determine if you are going to seek more depositions.
> MR. HOFFMAN: Yes.

ECF No. 58-3, Tr. 73:6-73:13; Tr. 74:5-74:8.

---

[2] The following depositions were able to be accommodated by Defendant and the witnesses, despite the late request: Dr. Maharaj, Dr. Merkler, Dr. Parejo, Dr. Fernandez, Captain Miller, Dr. Barredo. Defendant notes that Dr. Maharaj's deposition is presently scheduled for October 8, 2026, and could not occur earlier due to his personal medical conditions and hospitalization in South Africa as Plaintiff's counsel was consistently apprised of.

Of note, while Plaintiff continues to seek depositions in excess of the amount allowed, which Defendant has repeatedly objected to, Plaintiff ***still* has never filed** any applicable motion, nor appropriately sought leave from this Court. To date, Plaintiff has already taken or has scheduled for taking seven (7) depositions. Instead, Plaintiff continues to *add* witnesses to be deposed within the last week of the discovery period. The ever-changing list of deponents is an additional factor as to why deposition scheduling has been more burdensome and confusing than it needs to be. Based on the undersigned's count, Plaintiff ***has requested the depositions of 23+ unique witnesses***, though never clarifying which depositions were no longer being sought, further adding to the confusion.

Significantly, Plaintiff's prior Motion to Amend Scheduling Order and Extend Pretrial Deadlines, filed on June 4, 2026, sought largely the same relief that the instant Motion seeks: to take the depositions of Dr. Rantleru, Dr. Maharaj, the Master, and "key shipboard witnesses." ECF No. 43. Since June, Plaintiff has taken one ship nurse deposition and the depositions of some of Defendant's experts. There has been absolutely no progress nor diligence of Plaintiff in taking the other depositions, that include the same people Plaintiff now seeks to further extend deadlines for. Plaintiff's failure to act, or even failure to raise any needed discovery disputes before this Court, should not be rewarded. Thus, as Plaintiff has failed to show any diligence as to why the requested discovery could not be completed throughout the entire discovery period, or the extended discovery period, good cause cannot be established and this Court should deny Plaintiff's request to extend the discovery deadline.

### B. There Are No Pending Issues Related to Discovery Disputes Within ECF No. 73

As appearing to be a theme, Plaintiff takes issue with Defendant's responses and production regarding the recent discovery hearing on September 2 and following Order ECF No.

73, though all responses and production have been provided pursuant to this Court's ruling. Within 24 hours, Plaintiff's counsel sent three largely unintelligible emails describing multiple paragraphs of "deficiencies" and informally seeking additional information and production from Defendant that was not ordered to be produced, demanding production by a unilateral deadline of September 25 at 5:00 p.m. *See* Plaintiff's counsel's email correspondence, attached hereto as **Exhibit C**. This type of conduct is improper, confusing, and frivolous as addressed further in Defendant's pending Renewed Motion for Sanctions. ECF No. 79. To the extent Plaintiff wishes to address any "deficiencies" and noncompliance with this Court's Order, the proper procedure is through a discovery hearing, which Defendant will comply with.[3] To be clear, Defendant's position is that it has fully complied with ECF No. 73 and there are no documents or production being withheld, that have been ordered to be produced.

Otherwise, the alleged "deficiencies" in this recent discovery production (which Defendant contends there are none) does not support any logical reasoning as to why Plaintiff has failed to take the depositions he now seeks more time to complete. Further, a party's delay in bringing discovery matters to the attention of the Court further does not amount to good cause warranting extension of scheduling order deadlines. *See*, *e.g., Esys Latin Am., Inc.*, 290 F.R.D. at 564 ("Moreover, the Plaintiff does not provide any explanation for the delay in propounding discovery on Defendant or for the delay in bringing the discovery matters addressed in the Motion to Judge Simonton for an informal conference. The failure to explain both delays precludes modification, as Plaintiff has not shown the schedule could not have been met despite its diligence."); *see also United States v. Marder*, 183 F. Supp. 3d 1231, 1237 (S.D. Fla. 2016) (Moore, J.) (denying motion to extend discovery, noting a parties "failure to notice—or inform the Court—of potentially

[3] Plaintiff's Motion states that he has "noticed the compliance dispute for Magistrate Judge's discovery calendar" though no such activity has occurred that Defendant is aware of.

obvious red flags in the discovery process cannot at this juncture justify a significant reshaping of the case management schedule. The Court has the responsibility to manage its docket, and will not continue to drag out this process *ad infinitum*. There has been plenty of time for discovery, even taking into account the discovery motion practice that has occurred.").

**C. Defendant Will Be Unfairly Prejudiced**

Defendant will be unfairly prejudiced as the request for extension of the discovery period will necessarily affect other pre-trial deadlines including the deadlines for dispositive motions, *Daubert* motions, motions in *limine*, and joint pretrial stipulation ECF No. 86, pg. 4-5. Further, Defendant has taken the depositions of all of Plaintiff's experts within the designated discovery period. If discovery were to be extended, including these additional depositions, Plaintiff's experts would have the opportunity to review such discovery and change and/or formulate additional opinions, effectively eradicating all of Defendant's efforts, time, and expenses undertaken to timely obtain all of the testimony and opinions during the discovery period. Defendant has otherwise complied with this Court's scheduling deadlines by completing its discovery within the court-ordered deadlines.

Defendant also anticipates that Plaintiff will continue to raise past discovery production issues, as he has done throughout the entirety of this discovery, and as mentioned in the Plaintiff's Motion. ECF No. 86. This Court has previously extended the discovery deadline by three (3) months, which extended all pre-trial deadlines and the trial date. ECF No. 46. Defendant has otherwise been continuously unfairly prejudiced by Plaintiff's discovery conduct and consistent delay in the litigation of this matter. *See e.g.*, ECF No. 79. Granting leave for additional discovery will subject Defendant to further discovery practices that it has sought a protective order from. *Id.* *See Marder*, 183 F. Supp. 3d at 1237 (denying extension of time to conduct discovery as

"extending discovery at this late stage of the litigation is entirely inappropriate."). Otherwise, to the extent Plaintiff argues he will be prejudiced – the prejudice is solely of his own failures during the extended ten (10) month discovery period in this matter.

**D. No Proper 7.1 Conferral**

As included in Plaintiff's Local Rule 7.1(a)(3) Certification – Plaintiff failed to properly confer pursuant to the Southern District of Florida local rules prior to filing and seeking the requested relief. Pursuant to the certification, Plaintiff first sought conferral at 1:19 p.m. and then unilaterally filed his motion at 5:15 p.m. without conferring with Defendant's counsel, who were unable to review the requested relief ***within a four-hour window*** on the same day relief was sought. *Wesco Ins. Co. v. Ameriland Servs., LLC*, No. 23-CV-62145, 2024 WL 1579704, at *2, fn 1 (S.D. Fla. Apr. 11, 2024) (conferral "does not comply with the requirements of Local Rule 7.1(a)(3) as it is clear good faith efforts at conferral were not made – which is readily apparent because, for one, the efforts were made on the day the Motion was filed."); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1299, fn 2 (S.D. Fla. 2010) ("Sending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation. Instead, it is a one-way missive."). Thus, Plaintiff's counsel failed to act in good faith in compliance with the local rules, and the request/Motion should be denied for this reason alone.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court deny Plaintiff's to Extend Fact-Discovery Deadline and Adjust Dependent Deadlines [ECF No. 86], and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650

West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*
Charles J. Roussin
Florida Bar No. 1010409
*charles.roussin@gray-robinson.com*
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

David W. Singer, Esq.
Michael A. Hoffman, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com
*Attorneys for Plaintiff*