# EXHIBIT "C"

| | |
|---|---|
| **From:** | Michael A Hoffman <mahoffman@1800askfree.com> |
| **Sent:** | Wednesday, September 23, 2026 2:26 PM |
| **To:** | Michael Drahos; Ashley Genoese; ndvorak |
| **Cc:** | Marina Buckalew; Lilia R. Parker; Charles Roussin; dsingeresq |
| **Subject:** | RE: Smith v. Carnival Corp., No. 1:25-cv-24611-DPG — Local Rule 7.1(a)(3) Conferral re: ECF No. 73 — Corrections and Clarifications |

**This message originated outside of GrayRobinson.**

Counsel:

I write to correct and clarify several points in my September 22, 2026 conferral letter and my follow-up email regarding Affirmative Defense E. None of these changes the relief requested or the deadline of 5:00 p.m. on Friday, September 25, 2026.

**1. Affirmative Defense E.** My follow-up email stated that "Carnival's Answer pleads" Affirmative Defense E. To be precise, Carnival pled Affirmative Defense E in its Answer and Affirmative Defenses to the Amended Complaint. (ECF No. 49 at 7.) The Second Amended Complaint (ECF No. 69) has since superseded that pleading. Carnival has moved to dismiss Counts VII through IX (ECF No. 70) and has not yet answered. If Carnival does not intend to reassert Affirmative Defense E, or any defense premised on ACEP guidelines, please say so in writing. Otherwise, the requested records remain relevant for the reasons below.

**2. What Affirmative Defense E pleads.** My email described the defense as reliance on "ACEP-level credentialing." Affirmative Defense E pleads that Carnival "adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians." It also pleads that Plaintiff "was provided access to a licensed physician aboard the vessel who rendered reasonable medical care." (ECF No. 49 at 7.)

The credentialing representation comes from Carnival's website, as quoted in the Second Amended Complaint: "Ship's physicians meet or exceed the credentialing guidelines established by the cruise ship medicine section of the American College of Emergency Physicians (ACEP). In addition, doctors must demonstrate competent skill levels and hold current certification in basic and advanced cardiac life support and cardiac care . . . ." (ECF No. 69 ¶ 8.) I recognize that Carnival denied the corresponding paragraph of the Amended Complaint except as expressly admitted. (ECF No. 49 ¶ 8.) The pleaded defense and the quoted representation turn on the same fact: whether the physicians aboard the Pride held current licensure and ACLS/BLS certification on October 18, 2024.

The current production leaves that question open:

- The most recent permission to practice produced for Dr. Rantleru is valid "28/04/2023 to 31/03/2024." (CCL000955.)
- The only ACLS certificate produced was issued November 21, 2021, with a "Recommended renewal date" of November 21, 2023. (CCL000989.)
- No BLS certification appears in CCL000954–1068.

Nothing produced shows a license or ACLS/BLS certification in effect on October 18, 2024. On that date he was serving as Senior Physician aboard the Pride, having signed on September 8, 2024. (CCL001059.)

Carnival has stated that Dr. Rantleru "provided no medical care and treatment to Plaintiff." His credentials remain at issue regardless. He is a named defendant. (ECF No. 69.) Carnival's Role Responsibilities for Senior Doctors require him to "[s]tay[] up to date and provide[] evidence for Company required credentials." They also require him to "[m]onitor[] that direct reports are up to-date with their required credentials, certifications, . . . and training requirements." (GR000683–684.)

**3. The ACEP publication.** My email asked Carnival to identify the ACEP publication underlying Affirmative Defense E but did not state the basis for the request. The basis is Rule 26. Carnival's Rule 26(a)(1)(A)(ii) disclosures identify four documents: the Cruise Ticket Contract Acceptance Report, Plaintiff's Sign and Sail records, the Movement Report, and the Onboard Medical Chart. They identify no ACEP publication. If Carnival may use any ACEP guideline to support that defense, it must supplement under Rule 26(e). Please identify the publication by title, date, and revision. Plaintiff will object under Rule 37(c)(1) to the use of any guideline not timely disclosed.

**4. Letter Section 1(b).** My letter stated that Dr. Rantleru "described the Sunshine assignment as 'a very stressful contract' (CCL001060)." His comment does not name the vessel. In the evaluation he acknowledged on December 3, 2024, he wrote: "Coming back from home after a very stressful contract was not easy." (CCL001060.) In Carnival's production, the assignment immediately preceding his September 8, 2024 Pride assignment is the Carnival Sunshine, with sign-on February 25, 2024 and sign-off July 6, 2024. (CCL001063.) The request for the missing Sunshine evaluations stands.

**5. Letter Section 3 (RFP 114).** Section 3 should also have cited the Order. It required that, "on or before September 16, 2026, Carnival shall produce documents responsive to Request No. 114," subject to the stated limitation. (ECF No. 73 at 1.)

**6. Letter Section 7 (RFP 127).** My letter asked Carnival to confirm whether the report exists. The Order goes further. It required Carnival, on or before September 15, 2026, to "produce a redacted version of the Daily Security Summary Watch Report for October 18, 2024 for the time period of the incident and for which security was called to the medical center." (ECF No. 73 at 1.) Carnival's supplemental response states only: "As to any Security Watch Reports on October 18, 2024 where security was called to the Medical Center: none." Please state:

- whether a Daily Security Summary Watch Report for October 18, 2024 exists; and
- if it does, whether Carnival contends it contains no entry for the time period of the incident.

If the report contains any such entry, please produce the redacted version the Order requires.

The conferral times offered in my September 22 letter remain available.

Thank you,

Michael

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Date:** Wednesday, September 23, 2026 at 9:16 AM
**To:** Michael Drahos <Michael.Drahos@gray-robinson.com>; Ashley Genoese <Ashley.Genoese@gray-robinson.com>; Nancy Dvorak <ndvorak@1800askfree.com>
**Cc:** Marina Buckalew <marinab@1800askfree.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; dsingeresq <dsingeresq@aol.com>
**Subject:** Re: Smith v. Carnival Corp., No. 1:25-cv-24611-DPG — Local Rule 7.1(a)(3) Conferral re: ECF No. 73 and Carnival's September 1 and 16, 2026 Responses

Counsel:

This follows up on my letter regarding Carnival's discovery deficiencies, specifically Sections 1(c) and 2 — Dr. Rantleru's NinthBrain credentialing and education records, his license and ACLS/BLS certifications in effect on October 18, 2024, and his completed on-the-job training checklist and competency assessments under RFP 154.

I want to be clear about why these particular records matter beyond the personnel-file request itself. Carnival's Answer pleads, as Affirmative Defense E, that Carnival "adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians" and that its physician "rendered reasonable medical care." Carnival's own website — quoted at Paragraph 8 of the operative Complaint — represents that "[s]hip's physicians meet or exceed the credentialing guidelines established by the cruise ship medicine section of [ACEP]."

The records sought in Sections 1(c) and 2 are how that defense gets tested. If Carnival is going to rely on ACEP-level credentialing as a defense, it cannot simultaneously withhold the records showing whether Dr. Rantleru was actually credentialed, trained, and current against that standard while he was Senior Physician on the Pride. That is not a separate inquiry from Affirmative Defense E — it is the factual predicate for it.

To that end, please also identify — by title, date, and revision — the specific ACEP publication that Affirmative Defense E and Carnival's website refer to. Without that identification, there is no way to confirm that whatever training and credentialing materials Carnival produces actually correspond to the standard it has pled.

These items remain part of the outstanding production addressed in my letter. Please include a response on this point with whatever is produced by Friday's deadline.

Thank you,
Michael

---

**From:** Michael A Hoffman <mahoffman@1800askfree.com>
**Date:** Tuesday, September 22, 2026 at 3:43 PM
**To:** Michael Drahos <Michael.Drahos@gray-robinson.com>; Ashley Genoese <Ashley.Genoese@gray-robinson.com>; Nancy Dvorak <ndvorak@1800askfree.com>
**Cc:** Marina Buckalew <marinab@1800askfree.com>; Lilia R. Parker <Lilia.Parker@gray-robinson.com>; Charles Roussin <Charles.Roussin@gray-robinson.com>; dsingeresq <dsingeresq@aol.com>
**Subject:** Smith v. Carnival Corp., No. 1:25-cv-24611-DPG — Local Rule 7.1(a)(3) Conferral re: ECF No. 73 and Carnival's September 1 and 16, 2026 Responses

Counsel:

I write under Local Rule 7.1(a)(3) regarding Carnival's compliance with the Court's September 2, 2026 rulings and its Order on Plaintiff's Ore Tenus Motion to Compel Discovery (ECF No. 73). The Order incorporates the Court's rulings "as stated on the record." (ECF No. 73 at 1.) We have reviewed:

- Carnival's September 1, 2026 Amended Responses to Plaintiff's Third Request for Production;
- Carnival's September 16, 2026 Supplemental Responses; and
- productions CCL000941–951 and CCL000952–1068.

We acknowledge receipt of MED-3902-A3 (CCL000952–953). The remaining deficiencies are set out below.

**1. Dr. Rantleru's personnel file, contracts, credentials, and evaluations (RFPs 150, 151, 153, 155).**

The Court ordered Carnival to "produce relevant documents responsive to Request No. 150 except to the extent the documents contain personal medical information, contact information for non-parties, and financial information." (ECF No. 73 at 2.) The Court also ruled that financial and nonparty identifying information would be redacted (Hr'g Tr. 18:4–10). It stated that it was "not limiting it to just the items that you listed in response to 150" (Tr. 19:2–3). Any other document Carnival contends is confidential or privileged was to be brought to the Court's attention with an appropriate objection (Tr. 19:5–8). RFP 150 expressly includes "contract records, training records, and corrective-action records."

Plaintiff withdrew his motion to compel as to RFPs 151, 153, and 155 in reliance on Carnival's September 1 amended responses (ECF No. 73 at 3; Tr. 19:17–19; 20:4–10; 21:13–15). In those responses Carnival stated that it:

- "will produce any contracts for Dr. Rantleru in its possession" (RFP 151);
- "will produce any licenses, certifications, and credentialing materials" (RFP 153); and
- "will produce any performance evaluations, reviews, complaints, and grievances" (RFP 155).

Carnival's September 16 response produces CCL000954–1068 "as limited by this Court's Order." The production omits the following.

(a) *The agreement governing the incident assignment.* Carnival's evaluations show that Dr. Rantleru signed on to the Carnival Pride as Senior Physician on September 8, 2024, and signed off on January 26, 2025 (CCL001059; CCL001061). Carnival produced separate Independent Contractor Agreements for his prior assignments (CCL000997–1052). These include:

- a January 15, 2023 agreement for the position of "Ship Physician," executed aboard the Pride (CCL001045; CCL001051); and
- an agreement for the position of "Senior Physician" commencing February 25, 2024, executed May 13, 2024 aboard the Carnival Sunshine (CCL001013; CCL001019).

No agreement covers the September 8, 2024 – January 26, 2025 assignment. Each agreement caps service at six months (CCL001045 ¶ 2; CCL001013 ¶ 2). Each also provides that it "shall be retained by the Company for a period of 7 years" (CCL001048 ¶ 22). Please produce the agreement governing his

September 2024 assignment. If Carnival contends an earlier agreement governed that service, please identify it and say so in writing.

(b) *Evaluations*. The only Carnival Sunshine evaluation produced is an interim review for April 18 through May 9, 2024 (CCL001063–64). Carnival's form requires evaluations to be "delivered to the team member one week before they sign off" (CCL001063). Carnival followed that practice on the Pride (CCL001061–62). Nothing was produced for:

- February 25 – April 17, 2024 on the Sunshine;
- May 10 – July 6, 2024 on the Sunshine, including the sign-off evaluation; or
- September 8–27, 2024 or December 4, 2024 – January 14, 2025 on the Pride.

Dr. Rantleru himself described the Sunshine assignment as "a very stressful contract" (CCL001060). No peer review or supervisor review by a physician was produced for any Senior Physician assignment. Please produce these evaluations and reviews, or confirm in writing that none exist.

(c) *Credentials and continuing education*. Carnival's shoreside review directed Dr. Rantleru to "be up to date in your mandatory credentials and education in NinthBrain" (CCL001062). No NinthBrain records were produced. Please produce:

- his NinthBrain credentialing and education records; and
- the medical license or permission to practice, and the ACLS/BLS certifications, in effect on October 18, 2024.

(d) *Corrective action*. Carnival's September 1 response to RFP 150 committed to produce "any corrective-action records." None were produced. Please produce them or confirm in writing that none exist.

**2. Training and on-the-job training records (RFP 154).**

The Court ordered Carnival to "produce documents responsive to Request No. 154 pursuant to the Court's guidance to Request No. 150 on or before September 16, 2026." (ECF No. 73 at 3; Tr. 21:2–5.) RFP 154 requests:

- training records;
- orientation checklists;
- on-the-job training documentation under CCL-MED-3903 (Medical Staff Handover) and CCL-MED-3903-DI1-A1 (Medical Staff on the Job Training Checklist);
- competency assessments; and
- continuing professional development records.

Carnival's supplemental response to RFP 154 cites the same range, CCL000954–1068. That range consists of licensure cards, recruitment and pre-employment materials, a CV, a degree certificate, contracts, and evaluations. It contains none of the categories listed above. Carnival's own checklist (GR000940, version 2024-08) states: "All Signing on Medical Team Members: Review and Sign off on the below Prior to 1st Shift on Duty. To be completed in addition to Handover Checklists." Dr. Rantleru signed on to the Pride on September 8, 2024. Please produce his completed checklist, handover documentation, and training records, or confirm in writing that none exist.

**3. Incident communications (RFP 114).**

Carnival responds that there are no recordings, voicemails, transcripts, or call summaries "other than the previously produced email correspondence." At the hearing, Carnival stated that it would "have to go see" whether such records exist (Tr. 52:18–22). Carnival's own procedures contemplate these communications:

- The First Response Treatment Protocol directs that a Medical Response Team activation be made by "Call / Radio the BRIDGE" (GR000929).
- The MRT Announcement Procedures require a public address announcement and a group page upon an activation call (CCL000941).
- The MRT Event Log "must be filled in electronically and all fields completed." It records the "TIME EMERGENCY MEDICAL CALL ANSWERED AT HOTEL RECEPTION DESK / BRIDGE" and is to be "submitted at End of Voyage" (CCL000943–944).

Please confirm whether any medical emergency call, Medical Response Team activation, announcement, or group page occurred for Plaintiff on October 18, 2024. If one did, please produce the corresponding Event Log. Please also identify:

- the systems searched, including bridge radio, voyage data recorder, and telephone recording systems;
- the custodians searched; and
- the applicable retention periods.

If any recordings existed and were overwritten or deleted, please state when and under what retention policy.

**4. Deleted emails.**

At the hearing, Carnival represented that emails "have been since deleted" (Tr. 51:1–2). Please identify:

- each deleted email;
- its sender, recipients, and date;
- when it was deleted and by whom; and
- whether a litigation hold was in place at the time.

**5. AMA signature data (RFP 129).**

The Court ordered Carnival to "produce documents containing the date and time of Plaintiff's signature or Plaintiff's companion's signature on the Against Medical Advice documents (Bates No. GR000629)," for October 18 to 25, 2024. (ECF No. 73 at 1–2; Tr. 39:14–22.) Carnival now states that the forms "were printed in the Medical Center for Plaintiff and Plaintiff's companion to sign and then uploaded to the computer," and that "[t]he only copies ... are the previously produced scanned copies." That is not what Carnival told the Court. At the hearing, Carnival described the form as "a tablet document" with "a signature on a tablet" (Tr. 37:14–15).

If the forms were signed on paper and then uploaded, the upload is itself a record of date and time. Please produce:

- the SeaCare (or other system) record of each upload of GR000627–630, showing the date, time, and user; and
- the uploaded image files in native format with metadata.

Please also explain the source of the "time-stamped signature blocks" on forms Carnival now says were signed by hand on paper.

**6. Medical Center forms (RFP 142).**

The Court ordered Carnival to "confirm if responsive documents have already been produced." (ECF No. 73 at 2; Tr. 46:21–47:7.) Carnival responds that "[t]here are no other responsive documents than what has been previously produced." Please identify by Bates number each refusal-of-treatment form, consent form, discharge form, and billing-acknowledgment form Carnival contends it has produced. If no such form exists for any category, please say so.

**7. Security watch report (RFP 127).**

Carnival responds "none." Please confirm whether the Daily Security Summary Watch Report for October 18, 2024 exists and was reviewed, or whether Carnival's response means that no report exists.

Please produce the outstanding materials, or confirm in writing that none exist, by 5:00 p.m. on Friday, September 25, 2026. I am available to confer by phone or Zoom at either of these times:

Friday, September 25, 2:00–4:00 p.m.
Monday, September 28, 11:00 a.m.–1:00 p.m.

Absent full compliance, Plaintiff will schedule a further discovery hearing before Judge Shaw-Wilder. At that hearing Plaintiff will seek expenses under Rule 37(b)(2)(C) and appropriate relief under Rule 37(b)(2)(A), including relief directed to the conflicting representations regarding the AMA forms.

Michael A. Hoffman, Esq.