**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24611-GAYLES/SHAW-WILDER**

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE THE DEPOSITION OF DEFENDANT LETLHOGILE RANTLERU, M.D., AFTER THE DISCOVERY CUTOFF**

Plaintiff, Michael Smith, under Federal Rules of Civil Procedure 16(b)(4) and 30(d)(1), and as Magistrate Judge Shaw-Wilder directed at the October 13, 2026 discovery hearing, moves for leave to depose Defendant Letlhogile Rantleru, M.D., the Senior Ship Physician aboard the Carnival Pride, after the October 9, 2026 discovery cutoff set by the Amended Scheduling Order [ECF No. 46]. The Magistrate Judge has directed that any request to extend the discovery cutoff be made to the District Judge [ECF No. 25 at 2], and on October 13 directed Plaintiff to present this request by formal motion so that Defendants may respond (Oct. 13, 2026 Hr'g Tr. 33:17–34:4; 34:22–35:1). Defendants oppose. This motion is filed contemporaneously with, and is consistent with, Plaintiff's Motion for Limited Modification of the Amended Scheduling Order; to the extent the Court grants that motion as to Dr. Rantleru, this motion is moot. The deposition and hearing transcripts cited in this motion are attached as Exhibit A (Maharaj Dep.), Exhibit B (Dube Dep.), Exhibit C (Gonzalez-Noda Dep.), and Exhibit D (Oct. 13, 2026 Hr'g Tr.).

## I. Introduction

Dr. Rantleru is the only witness who can say when Carnival's senior physician learned that Mr. Smith could not walk, what he did about it, and whether anyone escalated a suspected stroke before Mr. Smith was sent back to his cabin. The treating physician, deposed on October 8, cannot answer those questions. Carnival's own senior ship physician testified on October 12, in a related action, that the senior doctor is responsible for the training and proficiency of the nurses and for the junior doctor, that training status is part of the senior doctor's handover, and that the senior doctor conducts debriefings that review the nurses' standard of care. Those are the issues on which this case will be tried. At the October 13 hearing the Magistrate Judge framed the question this motion presents — "whether or not the person who is in charge of the facility will be deposed" (Oct. 13, 2026 Hr'g Tr. 34:16–19) — and invited this motion (33:17–34:4; 34:22–35:1). Dr. Rantleru is not a bystander witness. He is a defendant who has responded to Count II with a motion of his own ECF No. 76, and the only defendant in the case who has not been examined.

## II. Background

1. Dr. Rantleru is a named defendant [ECF No. 69, Count II] and Carnival's Senior Ship Physician on the Carnival Pride during Mr. Smith's October 18–20, 2024 voyage. The Magistrate Judge has described him as "the supervisor of the facility the day of the incident" (Oct. 13, 2026 Hr'g Tr. 5:24–25). In the parties' joint motion to amend the schedule, Carnival and Plaintiff "jointly represent[ed]" to this Court that "Plaintiff will take the depositions of Dr. Nikhil Maharaj (by remote videoconference), Dr. Letlhogile Rantleru, Carnival's Rule 30(b)(6) corporate representative . . . and Nurse Debra Dube," and that the amended schedule "restores the orderly sequence the Rules contemplate" [ECF No. 45 at 3]. Of the four, Dr. Rantleru and the corporate representative were never deposed.

2. Plaintiff acknowledges the history. Carnival states that it offered dates for Dr. Rantleru's deposition in July and August, and that the deposition was scheduled and then withdrawn by Plaintiff (Oct. 13, 2026 Hr'g Tr. 4:8–15). Before the cutoff Plaintiff asked again; Carnival responded that Dr. Rantleru and counsel were not available in the days remaining because he was aboard ship (6:20–7:5). The Magistrate Judge explained that she had directed the parties to complete the remaining depositions before the deadline (6:3–5; 7:12–13) [ECF No. 97], and that she had not viewed Plaintiff's earlier motion as a request to take Dr. Rantleru's deposition after the cutoff (33:19–25). Plaintiff does not ask this Court to review ECF No. 97; the question whether a party deposition may be taken after the cutoff is one the Magistrate Judge has directed be presented here.

3. Since then, three things have changed. Dr. Maharaj was deposed on October 8, the day before the cutoff; the transcript was delivered at 8:00 a.m. on October 13. Carnival senior ship physician Julio Cesar Gonzalez-Noda, M.D., testified on October 12 in *Boyle v. Carnival Corp.*, No. 1:25-cv-24465 (S.D. Fla.), about the senior doctor's duties; no protective or confidentiality order in *Boyle* restricts use of that testimony. And at the October 13 hearing the Magistrate Judge directed Plaintiff to present this request by motion so that Defendants may respond (33:17–34:4). Carnival's own production of Dr. Rantleru's file also bears on the request. His most recent performance evaluation carries a shoreside review that reads: "Please keep in mind to be up to date in your mandatory credentials and education in NinthBrain" (CCL001062, acknowledged Jan. 22, 2025). No Ninth Brain record for Dr. Rantleru has been produced, and Carnival's October 1, 2026 amended response states that "[t]here are no CCL-MED-3903-D11-A1 documents for Dr. Rantleru" — the on-the-job training checklist Carnival requires every signing-on medical team member to complete "[p]rior to 1st Shift on Duty" (GR000940), and which Dr. Maharaj testified

he signed on each ship (Maharaj Dep. 48:11–18). Only Dr. Rantleru can say what training he received and gave.

**III. The new testimony**

**A. The treating physician cannot say what the senior physician knew or did.** Dr. Maharaj testified that the ship's doctor reports to the senior doctor (Maharaj Dep. 85:18–19); that for a clinical second opinion "the senior doctor is there for that" (87:12–16); that when a stroke is suspected "the senior doctor should be there" (111:23–112:4); and that it is the senior doctor's role to call shoreside and the captain (90:3–7). He testified that Dr. Rantleru was aboard on the evening of October 18 (90:9–11); that he does not recall speaking to Dr. Rantleru about Mr. Smith that day and is not sure whether he first did so that day or the next (90:15–23); that he cannot remember when (112:5–10); that he is not sure whether Dr. Rantleru came to the medical center to see Mr. Smith on October 18 (91:10–12); and that he does not recall telling Dr. Rantleru before Mr. Smith was returned to his cabin at 11:30 p.m. (92:4–7). He testified that on the Pride there was no in-person doctor handover and that his orientation was conducted by Dr. Rantleru's predecessor, who rotated off and was replaced by Dr. Rantleru (82:19–24; 83:3–19). He testified that the senior doctor administers the medical team's WhatsApp group and hands it over from contract to contract (14:6–9; 15:3–9), and that when Plaintiff asked that any direct chat with Dr. Rantleru be preserved, counsel objected (16:6–9).

**B. Carnival's nurse places the senior physician at the center of stroke response.** Nurse Dube testified that a stroke requires the senior doctor to attend (Dube Dep. 33:20–24), that the senior doctor gives continuing education twice a month (30:6–14), and that after a patient declines medical advice the junior doctor is to contact the senior physician by telephone (97:24–98:7).

**C. Carnival's senior physician describes the role Dr. Rantleru held.** Dr. Gonzalez-Noda testified that "the senior doctors, if there is any kind of lacking in procedures, it addresses through the lead nurse in order to — to check about the training and — and proficiency on different aspect of the nurses. And of course, the — my colleague, the so-called junior doctor, also falls under the senior doctor's responsibility" (Gonzalez-Noda Dep. 20:10–16). Training information "is also part" of the handover (20:17–19). Training topics are "sent every month from … Carnival Cruise Line," and the ship follows "the schedule of the training for that month" (20:25–21:4). After critical events the team holds debriefings, and in weekly meetings they "discuss the protocols and all the kind of procedures that we're supposed to follow on board" (26:20–28:6); those debriefings "also approach" the standard of care provided by the nurses (28:8–17). Adverse events are communicated to the shoreside office, which has access to the shipboard medical record (27:14–19).

At the hearing the Magistrate Judge asked how a senior physician on another ship could know the training and practice aboard the Pride (Oct. 13, 2026 Hr'g Tr. 14:11–15). The answer is that Dr. Gonzalez-Noda does not purport to know what happened on the Pride. He describes the duties of the position, which Carnival assigns fleet-wide and trains from shore every month. That is why the person who held that position on the Pride must be asked how he performed them.

**IV. Argument**

**A. Good cause.** A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists where the schedule "cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). The need for this deposition, in the form now sought, arises from testimony that did not exist until October 8

and 12 and was not in Plaintiff's hands until October 13: the treating physician's inability to say whether or when the senior physician was told, and the senior-physician duties Carnival's own witness described. Plaintiff cannot obtain that information any other way. Dr. Maharaj has testified; the chart is silent; and the Magistrate Judge has ruled that the medical team's WhatsApp group is outside Request 114 (Oct. 13, 2026 Hr'g Tr. 22:10–25), although Carnival answered a March 5, 2026 request for "all internal messages or communications through any shipboard or corporate messaging system that reference Plaintiff" by stating that "[t]here were no other records of messages or shipboard internal communication regarding Plaintiff" (Carnival Am. & Supp. Resp. to First RFP No. 7). Whether that group was searched is a question for its administrator.

**B. Importance.** The deposition goes to the heart of four claims: the claim against Dr. Rantleru himself, which pleads his failure to supervise, direct and correct the care given (Count II); Carnival's retention and supervision of Dr. Maharaj (Count VIII); Carnival's training of its medical staff, including on medical evacuation procedures (Count IX); and the shoreside medical department's oversight (Count X) [ECF No. 69]. It also bears on Carnival's defense that Mr. Smith declined care: the senior physician is the person to be notified when a patient declines medical advice (Dube Dep. 97:24–98:7) and the person whose role is to escalate to shore and to the master (Maharaj Dep. 90:3–7).

**C. No prejudice.** Dr. Rantleru is a defendant and a Carnival contractor, represented by the same counsel as Carnival. He may be deposed by remote means while aboard ship. Plaintiff asks that the deposition be completed within twenty-one (21) days of the Court's order, consistent with the relief requested in Plaintiff's Motion for Limited Modification of the Amended Scheduling Order, filed contemporaneously with this motion. Trial does not begin until January 19, 2027 [ECF No. 46].

**D. Scope and duration.** Rule 30(d)(1) limits a deposition to one day of seven hours unless otherwise stipulated or ordered. Plaintiff asks for leave to examine Dr. Rantleru for up to that limit, confined to the following subjects: (1) his notification of, and involvement with, Mr. Smith on October 18–20, 2024, including communications by Cisco telephone, radio, e-mail and the medical-team WhatsApp group; (2) escalation to the Health Operations Center, the shoreside office and the master, and the decision on medical disembarkation; (3) the against-medical-advice forms and discharge on October 18 — how the forms were generated, printed, signed, witnessed, kept and later scanned or produced, why they were signed on paper when the medical center captured Mr. Smith's signature electronically at 23:28 the same night (GR000046), and any notification to him; (4) his orientation, supervision and evaluation of Dr. Maharaj and the nursing staff aboard the Pride; (5) training, drills, continuing education and handover information for the Pride's medical team, including any addressing stroke recognition, triage or escalation; (6) the triage, stroke-screening and escalation instructions in force for the medical center's nursing staff; and (7) any debriefing or review of Mr. Smith's case. If the Court permits jurisdictional discovery in connection with ECF No. 76, Plaintiff asks that it proceed at the same sitting.

**V. Relief requested**

Plaintiff respectfully requests that the Court modify the Amended Scheduling Order [ECF No. 46] for the limited purpose of granting leave to take the deposition of Dr. Rantleru by remote means, for up to seven hours under Rule 30(d)(1), limited to the subjects in Part IV.D, on a date the parties agree to within twenty-one (21) days of the Court's order; direct Carnival to produce him; and grant such further relief as is just. A proposed order is submitted with this motion.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Undersigned counsel certifies that counsel for the movant has made reasonable efforts to confer with counsel for all Defendants regarding the relief requested in this motion but has been unable to resolve the issues raised. On October 15, 2026, at 2:17 p.m., undersigned counsel e-mailed Ashley N. Genoese, Esq., with copies to Michael J. Drahos, Esq., W. Cooper Jarnagin, Esq., Charles J. Roussin, Esq., and Lilia R. Parker, describing each item of relief requested in Plaintiff's Motion for Limited Modification of the Amended Scheduling Order, including the deposition of Dr. Rantleru after the discovery cutoff, and offering to confer by telephone on October 16, 2026, between 9:00 a.m. and 1:00 p.m. Counsel for Defendants did not respond. Defendants oppose the deposition of Dr. Rantleru after the discovery cutoff, as Carnival stated in its September 22, 2026 correspondence, ECF No. 86-1 at 2–3. Defendants oppose the relief requested in this motion.

Respectfully submitted,

/s/ Michael A. Hoffman

Michael A. Hoffman (Florida Bar No. 89549)
mahoffman@1800askfree.com
litigation@1800askfree.com
marinab@1800askfree.com
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, FL 33020
954-920-1571
Attorneys for Plaintiff, Michael Smith