UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.

Defendants.
______________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON BREACH OF THE SHIPBOARD MEDICAL STANDARD OF CARE**

2. Disputed as to the ship's location during specific times.

11. Disputed as to summarization and interpretation of a Carnival procedure.

12. Disputed as to summarization and interpretation of a Carnival procedure.

16. Disputed as to summarization and interpretation of a Carnival procedure.

17. Disputed as to summarization and interpretation of a Carnival procedure.

18. Disputed as to summarization and interpretation of a Carnival procedure.

19. Disputed as to summarization and interpretation of a Carnival procedure.

23. Disputed as to the conclusion that Nurse Dube was able to determine or diagnose a suspected stroke.

> Q. Is there any way to diagnose a stroke on the ship?
> A. I am not sure.
> …
> Q. And if the symptoms point to a stroke, does an -- isn't an official diagnosis needed?
> A. It is the doctor's discretion to -- to make.

Q. It's the doctor's discretion, you said?
A. It is the doctor's discretion to make.
…
Q. Do you have any involvement in the diagnoses of passenger?
A. No.

ECF No. 116-3, Tr. 58:23-58:25, 59:21-59:25 (Nurse Dube's Deposition).

24. Disputed as to the conclusion that Nurse Dube was able to determine or diagnose a stroke and/or had knowledge of other doctors and nurses.

Q. Is there any way to diagnose a stroke on the ship?
A. I am not sure.
…
Q. And if the symptoms point to a stroke, does an -- isn't an official diagnosis needed?
A. It is the doctor's discretion to -- to make.
Q. It's the doctor's discretion, you said?
A. It is the doctor's discretion to make.
…
Q. Do you have any involvement in the diagnoses of passenger?
A. No.
…
Q. Do you recall being questioned earlier about some of the charted notes on Mr. Smith's medical chart by other doctors and nurses?
A. Yes.
Q. Do you have any knowledge about their notes or why they had made their notes in the medical chart?
A. No.

ECF No. 116-3, Tr. 58:23-58:25, 59:21-59:25, 102:3-102:9 (Nurse Dube's Deposition).

26. Disputed as to the summarization of testimony taken out of context.

28. Disputed as to the summarization of the note without including the full context of the note.

29. Disputed as to the summarization of testimony.

Q. Okay. Did any possible causes come to mind as to why he may not be able to walk?
A. Yeah. There may be different causes.
Q. Okay.

A. It varies. Some conditions -- for example, if the patient is lethargic due to diabetes, if the patient has this, the -- if the patient is having immobility problems.
Q. And if their limbs are -- are not functioning properly?
A. If the limbs are weak, yes.
Q. And that could be related to something other than diabetes, correct?
A. Yes.

ECF No. 116-3, Tr. 85:11-85:24 (Nurse Dube's Deposition).

30. Disputed as Nurse Dube testified that she did not have an independent recollection of Mr. Smith.

Q. And do you have any personal recollection of Mr. Smith?
A. I don't have an independent recollection of this patient.

ECF No. 116-3, Tr. 34:13-34:16 (Nurse Dube's Deposition).

31. Disputed as to the summarization of the medical records.

32. Disputed as to the summarization of the medical records.

33. Disputed as to the summarization of the medical records. Further disputed as a last known well time is documented in the Medical Chart describing when Mr. Smith's symptoms first arose.

34. Disputed as to the conclusions derived from the summarization of the shipboard medical records.

35. Disputed as to the summarization of testimony.

37. Disputed as to the summarization of the medical records.

38. Disputed as to the summarization of the medical records.

39. Disputed as to the conclusion and summarization of the medical records.

40. Disputed as to the summarization of testimony taken out of context.

A. That would be unreasonable to assume. And this is not a full neurological exam. If done in context of the patient, if a patient is completely uncomfortable, I'm not going to subject them to a long exam multiple times. If they walk to the bathroom, I'm going to consider that as testing their gait. If they're standing, I'm going to

> consider that as part of the exam. If they're able to lift themselves up, I'm going to consider that as part of strength testing. It's not very reasonable as a clinician to go and make the patient more uncomfortable when they're already in distress. So there's certain parts of everyday activity that we use as part of our exams.
> Q. Okay. Did you ever do a finger-to-nose test?
> A. I don't recall. If -- if it's documented there, then I did. If it's not documented, then I don't recall if I did it.
> Q. Do you ever recall doing a heel-to-shin test?
> A. Again, the same answer. If it's documented, then I did. If it's not documented, I don't recall doing it.
> Q. Okay. I -- well, you reviewed the document before, and did you see anywhere in the document, the medical record, where you performed that test, either of them?
> A. So -- so that will be in the neurological note. Let me look through all the neurological notes.
> Q. Okay.
> A. It's not that -- it's not in that one. It's not in that one. No, they're not in the neurological note, so I can't say if I've done them.

ECF No. 116-2, Tr. 134:13-135:19 (Dr. Maharaj's Deposition).

41. Disputed as to the summarization of testimony taken out of context.

> A. …If done in context of the patient, if a patient is completely uncomfortable, I'm not going to subject them to a long exam multiple times. If they walk to the bathroom, I'm going to consider that as testing their gait. If they're standing, I'm going to consider that as part of the exam.

ECF No. 116-2, Tr. 134:13-134:20 (Dr. Maharaj's Deposition).

42. Disputed as to the summarization of testimony taken out of context.

43. Disputed as to the summarization of the medical records.

45. Disputed as to the summarization of the medical records.

49. Disputed as to the summarization of testimony taken out of context.

52. Disputed as to the conclusion that Nurse Dube had knowledge of the actions of other doctors and nurses.

> Q. Do you recall being questioned earlier about some of the charted notes on Mr. Smith's medical chart by other doctors and nurses?
> A. Yes.
> Q. Do you have any knowledge about their notes or why they had made their notes in the medical chart?

A. No.

ECF No. 116-3, Tr. 102:3-102:9 (Nurse Dube's Deposition).

63. Disputed as to statements Defendant's counsel may have made in pleadings being considered an "undisputed fact."

65. Disputed as to the summarization of testimony. *See* ECF No. 110-10 (Dr. Gomez's Deposition).

67. Disputed as to the summarization of testimony. Plaintiff combines and conflates numerous different portions of Dr. Gomez's deposition testimony and attempts to use as an "undisputed fact."

71. Disputed as to the summarization of testimony. Plaintiff combines and conflates different portions of Dr. Parejo's deposition testimony and attempts to use as an "undisputed fact." Specifically, Plaintiff references two different areas of testimony – one referencing BEFAST and one referencing Cincinnati Prehospital Stroke Scale – though states that this is Dr. Parejo's testimony regarding "BE-FAST." ECF No. 116, ¶71. The full cited testimony is as follows:

> Q. Oh, this is in reference to strokes. The acronym, I guess it's BEFAST that's used in the medical community and here that helps people –
> A. Yeah.
> Q. -- identify if a stroke could be present. Are you familiar –
> A. Yeah. Okay.
> Q. Okay.
> A. Yeah. I'm familiar with that because that's a -- that's a -- a -- a -- a way of advising individuals, easily identifying obvious signs of a -- of a stroke. So that's aiming specifically for paramedics, layman's people. And it's a very, very simplified form of a neurological exam.
> Q. Okay.
> A. It's not what I -- and that's not what a doctor will do as a neurological exam, really. It's -- I mean, you could do it, but I would expect that as a physician to do more things than -- than -- than was there.
> Q. It's more of a nurse's job to do BEFAST?
> (objection)

A. Anybody can do it. It’s -- it’s something that anybody can do from a paramedic to a neurosurgeon. But what I’m saying is that the capacity of the individual who’s doing it, if you’re a neurosurgeon, if you’re a neurologist, if you’re a doctor, you will find that you can do more than what’s in BEFAST.
…
Q. What is -- could you tell me what the Cincinnati Prehospital Stroke Scale is?
A. I cannot remember the details about it. About -- to -- to describe –
Q. Okay.
A. -- to you the whole thing, but it tells you to see how the person moves, how the person has -- if the person has any kind of deformity on the -- on the mouth. And again, it's -- it's not a scale that as a doctor I will go ahead and use it. As a doctor, I will do a normal neurological exam, which is comprehensive. A doctor will do, for example, an examination of the 12 cranial nerves, and that is not part of the Cincinnati scale. Again, Cincinnati scale is a prehospital basic form of doing an examination. It's not something that as a doctor would be using in the normal practice. You do a complete neurological exam. I will not even do, as -- again, as I said earlier, a Mini-Mental. Which is more conclusive than the -- the -- the -- the – the Cincinnati Stroke Scale to determine the mental status of an individual.

ECF No. 116-10, Tr. 54:13-55:16, Tr. 131:11-132:6 (Dr. Parejo’s Deposition).

74. Disputed as to the summarization and conclusions derived from testimony.

75. Disputed as to the summarization and conclusions derived from testimony.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*

Charles J. Roussin
Florida Bar No. 1010409
*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

David W. Singer, Esq.
Michael A. Hoffman, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*