UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.

Defendants.
______________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR MISCELLANEOUS RELIEF UNDER RULE 56(D) TO DEFER CONSIDERATION OF SUMMARY JUDGMENT AND STATEMENT OF FACTS**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby responds in opposition to Plaintiff's Renewed Motion for Miscellaneous Relief under Rule 56(d) to Defer Consideration of Carnival's Motion for Summary Judgment, as to Statement of Material Facts ¶16 and 34-36 (and Alternatively ¶¶ 14 and 23) Pending Limited Discovery and Incorporated Memorandum of Law [ECF No. 131], and states as follows:

## I. BRIEF SUMMARY OF ARGUMENT

Plaintiff's Motion does not meet the standard for the type of relief Rule 56(d) provides. While the arguments are conflated and disjointed, it appears that Plaintiff first takes issue with a number of Defendant's prior discovery responses and objections during the discovery of this matter. The time for Plaintiff to bring such discovery disputes has long passed, as discovery is closed. Plaintiff failed to move for a discovery hearing and further failed to notify the Court of any issues prior to the close of discovery. Notably, Defendant contemporaneously files its Response in

Opposition to Plaintiff's Motion seeking to reopen discovery, which contain overlapping and similar arguments. ECF No. 155.

Otherwise, Plaintiff's Counsel's Declaration does not meet the appropriate standard to be considered for Rule 56(d) relief as is not based upon "personal knowledge" but rather summarizes and cites to record evidence, procedural posture, and statements of the Court. Even the request for additional discovery does not specify how the speculative discovery would definitively rebut the Defendant's summary judgment arguments. However, most damaging to Plaintiff's argument is the fact that he has already responded in opposition to Defendant's motion for summary judgment using the evidence of record at ECF No. 143 – a concession that additional discovery is not "necessary" to rebut an absence of genuine dispute of material fact.

Finally, for the reasons contained below and as also stated in Defendant's Response to Plaintiff's Motion to reopen discovery and modify the scheduling order – Defendant would be unjustly and unfairly prejudiced by the reopening of discovery after all deadlines have expired and after summary judgment and *Daubert* motions have been filed and are pending before this Court. Plaintiff's failure to act during the discovery period does not constitute due diligence or a showing of good cause. Therefore, Plaintiff's request for Rule 56(d) relief and Plaintiff's Motion should be denied.

## II. LEGAL STANDARD

FRCP Rule 56(d) provides that a court may take action in deferring consideration of a motion for summary judgment when the party shows he cannot present facts essential to justify opposition to summary judgment. FRCP 56(d); *see also Kohser v. Protective Life Corp.*, 649 F. App'x 774, 776 (11th Cir. 2016). "[A] party requesting a continuance under [Rule 56(d)] must present an affidavit containing specific facts explaining her failure to respond to the adverse party's

motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial. The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit her to rebut, through discovery, the movant's contentions. The grant or denial of a continuance is within the sound discretion of the trial court." *Id.*

"A discovery request is properly denied when 'a significant amount of discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues.' " *Bennett v. Langford*, 796 F. App'x 564, 566 (11th Cir. 2019) (affirming denial of motion for an extension of time to complete discovery where plaintiff gave no reason for his failure to make use of the period already granted or why he could not have pursued discovery sooner, suggesting an extension would have served no purpose). "[A] ... court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 776 (11th Cir. 2016) (*quoting Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1307 (11th Cir. 2011)).

In *Kohser*, the Eleventh Circuit affirmed denial of plaintiff's motion for additional time to complete discovery and found that she was not diligent. *Id.* The Court reiterated: "where a nonmovant had ample time and opportunity to complete discovery, but failed to diligently pursue her options, a motion for additional discovery should be denied." *Id*; *see also Mijne v. Experian Info. Sols., Inc.*, No. 23-22694-CIV, 2024 WL 1655475, at *4 (S.D. Fla. Apr. 17, 2024) (Altonaga, J.) (denying plaintiff's Rule 56(d) relief where "Plaintiff had ample opportunity –six months– to conduct discovery in this factually and legally straightforward case."); *Reilly v. Chipotle Mexican Grill, Inc.*, 711 F. App'x 525, 530 (11th Cir. 2017) ("district court was not required to stay ruling

on the motion for summary judgment when Reilly failed to provide good reasons to justify her request for the stay.”).

Further, in *Fisher v. SP One Ltd.*, the Eleventh Circuit specifically affirmed the granting of summary judgment despite the plaintiff’s motion requesting an extension of discovery. 559 F. App'x 873, 878–79 (11th Cir. 2014). In *Fisher*, the plaintiff had “nearly eleventh months of discovery” and yet the plaintiff “gave the court no indication that he would be seeking an extension until the day that discovery was scheduled to close.” *Id.* at 878. “Beyond that, the district court also pointed out that granting a discovery extension would create a chain reaction of delay, pushing back the schedule for summary judgment motions and trial.” *Id.* (“Under these circumstances, we cannot say that the district court abused its discretion by refusing to grant Fisher's last-minute extension.”).

In *Black Box Royalties, Inc. v. Universal Music Publishing, Inc.*, the Eleventh Circuit affirmed denial of a Rule 56(d) motion in a case with four months to conduct discovery, finding the plaintiff “had ample time and opportunity for discovery.” 839 F. App'x 346, 349 (11th Cir. 2020) (“Even after the court later extended the expert discovery deadline, Black Box still did not conduct any discovery.”) (citing *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) (holding that the denial of a Rule 56(d) motion was not an abuse of discretion where, among other things, the court had extended the discovery deadline already)).

*See also*, *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir. 1980) (“Unless dilatory or lacking in merit, [a Rule 56(d)] motion should be liberally treated.”) (internal quotation marks omitted); *id.* at 1322 (“The most common situation in which rule 56[(d)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56[(d)] but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of

the motion for that purpose.") (internal quotation marks omitted); *see also Fla. Power & Light*, 893 F.2d at 1316 (upholding district court's denial of appellant's Rule 56(d) motion where "summary judgment was not granted until approximately two years after the complaint was filed," appellants "were provided with a list of individuals and documents with information relevant to the issues," and the "parties also agreed on a discovery schedule which the trial court extended on several occasions."); 10B Wright, *supra*, § 2740 (Rule 56(d) "will not be liberally applied to aid parties who have been lazy or dilatory."); *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, No. 07-60821-CIV, 2021 WL 4972740, at *5 (S.D. Fla. Mar. 15, 2021) ("While the court will not consider a motion for summary judgment until the parities have had adequate opportunity for discovery, the court need not wait until the end of time. Plaintiffs' own delay and failure to seek discovery timely led to the claimed evidentiary lapses which they now seek to fill through Rule 56(d) relief. They demonstrate insufficient justification for Rule 56(d) protection and their motion is appropriately denied.").

## I. Plaintiff's Failure to Address any Unresolved Discovery Prior to Deadline is Due to his Own Dilatory Actions, Not Warranting Good Cause

A party who fails to seek discovery relief during the discovery period effectively consents to adjudication of summary judgment issues based on the existing record. *Scott v. Carnival Corp.*, No. 1:23-CV-21936-KMM, 2024 WL 1635904, at *2 (S.D. Fla. Mar. 12, 2024), *aff'd,* No. 24-11131, 2025 WL 2402001 (11th Cir. Aug. 19, 2025) ("Moreover, the deadline for the Parties to complete discovery was December 16, 2023. **Therefore, by failing to seek any particular relief regarding Defendant's Rule 30(b)(6) deposition, Plaintiff has 'effectively consented to adjudication of the issues raised in the summary-judgment motion based on the existing record by failing to avail itself of the opportunity to seek further discovery**.' ") (emphasis added) (citing *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1286 (11th Cir. 2019)).

As Plaintiff here failed to seek the requested relief during the discovery period in this matter, he has "effectively consented to adjudication of the issues…based on the existing record." *Id.* Thus summary judgment should not be deferred and adjudication of the issues on the existing record during the discovery period is proper.

This Court should otherwise deny Plaintiff's request for Rule 56(d) because Plaintiff has failed to diligently pursue the additional discovery relief it now seeks during the extended 10+ month course of discovery in this action. To the extent Plaintiff now argues that Defendant's prior objections and document production are unresolved or are somehow still at issue – these arguments were not presented to the Court during the discovery period, though they all pre-date the discovery cutoff. *See e.g.*, Plaintiff's Supporting Exhibits at ECF Nos. 131-15, 131-17 (Defendant's responses and document production dated **March 5, 2026**); ECF Nos. 131-3, 131-5, 131-7 (Defendant's Objections dated **September 23, 2026**); ECF No. 131-18 (Notice of 30(b)(6) Deposition dated **June 8, 2026**); ECF No. 131-21 (Defendant's document production dated **March 26, 2026**). Like many of the Eleventh Circuit opinions above, Plaintiff here was well aware of any discovery disputes during the lengthy course of discovery in this matter and chose to not act. Notably, this Court previously extended the relevant pre-trial deadlines and gave the parties including Plaintiff an additional three (3) months of compliance. ECF No. 46. Plaintiff's continued failure to diligently pursue discovery during this extension does not constitute good cause. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d at 1316; *Black Box Royalties, Inc.*, 839 F. App'x at 349; *Fisher*, 559 F. App'x 873, 878–79. Courts regularly deny motions for additional discovery pursuant to Rule 56(d) when a party was not diligent during lengthy discovery periods – as is the case with Plaintiff here. *In re Chiquita Brands*, 2021 WL 4972740, at *5; *Bennett*, 796

F. App'x at 566; *Mijne*, 2024 WL 1655475, at *4; *Reilly*, 711 F. App'x at 530. Thus, this Court should deny Plaintiff's Motion for Rule 56(d) relief.

## II. <u>Plaintiff's Counsel's Declaration Should be Stricken or Disregarded</u>

Rule 56 of the Federal Rules of Civil Procedure requires that affidavits submitted in support of summary judgment relief shall be made on personal knowledge. Fed.R.Civ.P. 56; *Dannebrog Rederi AS v. M/V TRUE DREAM*, 428 F. Supp. 2d 1265, 1268 (S.D. Fla. 2005). "Any portion of an affidavit that does not comply with Rule 56 may not be considered for purposes of summary judgment." *Neeper v. Carnival Corp.*, 754 F. Supp. 3d 1252, 1263 (S.D. Fla. 2024) (quoting *Ulysse v. Waste Mgmt. of Fla.*, No. 11-80723-CIV, 2013 WL 12177350, at *2 (S.D. Fla. Sept. 9, 2013)).

In *Dannebrog Rederi AS*, the Southern District struck a plaintiff's counsel's affidavit pursuant to Rule 56 for failing to meet this standard:

> Here, Mr. Hooper's affidavit consists of statements that constitute argument. Additionally, other statements provide citations to the record and summaries of the record evidence. Clearly, these statements are not within the personal knowledge of the attorney as they concern factual events that occurred in the case. In fact, the proper place for these references is in the Statement of Material Facts. Finally, other statements are merely counsel's interpretation of Judge Gold's prior Order. Thus, this Affidavit is not in compliance with the directive set forth in Rule 56(e) of the Federal Rules of Civil Procedure.

*Dannebrog Rederi AS*, 428 F. Supp. 2d at 1268 (internal citations omitted). Improper affidavits "which set forth conclusory arguments rather than statements of fact based on personal knowledge ... may be subject to a motion to strike." *Neeper*, 754 F. Supp. 3d at 1263 (citations omitted) (striking portions of Declaration not based upon personal knowledge and constituting an unsupported conclusion).

The majority of the assertions in Plaintiff's Counsel's Declaration are attorney conjecture, record narration, and legal conclusions regarding discovery disputes – not "personal knowledge" testimony as contemplated by Rule 56. Specifically, the following paragraphs merely reiterate

procedural posture and describe the timing of actions in this litigation: ¶¶2, 3, 4, 5, 6, 8, 9, 12, 13, 14. The following paragraphs summarize or cite to evidence of record: ¶¶7, 10, 12. Paragraph 11 also merely cites to Court statements. There is further a false statement of fact in Paragraph 12 "affirming" that "Carnival has not produced any Ninth Brain record" which is false. Paragraph 17 is notably not "personal knowledge" but rather hearsay, pointing to an undisclosed third-party document that was not produced nor provided during discovery – and should be stricken for this reason alone. Thus, as each of the above paragraphs are not based upon "personal knowledge" they should be stricken or disregarded by this Court. *Neeper*, 754 F. Supp. 3d at 1263; *Dannebrog Rederi AS*, 428 F. Supp. 2d at 1268.

Otherwise, it appears that the only paragraphs purporting to be "personal knowledge" of Plaintiff's counsel are ¶¶15-16 – which further fail to meet the Rule 56 standard. Paragraphs 15(a) through 15(c) do not specifically show *how* additional discovery would allow him to rebut a showing of absence of genuine fact. *Guinand-Dao v. Baptist Health of S. Fla., Inc.*, No. 19-24233-CIV, 2021 WL 783824, at *2 (S.D. Fla. Mar. 1, 2021) (denying 56(d) relief as "affidavits do not explain her failure to request and obtain the documents she seeks now, her failure to seek judicial relief sooner, and fail to specify how the additional discovery would enable her to rebut the absence of a genuine issue of fact."). As is the case here, at best Plaintiff proposes that additional discovery will determine "*whether*" Dr. Rantleru learned of Mr. Smith's presentation and "*whether*" he or any member of the medical team contacted shoreside "by radio, Cisco telephone, WhatsApp, or otherwise." ECF No. 131-1, ¶15(a). Further "*whether*" Carnival logged and reported Mr. Smith's gastrointestinal symptoms, *Id.*, ¶15(b), and "*what Carnival did*" for Dr. Maharaj, *Id.*, ¶15(c). All of the requested discovery is wholly speculative and none can show with the requisite specificity how this additional discovery would rebut Defendant's summary judgment arguments. Further,

Paragraph 16 is otherwise speculative and an improper conclusory statement. *Woods v. Paradis*, 380 F. Supp. 2d 1316, 1324 (S.D. Fla. 2005) ("An affidavit has no probative value and must be stricken when it contains conclusions rather than statements of fact.").

Significantly and the most damaging to Plaintiff's arguments here is that Plaintiff has in fact already responded in opposition to Carnival's motion for summary judgment on its merits, without needing any additional discovery it now seeks. ECF No. 143. This is a clear contradiction of Plaintiff's argument that he "cannot present facts essential to justify" opposition to summary judgment, as required for Rule 56(d) relief. *See City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1288 (11th Cir. 2019) (noting that plaintiff "acceded to the entry of judgment on any issue raised in the motion for summary judgment based on the existing record" when opposing summary judgment on the merits). Therefore, Plaintiff Motion should be denied.

## III. <u>Carnival is Unfairly Prejudiced</u>

A district court enjoys "broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless." *King v. Akima Glob. Servs., LLC*, 323 F.R.D. 403, 410 (S.D. Fla. 2017). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Simmons*, 2021 WL 6062633, at *2 (*citing Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted); *Woliner v. Sofronsky*, No. 18-CV-80305, 2019 WL 125704, at *4 (S.D. Fla. Jan. 8, 2019) ("It is clear that Plaintiff's late disclosure of his expert would severely prejudice Defendants, and wreak havoc with the Court's dispositive motion deadline and trial date."); *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 09-21178-

CIV, 2011 WL 13173550, at *2 (S.D. Fla. May 25, 2011) ("Plaintiffs' late disclosure will prejudice the Defendants. Indeed, by failing to disclose an expert witness in their discovery response or by the cutoff date, Plaintiffs permitted Defendants to reasonably believe that Plaintiffs would not utilize expert witness testimony.").

Moreover, a "nonmoving party is 'prejudiced by additional discovery' where it has 'already filed its motion for summary judgment.' " *See Zurich Am. Ins. Co. v. Eur. Tile & Floors, Inc.*, No. 8:16-CV-729-T-33AAS, 2017 WL 638640, at *2 (M.D. Fla. Feb. 16, 2017) (quoting *Ashmore v. Sec'y, Dept. of Transp.*, 503 Fed.Appx. 683, 686 (11th Cir. 2013). "In addition, where the extension will lead to other pretrial or trial deadlines being modified, courts will find that the second factor also weighs against a finding of excusable neglect." *Id* (citing *Wright v. Dyck–O'neal, Inc.*, No. 2:15–cv–249, 2016 WL 3912050, *3 (M.D. Fla. Jun. 27, 2016)).

Here, there can be no question that Carnival would be unfairly prejudiced as it has already filed a Motion for Summary Judgment based on the all the discovery completed within the Court's ordered deadlines. *Zurich Am. Ins. Co.*, 2017 WL 638640, at *2; *Ashmore*, 503 Fed. Appx. at 686. This Court has already extended the discovery deadlines based upon Plaintiff's prior request, and Plaintiff has not shown any good cause for his lack of diligence in engaging in the discovery process including taking requisite depositions and compelling production where he sought fit. To allow Plaintiff's requested extension would "wreak havoc" on this Court's deadlines, as the deadlines for expert disclosures, *Daubert* motions, summary judgment motions, and dispositive pre-trial motions have all elapsed. *Woliner*, 2019 WL 125704, at *4. Such ignorance to this Court's Scheduling Orders and dilatory actions should not be rewarded, and a further additional extension, after discovery is closed and summary judgment has been filed, would be unfairly prejudicial to Defendant.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court deny Plaintiff's Motion for Limited Modification of the Amended Scheduling Order to Depose Defendant Rantleru, Depose Carnival's 30(b)(6) Designee and Permit a Rule 26(e) Supplement by Dr. Gomez Without Moving the Calendar Call or Trial [ECF No. 132], and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*
Charles J. Roussin
Florida Bar No. 1010409
*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

David W. Singer, Esq.
Michael A. Hoffman, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*