UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.

Defendants.
_____________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR MODIFICATION OF THE AMENDED SCHEDULING ORDER**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby responds in opposition to Plaintiff's Motion for Limited Modification of the Amended Scheduling Order to Depose Defendant Rantleru, Depose Carnival's 30(b)(6) Designee and Permit a Rule 26(e) Supplement by Dr. Gomez Without Moving the Calendar Call or Trial [ECF No. 132], and states as follows:

## I. BRIEF SUMMARY OF ARGUMENT

This Court did not "direct" Plaintiff to file any post-discovery motions, but rather instructed that *if* Plaintiff continued to believe discovery was important enough to be taken outside the bounds of discovery cutoff, a formal motion should be filed. ECF No. 312-2. Plaintiff has now filed several motions, totaling over 2,794 pages, requesting this Court again modify its scheduling order, delay the proceedings and pending motions, and allow for extensive discovery beyond the already-

extended pre-trial deadlines. *See* ECF Nos. 120, 121, 129, 131, and 132.[1] Specifically, Plaintiff seeks: (1) a 7-hour deposition of Dr. Rantleru (*see also* ECF No. 121), (2) a 7-hour deposition of Carnival's 30(b)(6) deposition, (3) permission to supplement/revise the expert report of Dr. Gomez, (4) extension of deadlines for dispositive motions and *Daubert* motions.

Plaintiff requests that this Court further extend its already-extended scheduling order to accommodate for Plaintiff's failures to act during the lengthy discovery, without any justifiable reason. The Court contemplated Plaintiff's predicament in the most recent hearing and explained: "I mean, if you take a depo the day before the discovery cutoff, then you run into these issues." ECF No. 312-2, Tr. 22:21-22:22. Otherwise, Plaintiff has already attempted to obtain this relief prior to the discovery cutoff and this Court denied such relief finding no good cause. ECF No. 97.

Not only is Plaintiff's request for further modification of the scheduling order, *after all deadlines have passed*, without good cause – it is also highly prejudicial to Defendant who has already retained and disclosed all experts, filed for summary judgment, and filed *Daubert* motions against Plaintiff's experts including Dr. Gomez. If parties were to be allowed to escape summary judgment and *Daubert* challenges simply by seeking more discovery after learning of all the arguments, there would be no purpose of a Court's scheduling order and pre-trial deadlines. Therefore, Plaintiff's most recent request to extend pretrial deadlines *post hoc*, modify the scheduling order, and engage in an additional 14 hours of depositions, should be denied.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, the Court's scheduling order "may be modified only for good cause and with the judge's consent." *Doe by & through Doe v. Acad. Charter Schs., Inc.*, No. 23-CV-23004, 2024 WL 4165097, at *1 (S.D. Fla. Aug. 21, 2024); Fed. R. Civ. P.

[1] ECF Nos. 120 and 129 were subsequently stricken by Plaintiff, revised, and re-filed, further confusing the issues and multiplying the proceedings.

16(b)(4). The Eleventh Circuit has long clarified that "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Id.*; *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (affirming the district court's denial of motion to amend scheduling order because "[t]he record makes clear that Sosa's failure to comply with the court's scheduling order resulted from a lack of diligence in pursuing her claim"). And it is, of course, the movant's burden to establish good cause; i.e., that the movant has practiced diligence yet still is unable to comply with the scheduling order. *Id.*; *see TIC Park Ctr., 9 LLC v. Cabot*, No. 16-24569-CIV, 2018 WL 4828435, at *4 (S.D. Fla. Aug. 28, 2018) ("The burden of establishing good cause [and] diligence rests squarely on the party seeking relief from the scheduling order."); *Maunlad Trans Inc. v. Carnival Corp.*, No. 18-24456-CIV, 2021 WL 3036557, at *1 (S.D. Fla. Feb. 10, 2021) (Williams, J.) (denying motion to extend discovery deadline because "Plaintiff has cited no authority to suggest that the reasons it articulates constitute good cause to further amend the deadlines in this matter," particularly after the discovery deadline had already been amended).

"[A] ... court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 776 (11th Cir. 2016) (*quoting Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1307 (11th Cir. 2011)). In *Kohser*, the Eleventh Circuit affirmed denial of plaintiff's motion for additional time to complete discovery and found that she was not diligent. *Kohser*, 649 F. App'x at 776. The Court reiterated: "where a nonmovant had ample time and opportunity to complete discovery, but failed to diligently pursue her options, a motion for additional discovery should be denied." *Id*; *see also Mijne v. Experian Info. Sols., Inc.*, No. 23-22694-CIV, 2024 WL 1655475, at *4 (S.D. Fla. Apr.

17, 2024) (Altonaga, J.) (denying plaintiff's Rule 56(d) relief where "Plaintiff had ample opportunity –six months– to conduct discovery in this factually and legally straightforward case.").

Courts within the Eleventh Circuit frequently find that a request for additional time to complete discovery is not warranted where a party fails to be diligent in discovery, where a prior extension was previously granted, and where the request is sought in the last minute when ample time for discovery existed. *See MedFirst Corp. v. Cmty. Health Plan of the Rockies, Inc.*, 143 F. App'x 146, 151 (11th Cir. 2005) (no abuse of discretion in denying extension to complete discovery where party was not diligent in seeking testimony from key witnesses just a few weeks prior to the discovery deadline); *Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 519 (11th Cir. 2019) (no abuse of discretion in denying motion to extend discovery where plaintiff had ample time to complete discovery and obtained prior discovery extensions); *Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013) (denying additional extension of time for discovery where plaintiff does not provide explanation for delay in discovery including delay in bringing discovery matters to Court's attention) (Altonaga, J.); *Doe by & through Doe*, 2024 WL 4165097, at *2 (Torres, M.J.) (denying motion to extend discovery deadline where party has not established good cause to convince this Court to once again amend its scheduling order to excuse their lack of diligence); *Fisher v. SP One, Ltd.*, 559 F. App'x 873, 878 (11th Cir. 2014) (no abuse of discretion in denying "last-minute extension" of discovery deadline where other pretrial deadlines would be pushed back); *Witt v. Stryker Corp. of Michigan*, 648 F. App'x 867, 872 (11th Cir. 2016) ("Because [plaintiff] received ample time to pursue discovery, the district court's decision to hold the litigants to the clear terms of a reasonable scheduling order was not an abuse of discretion.").

## II. <u>LEGAL ARGUMENT</u>

### A. Plaintiff's Request for 7-Hour Deposition of Dr. Rantleru

Defendant reiterates the arguments contained within both its previously filed Response in Opposition to Plaintiff's Motion to Extend Fact-Discovery Deadlines ECF No. 86 (granted in part at ECF No. 97), and Response in Opposition to Plaintiff's Motion for Leave to Take Deposition of Dr. Rantleru after Discovery Cutoff (presently pending at ECF No. 149).

Dr. Rantleru's status as a Defendant is contested. *See* Dr. Rantleru's Motion to Dismiss for Lack of Personal Jurisdiction, presently pending at ECF Nos. 76, 90. Notwithstanding his status as a party in this case, Plaintiff had the ability to depose Dr. Rantleru for many months, as he was disclosed as the senior ship physician by the latest on May 1, 2026. It is undisputed that Carnival's counsel provided multiple deposition dates in July and August for Dr. Rantleru to be deposed. ECF No. 132, pg. 5. Plaintiff in fact set Dr. Rantleru for deposition on August 5, 2026, and then subsequently unilaterally cancelled the deposition. *Id.*

Despite Plaintiff's arguments, Dr. Rantleru's limited involvement and knowledge of all relevant facts related to Plaintiff's October 2024 voyage ***has not changed*** since the inception of this lawsuit. Plaintiff's arguments about document production from October 1st and October 9th were thoroughly and fully addressed by this Court during the October 13th discovery hearing. Any argument to now relitigate these issues that the Court ruled upon is improper and should not be considered. *See* Court's Order at ECF No. 104 and hearing transcript filed by Plaintiff at ECF No. 312-2. Defendant briefly notes that Plaintiff's argument: "No Ninth Brain record for Dr. Rantleru has been produced" is otherwise entirely false, though irrelevant to the issue at hand.

Plaintiff further argues that deposition testimony of an extraneous ship physician on October 12th in an unrelated matter onboard a different vessel should warrant consideration of reopening discovery to depose Dr. Rantleru. This argument is meritless and wholly improper for the reasons stated within Defendant's previously filed Response in Opposition at ECF No. 149.

Defendant briefly reiterates the arguments. A reading of Dr. Gonzalez-Noda's testimony indicates that (like Drs. Maharaj and Rantleru), he is an independent contractor and not an employee of Carnival. As he is not an employee of Carnival, he does not speak as a representative for Carnival or its policies. Dr. Gonzalez-Noda is further not a shoreside physician for Carnival thus it is unclear how he could provide testimony on Carnival's trainings "from shore every month." ECF No. 121, pg. 5. Further, as aforementioned, Dr. Gonzalez-Noda was not working on the same vessel, or with the same medical staff, and most certainly did not treat Plaintiff nor had any involvement or knowledge of the alleged subject incident. To try to allow an independent contractor to speak on behalf of a corporation as a pseudo corporate representative where that contractor had no involvement, no knowledge, and no relationship to the subject plaintiff or claims, is wholly improper.

Plaintiff otherwise raises confusing arguments and positions related to Defendant's discovery responses from June. To the extent Plaintiff took issue with Defendant's objections, it could have been raised during any of the multiple discovery hearings following the June 29th production of documents. Plaintiff failed to raise these disputes within the time frame of the local rules or at any time during the discovery period. There is further no testimony or record evidence that Carnival had any stroke protocols or policies during the subject voyage. Nothing in Nurse Dube's deposition testimony contradicts same. If Plaintiff had issues or questions about her testimony, taken on August 5, 2026, Plaintiff should have raised same within the 2+ months of remaining discovery period but again failed to do so. Finally, Plaintiff's informal discovery requests sought *on the day discovery closed* were not proper, not timely, and Defendant had no obligation to produce such late requested materials that are otherwise subject to objection.

Together, Plaintiff's arguments merely highlight the extensive discovery failures *of Plaintiff* throughout the lengthy 10-month course of discovery that Plaintiff seeks relief from now.

Thus, there was nothing preventing Plaintiff from taking Dr. Rantleru's deposition on August 5th as originally scheduled (or earlier) and Plaintiff's ultimate failure to take the deposition of what Plaintiff believes was a "key witness" is no fault of anyone's but Plaintiff's. This Court should not now modify pre-trial deadlines that have all since elapsed, which would necessarily require a complete reopening of discovery and expert discovery, wasting countless hours and expenses already expended on expert preparation, depositions, and extensive motion practice including summary judgment and *Daubert* motions, to accommodate a deposition that could have and should have been taken months ago. Plaintiff's Motion should be denied.

**B. No Good Cause, No Due Diligence**

"The Eleventh Circuit has long clarified that this good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." ECF No. 97; *TIC Park Ctr., 9 LLC,* 2018 WL 4828434 at *4; *see also EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017). "When a party fails to complete discovery in time, it may move to reopen discovery and the court may, 'for good cause,' grant the motion if the party shows that it failed 'because of excusable neglect.' " *EarthCam, Inc.*, 703 F. App'x at 813; Fed. R. Civ. P. 6(b)(1)(2). "The Supreme Court has generally instructed courts to consider four factors in determining whether a party has shown excusable neglect: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

Plaintiff argues good cause exists. This Court already determined it did not. *See* ECF No. 97 ("Upon review of the papers, Plaintiff has not met his burden to establish good cause to modify the scheduling order".). Nothing has changed since the Court's ruling. Specifically, there is nothing within the October 1, 8, and 9 production that somehow prevented Plaintiff's counsel from taking the deposition of Dr. Rantleru or Carnival's Corporate Representative during the ample discovery period. Plaintiff offers nothing to explain any "excusable neglect" to justify its failures during discovery. Curiously, Plaintiff concedes that he now wishes to depose the Corporate Representative on topics propounded in the *June 8, 2026* notice – which has been idly sitting for nearly five months. Assuming *arguendo*, any new questions or information arose from the October production of documents, Plaintiff could have sought leave to reopen either of these depositions to address such limited issues and not a full-blown reopening of extensive discovery.

Plaintiff confuses the purpose of discovery. Discovery is meant for parties to seek information that is undiscovered – it is not to sit idly by and wait for new information before making an effort to engage in meaningful discovery. To argue that Plaintiff was somehow prevented from taking depositions that were already willingly scheduled with Defendant is meritless and illogical. For the reasons articulated multiple times in Defendant's prior filings, Plaintiff has not and cannot show any due diligence or justifiable good cause for his complete failure to take depositions. Instead, Plaintiff now seeks ***fourteen (14) hours of depositions*** to occur after the discovery cutoff ***and*** to allow Plaintiff's experts to provide new opinions and reports based on the deposition testimony ***and*** extend the pretrial deadlines to allow Plaintiff to supplement his filings with new arguments and undisclosed expert testimony ***and*** have this Court ignore the briefed and pending Motion for Summary Judgment and *Daubert* motions.

Significantly, Plaintiff's prior Motion to Amend Scheduling Order and Extend Pretrial Deadlines, filed on June 4, 2026, sought largely the same relief that the instant Motion seeks: to take the depositions of Dr. Rantleru, Dr. Maharaj, the Master, and "key shipboard witnesses." ECF No. 43. Since that Motion in June, Plaintiff took the deposition of *one* of these witnesses. There has been negligible progress and entirely no diligence by Plaintiff in taking the depositions of the Corporate Representative or Dr. Rantleru though their availability was offered by Defendant. Plaintiff's argument that he is now ready to take the depositions – after the close of discovery and the filing of summary judgment and *Daubert* motions – lacks merit and seeks to obviate this Court's scheduling order by seeking extensive discovery only after all pre-trial arguments have been made. *See e.g., Syffrad v. City of Fort Lauderdale*, No. 0:21-CV-62187, 2026 WL 1574683, at *2 (S.D. Fla. May 8, 2026) ("Plaintiff's Motion does not come close to showing either good cause or excusable neglect." "Defendants filed their motions for summary judgment in October of 2024." "[T]he delay of noticing 'critical' witness depositions falls squarely at Plaintiff's feet."); *Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013) ("The Plaintiff does not present any reasons constituting good cause warranting an additional extension of time. The Court has already granted previous extensions, and the Plaintiff again requests more time to meet the same deadlines required since the original August 1 Scheduling Order.").

Plaintiff wishes to push the reset button on months of litigation and expenses to suit his needs and fix his failures. This does not constitute a showing of good cause.

**C. Dr. Gomez Should Not be Able to Supplement His Report**

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008); *Corwin v.*

*Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) ("[A] supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed."); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) (finding no abuse of discretion in striking expert's untimely supplemental report); *Wilkerson v. Carnival Corp.*, No. 23-CV-24050, 2025 WL 1635247, at *5 (S.D. Fla. June 10, 2025) (striking supplemental expert's report); *Simmons v. Ford Motor Co.*, No. 18-CV-81558-RAR, 2021 WL 6062633, at *3 (S.D. Fla. Dec. 22, 2021) ("As explained by the Court in *Reese*, the late filing precluded the party from using the expert report in opposition to a motion for summary judgment, not solely at trial.").

"[A] party cannot abuse Rule 26(e) to merely bolster a defective or problematic expert witness report." *U.S. v. Marder*, 318 F.R.D. 186, 190 (S.D. Fla. 2016) (citing *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14–CV–24277, 2016 WL 3102225, at *6 (S.D.Fla. June 2, 2016)); *see also Rojas v. Marko Zaninovich, Inc.*, No. 1:09–CV–00705 AWI, 2011 WL 4375297, at *6 (E.D.Cal. Sept. 19, 2011) ("An expert's duty to supplement under Rule 26(e), is not a right to supplement at will."). "**<u>It is not mere 'supplementation' when a party</u>** submits a manifestly incomplete report lacking analysis or a supporting rationale, **<u>waits for the summary judgment deadline to pass, and then submits a fuller report that contains actual reasoning</u>**." *Marder*, 318 F.R.D. at 190 (emphasis added). *See also Rli Ins. Co. v. Alfonso*, No. 19-60432-CIV, 2021 WL 430720, at *13 (S.D. Fla. Feb. 8, 2021) (denying parties "requests—weeks after summary-judgment briefs have been filed—that the Court re-open discovery on the issue of [expert's] new opinions.")

Plaintiff here does exactly what the *Marder* court warns of – attempts to supplement after summary judgment deadline has passed (and has already been filed). This Court should not allow

Plaintiff's expert, Dr. Gomez to supplement his report as any new opinions were not properly disclosed and are highly prejudicial to Defendant. Plaintiff curiously takes issue with the expert disclosure deadline and argues his expert alone should be able to supplement his report. Notably, this is the deadline that Plaintiff set forth and agreed to in the parties' joint motion to amend the scheduling order. ECF No. 45. Plaintiff raised no issue to the timing of these deadlines, nor sought any relief from this Court, until the close of discovery. Plaintiff argues that Dr. Gomez did not have the benefit of other experts' depositions – including Plaintiff's own expert. Plaintiff wholly ignores the fact that when Defendant's expert reports were disclosed there remained nearly an entire month for Dr. Gomez to prepare any type of rebuttal expert report if necessary – which he chose not to do. The fact that the medical experts were not *deposed* prior to Dr. Gomez's report is illogical. *Marder*, 318 F.R.D. at 190 ("The deposition of an expert may only occur after a complete expert report is provided.").

Plaintiff now seeks to allow Dr. Gomez to disclose a supplemental report and opinions, months after the expert deadline and discovery deadline has elapsed ***and*** allow for a continued deposition of Dr. Gomez ***and*** allow for additional *Daubert* motions ***and*** have the Magistrate Judge make a ruling on such motion "***and*** any further *Daubert* motion." ECF No. 132, pg. 16-17. This Court should deny Plaintiff's relief and now allow Dr. Gomez to submit an untimely supplemental expert report.

**D. The Unfair Prejudice to Defendant is Insurmountable Especially Considering Pending Summary Judgment**

A "nonmoving party is 'prejudiced by additional discovery' where it has 'already filed its motion for summary judgment.' " *See Zurich Am. Ins. Co. v. Eur. Tile & Floors, Inc.*, No. 8:16-CV-729-T-33AAS, 2017 WL 638640, at *2 (M.D. Fla. Feb. 16, 2017) (quoting *Ashmore v. Sec'y, Dept. of Transp.*, 503 Fed.Appx. 683, 686 (11th Cir. 2013). "In addition, where the extension will

lead to other pretrial or trial deadlines being modified, courts will find that the second factor also weighs against a finding of excusable neglect." *Id* (citing *Wright v. Dyck–O'neal, Inc.*, No. 2:15–cv–249, 2016 WL 3912050, *3 (M.D. Fla. Jun. 27, 2016)); *see also Young v. Lexington Ins. Co.*, 269 F.R.D. 692, 695 (S.D. Fla. 2010) ("good cause does not exist for the Court to cure that prejudice by overhauling its case management schedule"); *Jean-Baptiste v. City of Miami*, No. 1:23-CV-22670-MD, 2025 WL 360817, at *4 (S.D. Fla. Jan. 3, 2025) ("But it is simply not reasonable to reopen discovery months after Defendant filed its motion for summary judgment.... If the court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless."); *Woliner v. Sofronsky*, No. 18-CV-80305, 2019 WL 125704, at *4 (S.D. Fla. Jan. 8, 2019) ("It is clear that Plaintiff's late disclosure of his expert would severely prejudice Defendants, and wreak havoc with the Court's dispositive motion deadline and trial date.").

Plaintiff incredulously argues that Carnival will sustain no prejudice, but that Plaintiff is prejudiced and should be relieved from his own discovery failures. Notably, if the requested discovery were to be reopened, including the requested *<u>fourteen hours of additional depositions</u>* and allowing Plaintiff's experts to change and/or formulate additional opinions, it would necessarily eradicate all of Defendant's efforts, time, and expenses undertaken to timely obtain all of the testimony and opinions during the discovery period. This would further obviate the pending *Daubert* motions, summary judgment motions, and all the expense and effort to prepare such upon the reasonable belief that discovery was closed.[2] Courts within this Circuit regularly find prejudice

[2] Defendant also refers this Court to the similar and overlapping arguments within Defendant's Response in Opposition to Plaintiff's Renewed Motion to Defer Consideration of Motion for Summary Judgment Pending Limited Discovery, filed separately on the same date as the instant Motion. ECF No. 154.

for parties like the Defendant here, in situations far less egregious than the one Plaintiff argues here.

Specifically, the Eleventh Circuit addressed a very similar set of facts in *EarthCam*, where it affirmed denial of a motion to reopen discovery after summary judgment had been filed. *EarthCam, Inc.*, 703 F. App'x 803 at 814. In *EarthCam*, the plaintiff attempted to justify its delay because "it did not know of the several alleged shortcomings in OxBlue Defendants' forensic production until it deposed Mr. deCraen." *Id.* at 813. The Eleventh Circuit contemplated:

> It is not entirely clear why EarthCam could not figure out the alleged shortcomings sooner, especially since it had already retained its own computer forensic expert, Jim Persinger. Mr. Persinger, at least as contemplated by the investigation protocol, played a significant role in reviewing Mr. deCraen's production. **More importantly, as the district court pointed out, EarthCam chose to depose Mr. deCraen on the last day of discovery**. *See id.* **So even if a deposition was necessary, it was EarthCam's fault for not deposing him sooner**.

*Id.* at 813. The Court further concluded that: "EarthCam bears significant responsibility for failing to complete forensic discovery within the original period prescribed by the district court." *Id.* The case at issue here is similar to *EarthCam* – Plaintiff's own fault for not deposing witnesses sooner does not warrant a reopening of discovery after summary judgment has been filed. Thus, this Court should similarly deny Plaintiff's Motion.

**E. Plaintiff's Request for Additional Discovery Will Never End**

Defendant unfortunately predicted this continued barrage of inappropriate discovery requests and tactics by Plaintiff. ECF No. 93, pg. 11 ("Defendant also anticipates that Plaintiff will continue to raise past discovery production issues, as he has done throughout the entirety of this discovery, and as mentioned in the Plaintiff's Motion."). At some point discovery must be closed, Plaintiff must be required to abide by the Court's scheduling orders, and Plaintiff's failures to act must have consequences. *Rli Ins. Co.*, 2021 WL 430720, at *13 ("If [party] got his way, there

would be nothing federal judges could do to prevent parties from ignoring court orders with impunity—content in the knowledge that weeks or even months after the close of discovery they could simply move, without prejudice, to resurrect deadlines they had blown long ago.”).

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court deny Plaintiff's Motion for Limited Modification of the Amended Scheduling Order to Depose Defendant Rantleru, Depose Carnival's 30(b)(6) Designee and Permit a Rule 26(e) Supplement by Dr. Gomez Without Moving the Calendar Call or Trial [ECF No. 132], and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*
Charles J. Roussin
Florida Bar No. 1010409
*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

David W. Singer, Esq.
Michael A. Hoffman, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*