UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.

Defendants.

________________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S DAUBERT MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF ERIC WATSON [ECF NO. 112]**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files this Reply to Plaintiff's Response in Opposition [ECF No. 146] to Defendant's Motion *in Limine* to Exclude Opinions and Testimony of Eric Watson at Trial Pursuant to *Daubert v. Merrill Dow Pharm, Inc.* [ECF No. 112], and states as follows:

**A. Mr. Watson is Unqualified to Provide his Proffered Opinions Here.**

Plaintiff concedes Mr. Watson has never commanded a vessel the size of the Carnival Pride. [ECF No. 146, pg. 4]. Carnival's qualifications argument is not simply limited to vessel-size though. Mr. Watson has never been on the bridge of a commercial line cruise ship as part of the crew. [ECF No. 112-2, at 54:22 – 56:2]. He has never captioned a ship with medical centers or medical staff. [*Id*. at 40:10 – 16]. He has never had any involvement in planning of air ambulance or helicopter evacuations from a commercial line cruise ship. [*Id*. at 52:2 – 12]. He has no experience coordinating medical evacuations from commercial cruise line ships. [*Id*. at 52:13 –

53:8]. And he has no personal experience relating to helicopter or small vessel transfer from commercial line cruise ships. [*Id*. at 52:13 – 53:8].

Put simply, Mr. Watson is unqualified to offer his opinions here because he has no experience under similar circumstances. Per his report, Mr. Watson is offering "opinions regarding the reconstruction of the position of the cruise ship Carnival Pride on October 18, 2024, ***and the operational feasibility of obtaining shoreside emergency medical care*** following Mr. Smith's evaluation in the medical center." [ECF No. 112-3, at pg. 5] (emphasis added). But as addressed during Mr. Watson's deposition and above, Mr. Watson has never worked in a commercial line cruise ship environment and has never been responsible for obtaining shoreside emergency medical care of a commercial line cruise ship passenger. Therefore, Mr. Watson is not qualified to offer opinions about the operational feasibility of diverting a cruise vessel and coordinating a medical evacuation.

**B. Mr. Watson's Methodology Rests on Unsupported Hypotheticals and His Opinions Are Unhelpful to the Jury.**

In response to Defendant's argument that there is no methodology or basis for Mr. Watson's proposed 19:45 ship diversion time, Plaintiff appears to respond that this time does not matter in evaluating how long it would take to get the patient to shore. [ECF No. 146, pg. 5]. As Plaintiff puts it, "the elapsed time [of ship travel] simply moves with it" if the jury finds a decision should have been made at some time later than 19:45. *Id*. This does not account for sea conditions, weather conditions, the ship position, or sea traffic that would have been encountered at a later hypothetical ship diversion time. There is no documented methodology for Plaintiff's contention that the ship diversion time is irrelevant in determining how long it takes to get a patient to shore.

Again, Mr. Watson's opinion as to the critical decision-making time – 19:45 – assumes that the decision to medically debark Mr. Smith would have been made instantaneously upon the

ship doctor seeing him. His time-it-takes-to-reach-shore opinion also does not consider the time necessary for the ship's doctor to communicate with the bridge or shoreside department to consider diverting the vessel [ECF No. 112-2, 75:25 – 77:6]. Mr. Watson also concedes he did not account for the time to turn the ship around once a decision to divert the ship is made – and he does not know how long it would take the ship to turn 180 degrees. [*Id*. at 85:4 – 22]. There is a lack of methodology given that he has not accounted for practical considerations of a medical evacuation and ship diversion based on a medical emergency.

While Mr. Watson also initially provided opinions regarding ground-transport and patient-transfer, Plaintiff concedes this area is outside Mr. Watson's expertise. [ECF No. 146 at pg. 6]. Therefore, these opinions especially are not admissible as expert testimony.

Mr. Watson's opinions simply boil down to providing a calculation of the quickest possible time the Carnival Pride could have reached Port Canaveral starting at 19:45. This is unhelpful and would mislead the jury because it fails to consider the real-world circumstances of a cruise ship responding to a passenger's onboard medical emergency and the logistical considerations a cruise ship captain must confront. Mr. Watson lacks experience in handling a similar scenario on a commercial line cruise ship, his opinions lack a reliable methodology for effectuating a medical evacuation, and his simple calculation of time will not assist the trier of fact.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court grant its Motion *in Limine* to Exclude Opinions and Testimony of Eric Watson [ECF No. 112], and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ W. Cooper Jarnagin*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*
Charles J. Roussin
Florida Bar No. 1010409
*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ W. Cooper Jarnagin*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

David W. Singer, Esq.
Michael A. Hoffman, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*