UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.

Defendants.
_____________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR FINAL SUMMARY JUDGMENT**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby replies to Plaintiff's Response in Opposition [ECF No. 143] to Defendant's Motion for Summary Judgment [ECF No. 109], and states as follows:

## I. Brief Introduction of Argument

At the time of filing summary judgment, Counts VII, VIII and IX of the Second Amended Complaint were pending. This Court has since found these counts and punitive damages were adequately pled at the initial pleading stage. ECF No. 123. Causation is a necessary element of each of these allowed claims, which Carnival's motion for summary judgment explains is not established here. Thus, the causation arguments within the Motion for Summary Judgment extend to and apply to each of the negligence claims in Counts VII, VIII and IX. As causation is an essential element of each of these negligence claims, summary judgment is warranted on these Counts as well.

Plaintiff's Response attempts to create genuine issues of material facts by using hypothetical scenarios and speculative expert testimony. At best, Plaintiff concedes that his proffered causation analysis has "missing links" and is based upon speculative testimony, which cannot present a genuine issue of material fact to defeat summary judgment. Otherwise, there continues to be no genuine issue of material fact to support causation. To be clear, and as Plaintiff points out, there are disputed facts contained in the record evidence – however, none of these alter or affect the ultimate conclusion that Plaintiff cannot show causation. As to the relevant and critical timeline of events, even using the best set of facts for Plaintiff from all of the record evidence, Plaintiff has not shown causation of his injuries by Carnival. Specifically, there was nothing Carnival nor its medical personnel could have done to prevent Plaintiff's injuries or alter his outcome. Plaintiff cannot show a genuine dispute of material fact to support causation of Plaintiff's injuries. As the causation element necessarily fails in each of the negligence claims against Carnival, summary judgment is warranted in its favor on Counts III-X.[1]

## II. Legal Argument and Reply

### A. The Disputed Timeline Does Not Alter a Finding of No Causation

While there is dispute about the underlying timeline of events, there is no genuine dispute that Mr. Smith's injuries could not have been changed in *any* timeline of events set forth by the record evidence. Each and every claim against Carnival relies upon allegations that Carnival was negligent for Plaintiff's damages including the untimely and improper actions of its crew members or medical staff. Based on all of the record evidence, Plaintiff has presented no timeline of events to support that any actions or inactions of Carnival's crew members or medical staff would have

[1] This Motion speaks to claims against Defendant Carnival only, as Dr. Maharaj's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 77], and Dr. Rantleru's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 76], are presently pending before this Court.

prevented his stroke damages, or would have changed Mr. Smith's outcome. Carnival briefly responds to each of the arguments in turn.

***i. Last Known Well Time***

The last known well time (LKWT) is disputed – however this does not change the fact that even considering the most favorable LKWT to Plaintiff, presented by his experts, there were no actions or inactions by Carnival to prevent causation of Plaintiff's injuries.

*a. Plaintiff's Expert, Dr. Gomez's Testimony*

Plaintiff now somehow attempts to alter his own expert, Dr. Gomez's, testimony to support his responsive argument. Dr. Gomez testified that Mr. Smith's LKWT was on October 16th based upon the nurse's triage note. ECF No. 110-10, Tr. 63:23-64:9; ECF No. 110, ¶23. Plaintiff then points to a portion of Dr. Gomez's testimony taken out of context, opining that a clinical note made on October 18th was not accurate. This does not change the LKWT that he testified to. This is further confirmed in his report where he provides in two separate places that upon Mr. Smith presenting to the Medical Center on October 18th, he had "reported severe recurrent vomiting, described as more than ten episodes *over the preceding two days*." ECF No. 110-8, pgs. 5, 10. Dr. Gomez's testimony and opinions[2] do not alter the causation analysis.

*b. Plaintiff's Expert, Dr. Razack's Testimony*

Dr. Razack testified that Mr. Smith's LKWT was at 7:15 p.m. (19:15) on October 18th:

> Q. When was Mr. Smith's last known well time?
> A. I believe it was October 18th at 19:15 UTC hours.
> Q. 19:15 UTC?
> A. Yes.
> …
> Q. Okay. And what was it about those entries in those records that led you to believe that 19:15 was the last known well time?

[2] Likely seeing that such testimony is fatal to Plaintiff's claims, Plaintiff has untimely moved for an extension of time to supplement Dr. Gomez's report and alter his opinions in this case, after all relevant deadlines have passed. This request should be denied for the reasons in Defendant's Response motions filed at ECF Nos. 154, 155.

> A. That's when he started having weakness and I think a nurse first contacted him described him as being weak and unable to stand.

ECF No. 110-11, Tr. 49:14-49:18, Tr. 58:16-58:21; ECF No. 110, ¶24[3]. Importantly, 7:15 p.m. on October 18th is the ***latest*** LKWT based on all evidence of record. Though Defendant disputes this, even using such in the calculations, it still does not alter a finding of no causation. In fact, Defendant uses Plaintiff's own experts LKWT to definitively show that there can be no finding of causation based on the evidence of record, even using all of Plaintiff's experts opinions most favorable to Plaintiff.

*c. Plaintiff's Testimony*

Further, Plaintiff's own inability to testify during deposition about his condition on October 18th and 19th further does not alter the causation analysis. Despite his inability to remember, Plaintiff is not a medical professional and his determination of when he was last well is irrelevant. Notwithstanding, Plaintiff also testified that he began to feel unwell on the morning of October 18th. ECF No. 110-4, Tr. 105:6-105:18.

*d. Gastrointestinal illness discovery*

Plaintiff then argues in two paragraphs that this Court should ignore all of the record testimony of a last known well time because of gastrointestinal documents that may or may not have existed. The argument lacks merit and logic. Regardless of what documents may exist in the world about documenting gastrointestinal issues, this does not somehow alter or defeat the argument that the absolute latest LKWT of Plaintiff was determined by his own experts to be October 18th at 7:15 p.m. Defendant has previously responded in opposition to Plaintiff's argument that discovery should be re-opened to allow for discovery into this irrelevant document production. See ECF Nos. 154, 155.

---

[3] Plaintiff is correct that Carnival's Statement of Material Facts had a typo. ECF No. 110, ¶24.

*e. "Missing Links" in Causation Further Support Summary Judgment*

Plaintiff argues Defendant failed to "establish impossibility as a matter of law." ECF No. 143, pg. 8. This is not the standard, nor what Defendant has argued. The burden is upon Plaintiff to establish each element of his claim – not for Defendant to prove impossibility. Rather, Defendant points out that causation <u>based on the record evidence</u> is impossible. Curiously, Plaintiff now argues that its own experts' testimonies are speculative. This does not help Plaintiff as "[s]peculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment." *Rodriguez v. Carnival Corp.*, 832 F. Supp. 3d 1263, 1266 (S.D. Fla. 2026) (*citing Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005)). Plaintiff's argument that there are missing "remaining links" in Dr. Razack and Captain Watson's testimonies further indicate that summary judgment is warranted.

Stated a different way, any ambiguities and missing gaps in Plaintiff's expert's testimony is problematic for *Plaintiff's* burden to prove causation. Defendant's Motion for Summary Judgment merely pointed out that even taking all of the problematic testimony in the record as true, Plaintiff *still* would not be able to prove causation. Thus, as Plaintiff agrees that the causation link is based on "assumptions" rather than undisputed facts, this cannot create a genuine issue of material fact to defeat summary judgment. Thus, considering all of the record evidence, Plaintiff cannot prove the element of causation, fatal to each of its negligence claims against Carnival.

*f. The Disputed LKWT Does Not Create a Genuine Issue of Fact for Causation*

In sum, and to be clear, any conflicting evidence or disputed facts as to the LKWT does not in any way change the conclusion that causation cannot be established. Specifically, even using the absolute latest LKWT, in light most favorable to Plaintiff, and as confirmed by his experts – there was no action or inaction that could have or could not have been done by Carnival's crew

members and medical staff to prevent Plaintiff's claimed injuries. As the essential element of causation cannot be established, negligence against Carnival cannot be found, and Carnival is entitled to summary judgment on the claims against it.

**B. No Record Evidence that Delay Caused Mr. Smith's Injury**

There is no record evidence demonstrating that any delay caused or contributed to Mr. Smith's injuries, even by Plaintiff's own experts.

*a. Dr. Gomez Conceded that he Could Not Opine as to Delay Causing Mr. Smith's Neurologic Injuries*

Dr. Gomez's opinion that any delay by Carnival's crew members or medical staff would have resulted "in a better neurologic outcome" was outright extinguished by his deposition testimony where he admitted to not actually being able to say this, as outside his scope of his qualifications and experience. *Compare* Dr. Gomez's Report ECF No. 110-8, pg. 22 with Dr. Gomez's Testimony at ECF No. 110-10. Although Plaintiff now seems to rely upon Dr. Gomez's impermissible opinions, Plaintiff's counsel previously agreed that Dr. Gomez was "not here to testify to that" as being "outside the scope." ECF No. 110-10, Tr. 98:1-98:5. Specifically, Dr. Gomez testified:

> Q. So you have opined in this case, that earlier recognition and shore-side transfer, more likely than not, would have resulted in a better neurological outcome, that is the opinion you rendered in this case?
> A. Yes.
> Q. All right. You specifically stated here in the report, which I can pull up, that the available evidence in the case does not permit your to quantify the extent to which earlier recognition and transfer would have reduced the final infarct volume, correct?
> A. Yes.
> Q. You are unable to quantify the degree of which earlier recognition and transfer would have reduced the cerebral edema?
> A. Yes, correct.
> Q. You are unable to qualify the extent upon which earlier recognition and transfer would have reduced the mass effect?
> A. Correct.

> Q. And you are specifically unable to quantify the extent to which earlier recognition and transfer would have reduced the long-term neurologic deficits to Mr. Smith, correct?
> A. Yes, correct.
> Q. So what that means, to sort of break it down into smaller terms is that you can't tell us how much smaller the infarct would have been, if smaller at all, had he been transferred to a shore-side center sooner?
> A. Correct.
> Q. You can't quantify how much cerebral edema, if any, would have been avoided with earlier transfer and treatment at a shore-side center?
> A. Correct.
> Q. And you can't quantify how much mass effect, if any, would have been avoided with if an earlier transfer to shore?
> (Objection)
> A. Correct.
> Q. And ultimately, you cannot quantify the reduction in long-term neurologic deficits, correct?
> A. Yes.

ECF No. 110-10, Tr. 96:11-98:12. Dr. Gomez's inability to explain his causation opinion to any quantifiable degree is fatal. *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1192 (11th Cir. 2025) (affirming granting of summary judgment where doctor could not say whether plaintiff would have been saved); *McDowell v. Brown*, 392 F.3d 1283, 1301 (11th Cir. 2004) (summary judgment proper where expert's testimony was excluded as "he could not quantify what [plaintiff's] condition would have been had surgery occurred at an earlier point"). Therefore, Dr. Gomez's speculation[4] does not create a genuine issue of material fact to survive summary judgment.

*b. Dr. Razack Did Not Provide any Opinions as to Delay Causing Mr. Smith's Injuries*

Plaintiff relies upon the last sentence in Dr. Razack's report, which states in conclusory fashion: "This delay contributed to confirmed infarction with subsequent edema, ICU monitoring,

[4] Arguments precluding Dr. Gomez's opinions are further contained within Defendant's *Daubert* Motion, presently pending at ECF No. 114.

and irreversible harm." ECF No. 110-9, pg. 3. However, during deposition Dr. Razack abandoned the opinions in his report and said they were no longer relevant:

> Q. All right. I put up on the screen what we're going to mark as Defendant's Composite Exhibit B. This is, as I understand it, to be your expert report dated June 15, 2026; is that correct, doctor?
> A. Yes. I -- Since I read this I've changed my opinions so I don't think it's relevant anymore.

ECF No. 110-11, Tr. 10:24-11:4.[5] Dr. Razack's testimony provides no opinions on any causation or connection with any delay and the "subsequent edema, ICU monitoring, and irreversible harm" that Plaintiff argues now. *See* ECF No. 110-11. The deposition testimony is devoid of any mentions of these alleged subsequent issues of Mr. Smith. *Id.* Thus, there is no record evidence that Plaintiff can point to showing that any delay caused or contributed to Mr. Smith's injuries.

**C. Dr. Gomez's Loss of Chance Opinion**

Plaintiff repeats the same problematic testimony addressed above in Section B, thus Defendant does not directly respond again to these arguments. Defendant however responds briefly to Plaintiff's characterization that Dr. Gomez's opinion is not a true "loss of chance" opinion. Dr. Gomez opines that Mr. Smith was deprived "of a materially better opportunity for timely diagnosis, hospital-level neurological monitoring, and definitive stroke care" and testified that "there might have been a better window of opportunity of treatment for Mr. Smith, but because those standard of cares were deviated or breached, the opportunity was closed within the time the patient was on board." ECF No. 110-8, pg. 21; ECF No. 110-10, Tr. 17:12-18. These are exactly the type of "loss of chance" and "loss of opportunity" speculative opinions that are impermissible for failing to meet the "more likely than not" standard. *See Guinn v. AstraZeneca Pharms. LP*, 602 F.3d 1245, 1256 (11th Cir. 2010); *see also Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015,

---

[5] Defendant has otherwise moved to preclude the new and improperly disclosed opinions of Dr. Razack presented during his deposition. *See* ECF No. 111.

1018 (Fla. 1984); *Prieto v. Total Renal Care, Inc.*, 843 F. App'x 218, 223 (11th Cir. 2021); *Chiarino v. United States*, 189 F. Supp. 3d 1371, 1384 (S.D. Fla. 2016) (citing *Santa Lucia v. LeVine*, 198 So. 3d 803, 809 (Fla. 2d DCA 2016)); *Dayton v. United States*, No. 8:22-CV-2366-CPT, 2024 WL 4349330, at *13 (M.D. Fla. Sept. 30, 2024); *see also generally*, *Kuhne v. Fla. Dep't of Corr.*, 618 F. App'x 498, 506 (11th Cir. 2015). Thus, these opinions cannot prove causation.

**D. Punitive Damages Demand Necessarily Fails**

Plaitniff's claim for punitive damages is necessitated upon the survival of the underlying claims, which cannot stand due to failure to establish causation. A punitive damages claim is derivative of a plaintiff's tort claim, and where a court has dismissed a plaintiff's underlying tort claim, dismissal of a plaintiff's punitive damages claim is also required. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1304–05 (11th Cir. 2009) ("Because the court has concluded that Taser Defendants are entitled to summary judgment with respect to all the Plaintiffs' substantive claims, the claim for punitive damages cannot survive."). As the underlying claims fail for lack of the essential element of causation, the punitive damages claim necessarily fails.

Defendant briefly notes that Plaintiff's argument for deferred determination is unfounded as Plaintiff has responded to Defendant's summary judgment on the merits. *See City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1288 (11th Cir. 2019) (noting that plaintiff "acceded to the entry of judgment on any issue raised in the motion for summary judgment based on the existing record" when opposing summary judgment on the merits).

Otherwise, Plaintiff offers one sentence as to why punitive damages should survive: "Under any standard, a record showing that Carnival placed a physician it never tested aboard a ship with no CT scanner and no stroke protocol, and has withheld the communications showing

who knew of Mr. Smith's condition and when, presents questions of knowledge and intent for the jury." ECF No. 13. As contained in Defendant's Motion for Summary Judgment, the allegations at best give rise to claims of simple negligence, and merely adding the words with "knowledge and intent" do not raise the claims to the requisite high standard of intentional misconduct necessitated to warrant punitive damages. The Eleventh Circuit has described instances of intentional misconduct as "very rare." *Noon v. Carnival Corp.*, No. 18-23181-CIV, 2019 WL 8370846, at *13 (S.D. Fla. Nov. 6, 2019). *See also Foster v. Royal Caribbean Cruises Ltd.*, 812 F. Supp. 3d 1294, 1303 (S.D. Fla. 2025); *Incardone v. Royal Caribbean Cruises, Ltd.*, 2020 WL 2950684, at *6; *Hall v. Carnival Corp.*, 536 F. Supp. 3d 1306, 1312 (S.D. Fla. 2021). Therefore, Plaintiff's claim for punitive damages does not survive summary judgment.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court grant Defendant's Motion for Summary Judgment [ECF No. 109], and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*
Charles J. Roussin
Florida Bar No. 1010409

*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

David W. Singer, Esq.
Michael A. Hoffman, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*