UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,
v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.

Defendants.
_____________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO *DAUBERT* MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DR. RAZACK AND ANY NON-DISCLOSED EXPERT OPINIONS [ECF NO. 111]**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files this Reply to Plaintiff's Response in Opposition [ECF No. 148, "Response"] to Defendant's Motion in *Limine* to Exclude Opinions and Testimony of Nasser Razack, M.D. at Trial Pursuant to *Daubert v. Merrill Dow Pharm, Inc.*, and Preclude any Non-Disclosed Expert Opinions [ECF No. 111], and states as follows:

## I. Dr. Razack Cannot Provide Standard of Care Opinions of What a Cruise Ship Doctor Should Have Done, Nor was He Disclosed as Such an Expert

Dr. Razack is not offered to be a cruise ship standard of care expert. Such would be cumulative as Plaintiff offers Dr. Gomez for this opinion. Dr. Razack further is not offered to provide opinions as a "first-line" physician – likely because he is *not* a "first-line" physician. Specifically, Dr. Razack has been disclosed as an expert in neurological context only:

> Dr. Razack is expected to testify regarding the interpretation of Mr. Smith's neuroimaging, including the non-contrast head computed tomography performed at MedStar Harbor Hospital on October 20, 2024, demonstrating hypodensity within

> the right superior cerebellum consistent with an acute infarct in the right superior cerebellar artery territory; the timing and establishment of the infarct; the clinical incompatibility of the shipboard neurological examinations documented by Dr. Nikhil Maharaj with an established right superior cerebellar artery territory infarct; the deviations from applicable standards, including the standards referenced in Carnival's stated shipboard medical policy and ACEP-recommended practices for suspected acute ischemic stroke and for acute dizziness and vertigo; and causation.

*See* Plaintiff's Expert Disclosure, ECF No. 110-2. Dr. Razack was never disclosed to opine on the standard of care for a shipboard doctor, what the ship doctor should have done, "should have found," or any opinions related to the decisions or competencies of a "first-line physician." Thus, Dr. Razack is not permitted to provide opinions of "what the referring physician should have found" as Plaintiff argues. Response, pg. 6. "Qualification is assessed in reference to the matter to which the expert seeks to testify—i.e., 'to the task at hand.' " *Brashevitzky v. Reworld Holding Corp.*, 348 F.R.D. 107, 114 (S.D. Fla. 2024) (citing *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 854 (11th Cir. 2021)). "It is for that reason that expertise in one field does not qualify a witness to testify about others." *Id.* Therefore, Defendant's Motion should be granted as Dr. Razack cannot provide opinions related to the shipboard doctor's actions as not within his area of expertise and further not properly disclosed to provide such opinions.

## **II. Dr. Razack's Opinion of Last Known Well Time is Contrary to Record Evidence and Should be Excluded**

While experts are free to provide conflicting opinions on record evidence facts, an expert opinion that is belied by the evidence is not admissible. *Ferguson v. Bombardier Servs. Corp.*, 244 F. App'x 944, 949 (11th Cir. 2007) (no abuse of discretion in excluding expert testimony after "district court concluded that such an assumption was belied by the evidence."). Dr. Razack's opinion that Mr. Smith was well up until October 18th at 7:15 p.m., when he arrived in the Medical Center, is not based in fact and is contradicted by the underlying record evidence, including Plaintiff's own testimony and Plaintiff's own expert's opinions. *See* shipboard medical note ECF

No. 110-5, pg. 1; Dr. Gomez's Report, ECF No. 110-8, pgs. 5, 10; Dr. Gomez's testimony, ECF No. 110-10, Tr. 63:23-64:9; Plaintiff's testimony, ECF No. 110-4, Tr. 105:6-105:18. No other expert, including other experts retained by Plaintiff opine that Mr. Smith's last known well time was 7:15 p.m. on October 18th. *Brashevitzky v. Reworld Holding Corp.*, 348 F.R.D. 107, 115 (S.D. Fla. 2024) ("An expert opinion is inadmissible when the only connection between the conclusion and the existing data is the expert's own assertions.") (citing *McDowell v. Brown*, 392 F.3d 1283, 1300 (11th Cir. 2004) ("Just as an opinion is unreliable if it is based upon an analytical leap that is too great between the underlying information and the proffered opinion, there is not a 'fit' for purposes of the helpfulness prong when 'a large analytical leap must be made between the facts and the opinion.' ")). Therefore, Dr. Razack's last known well time opinion is not reliable nor appropriate, as not fitting the underlying facts – and should be precluded.

## III. Dr. Razack's Hypothetical Opinions Should be Stricken

It appears that Plaintiff argues Dr. Razack's causation opinion should stand as Carnival has not proven causation to be "impossible." This is not Defendant's position. Rather, Defendant posits that even taking all of *Plaintiff's experts own* testimony as true, the opinions do not support causation. Further that Dr. Razack's opinions cannot show causation even assuming that his unsupported opinions were taken as true. Causation is an element that Plaintiff must establish to support his claims of negligence – not that Defendant must prove "impossibility."

Otherwise, Plaintiff's Response blatantly points out the fatal flaws of the hypothetical and speculative nature of Dr. Razack's opinions – and argues it should be for jury determination. However, it is the role of the court to preclude speculative expert testimony from reaching a jury. *Brashevitzky*, 348 F.R.D. at 114 ("Trial courts must act as gatekeepers to ensure that expert opinions meet the standards for admissibility and that speculative and unreliable opinions do not

reach the jury."); *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1245 (11th Cir. 2005) ("Subjective speculation that masquerades as scientific knowledge does not provide good grounds for the admissibility of expert opinions.").

Dr. Razack opines that had Mr. Smith "been diagnosed earlier, a lot of these things would have – could have been prevented." Response, pg. 10. Notably, this opinion is speculative in itself. Dr. Razack further testified:

> ***If he had*** a cerebella testing – tested, because of this imaging right here, ***more likely than not he would have seen*** he had this metric, just like Mr. Bennet found out, and more likely than not, ***if he had elicited*** a proper history, ***he would have diagnosed this*** as being a right cerebella stroke and ***more likely than not would have initiated*** their own protocol to evacuate Mr. Smith to get a high level of care.

ECF No. 110-11, Tr. 66:17-67:3. His opinion impermissibly compounds speculation to reach a conclusion supporting causation. Dr. Razack's other opinions fare no better. "Dr. Razack also testified that Mr. Smith ***'may have been'*** a thrombectomy candidate on October 18." Response, pg. 10. Further, Plaintiff argues that Dr. Razack "***did not know, and testified he could not know***" about the Cape Canaveral hospital's door-to-needle time, a necessary computation for Plaintiff's ability to obtain thrombolytic medication. Response, pg. 11. Thus, the testimony and opinions of Dr. Razack are entirely speculative and impermissible as unreliable and unhelpful.

The extensive gaps in Dr. Razack's testimony and causation analysis are fatal to proving *Plaintiff's claims* – not as to Defendant's arguments. The burden is on Plaintiff to prove causation, not Defendant. Defendant's argument regarding Dr. Razack's opinions was to demonstrate that even <u>based on Dr. Razack's own testimony (taken as true)</u> was impossible.[1] They were not somehow agreeing to the timeline of events that Plaintiff's experts' posed. Thus any "gap" is not "Carnival's theory" as it is derived solely from the Plaintiff's experts, which even in the most

[1] *See also* Defendant's Reply to Response to Motion for Summary Judgment.

favorable light, cannot show causation. Therefore, Dr. Razack's opinions should be precluded as speculative and unreliable, but also even assuming truthfulness of the opinions *still* would not prove causation and thus are thoroughly unhelpful.

## IV. Dr. Razack's Undisclosed Expert Opinions Should be Precluded and are Not Harmless

Plaintiff argues that Dr. Razack's new opinions during deposition "not stated in his report" should not be stricken as "the failure is harmless." Plaintiff cites to no case law suggesting same. Defendant briefly refers to the ample case law supporting preclusion as contained fully in Defendant's Daubert Motion. *See* ECF No. 111; *Martin-Viana v. Royal Caribbean Cruises Ltd.*, 733 F. Supp. 3d 1308, 1325 (S.D. Fla. 2024) (precluding expert from testifying at trial as to the late opinions that he conceded were not disclosed in his report but "sort of implied"), *reconsideration denied*, No. 23-CV-21171, 2024 WL 3160676 (S.D. Fla. June 24, 2024); *Acosta v. Electrolux N.A.*, No. 08-60213-CIV, 2008 WL 5246160, at *5 (S.D. Fla. Dec. 16, 2008). *See also*, *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1142 (S.D. Fla. 2016) ("Because Defendant did not know that Dr. Suite had changed his diagnosis until the deposition, Defendant was deprived of the opportunity to prepare for effective cross-examination."); *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational."); *U.S. v. Marder*, 318 F.R.D. 186, 192 (S.D. Fla. 2016) ("After all, the purpose of the rule governing expert witness disclosure requirements is to safeguard against surprise.").

### A. This Court Should Not Allow Dr. Razack to Provide Further Testimony to "Explain Himself"

Even further, Plaintiff now seeks to elicit *additional* non-disclosed expert testimony from Dr. Razack at a proposed one-hour hearing before this Court – *after* expert and rebuttal expert deadlines have long expired, *after* discovery has closed, *after Daubert* motions have been fully briefed, and *after* summary judgment has been fully briefed. Plaintiff provides no explanation as to why Dr. Razack failed to provide such explanations or reasoning in his own report or during deposition, and should now be allowed to supplement. Plaintiff's eleventh-hour attempt to fix the "gaps" Defendant has pointed to in Dr. Razack's testimony and opinions is improper and in direct contradiction to the purpose of the Federal Rules. *Reese*, 527 F.3d at 1266 ("failure to comply with Rule 26(a) was both unjustified and harmful to the defendants"); *Marder*, 318 F.R.D. at 192 ("After all, the purpose of the rule governing expert witness disclosure requirements is to safeguard against surprise."). This new request to supplement Dr. Razack's expert opinions, raised for the first time in the Response Motion, now marks Plaintiff's second attempt to improperly supplement expert opinions in this matter. *See* Defendant's Response in Opposition to Plaintiff's Modification of Amended Scheduling Order to Supplement Dr. Gomez Report at ECF No. 155. Plaintiff's request here should similarly be denied.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court grant its Motion in *Limine* to Exclude Opinions and Testimony of Nasser Razack, M.D. at Trial Pursuant to *Daubert v. Merrill Dow Pharm, Inc.*, and Preclude any Non-Disclosed Expert Opinions [ECF No. 111], and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese
Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*
Charles J. Roussin
Florida Bar No. 1010409
*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

David W. Singer, Esq.
Michael A. Hoffman, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*