UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-24611-DPG

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION,
NIKHIL MAHARAJ, M.D., and
LETLHOGILE RANTLERU, M.D.

Defendants.
______________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S DAUBERT MOTION TO VICTOR GOMEZ, M.D. [ECF NO. 114]**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files this Reply to Plaintiff's Response in Opposition [ECF No. 144] to Defendant's Motion *in Limine* to Exclude Opinions and Testimony of Victor Gomez, M.D. at Trial Pursuant to *Daubert v. Merrill Dow Pharm, Inc.* [ECF No. 114], and states as follows:

**A. Qualifications**

Plaintiff's Response appears to concede that Dr. Gomez is not offering nor qualified to offer causation opinions. He concedes that Dr. Gomez deferred to other specialties as to whether Plaintiff was a candidate for intervention and Plaintiff does not include causation opinions wherein enumerating the scope of Dr. Gomez's opinions addressing shipboard standard of care, Carnival's shipboard protocols, and the disembarkation decision.

**B. Causation Opinions**

a. **Opinion Fails to Meet Daubert Standard**

Plaintiff's citation to additional "more likely than not" statements made in Dr. Gomez's report does not change the actual content of his opinion, which amounts to an insufficient "loss of opportunity" opinion as outlined in Defendant's Motion. Dr. Gomez's testimony was clear that his causation opinion does not go beyond a "loss of opportunity," and he cannot quantify the degree to which earlier recognition of the stroke and transfer to a hospital would have improved his outcome. Therefore, Dr. Gomez's causation opinion boils down to, essentially, "sooner is better," without providing any evidence to support why sooner would have been better in this case—he concedes Plaintiff was not a candidate for tPA or mechanical thrombectomy by the time he presented to the shipboard medical center.

b. **Mechanism of Harm**

Plaintiff again seems to suggest that earlier imaging, assessment, and monitoring would have changed his outcome. However, Dr. Gomez conceded that neuroimaging does not reverse a stroke. Plaintiff cites to the testimony of Defendant's expert, Dr. Merkler, that stroke patients are monitored because the stroke can cause hydrocephalus or secondary injury, but fails to acknowledge that Dr. Merkler testified that Plaintiff did not suffer those possible complications. ECF No. 116-8, Dr. Merkler Tr. at 30:8-20. Therefore, it is irrelevant and misleading to suggest that delayed monitoring caused Plaintiff's injury where the complications to be monitored for did not occur.

c. **Inability to Quantify Magnitude**

Dr. Gomez's causation opinion falls well short of the Daubert standard due to his inability to quantify the magnitude of benefit as Dr. Gomez has not introduced any actual evidence that there would have been any benefit at all. In *McDowell*, a case cited by Plaintiff, the Eleventh

Circuit affirmed exclusion of a delayed treatment opinion where the Plaintiff's expert offered an opinion that amounted to "the sooner, the better." *McDowell v. Brown*, 392 F.3d 1283, 1300 (11th Cir. 2004). Dr. Gomez's causation opinion here similarly amounts to "the sooner, the better" as he conceded that Plaintiff was not a candidate for tPA or mechanical thrombectomy and instead merely suggests that Plaintiff would more likely than not have had a better outcome if he arrived at the hospital sooner based upon one study that he acknowledged would not have included the Plaintiff.

d. **Last Known Well Time**

Dr. Gomez did not simply agree that the triage history documents October 16 as Plaintiff's last known well time as Plaintiff suggests. Rather, Dr. Gomez was asked an open question about when Plaintiff's last known well time was and Dr. Gomez's answer was that it was October 16th. Tr. at 63:23-64:9. Dr. Gomez's report does not explicitly outline any other opinion on last known well-time, but a last known well-time of October 16th is consistent with his opinion that the October 18 neurological examination was not accurate. Dr. Gomez should be held to this opinion, which renders his causation opinion moot, as outlined in Defendant's Motion.

**C. Standard of Care Opinions**

Dr. Gomez does not provide any explanation for how he derives the standard of care from the materials his report references. As outlined in Defendant's Motion, Dr. Gomez's unexplained methodology is not reliable because it appears to be deterministic—he conceded that he always testifies on behalf of the plaintiff and always finds deviations from the standard of care. This suggests an unreliable methodology where the goalposts shift as needed. For example, when asked

what would be the proper standard of care to determine if there was an underlying neurological issue, Dr. Gomez simply responded "a better neurological examination." Tr. at 144:15-22.

**D. Informed-Refusal Opinion**

Plaintiff states that Dr. Gomez's informed refusal opinion addresses whether the team disclosed the risks a reasonable shipboard physician would disclose. This is apparently based upon what the shipboard team recognized and communicated about the possible neurological significance of the symptoms. Plaintiff fails to address the concerns raised about the reliability of Dr. Gomez's methodology in formulating these opinions. Dr. Gomez cannot possibly form a reliable opinion on this issue, which revolves around the discussions between the treating physician and the Plaintiff, where he concedes he has not reviewed the deposition testimony of the treating physician.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court grant its Motion *in Limine* to Exclude Opinions and Testimony of Victor Gomez, M.D. [ECF No. 114], and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Charles J. Roussin*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
W. Cooper Jarnagin
Florida Bar No. 117767
*cooper.jarnagin@gray-robinson.com*
Ashley Genoese

Florida Bar No. 1019357
*ashley.genoese@gray-robinson.com*
Charles J. Roussin
Florida Bar No. 1010409
*charles.roussin@gray-robinson.com*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Charles J. Roussin*

**SERVICE LIST**
**CASE NO. 1:25-cv-24611-DPG**

David W. Singer, Esq.
Michael A. Hoffman, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Tel: (954) 920-1571
mahoffman@1800askfree.com
adecasanova@1800askfree.com

*Attorneys for Plaintiff*