**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24611-GAYLES/SHAW-WILDER**

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION, NIKHIL MAHARAJ, M.D.,
and LETLHOGILE RANTLERU, M.D.,

Defendants.
_________________________________/

**PLAINTIFF'S REPLY IN SUPPORT OF HIS RENEWED MOTION UNDER RULE 56(d) TO DEFER CONSIDERATION OF CARNIVAL'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 131]**

Carnival's response, ECF No. 154, rests on one factual premise and one quotation. The premise is that Plaintiff "failed to move for a discovery hearing and further failed to notify the Court of any issues prior to the close of discovery." ECF No. 154 at 1. The record shows the opposite. The quotation is the Eleventh Circuit's statement that a party "acceded to the entry of judgment on any issue raised in the motion for summary judgment based on the existing record." *Id.* at 9. Carnival left out the opening clause of that sentence, which says the party did so "[b]y withdrawing its opposition under Rule 56(d)." Plaintiff has withdrawn nothing.

## I. ARGUMENT

### A. Carnival's "consent" argument depends on a truncated quotation.

Carnival argues that Plaintiff "effectively consented to adjudication of the issues" on the existing record, and that his response to the summary-judgment motion, ECF No. 143, is a "concession" that he needs no discovery. ECF No. 154 at 2, 5–6, 9. Its authority is *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274 (11th Cir. 2019). The sentence Carnival quotes reads in full: "By withdrawing its opposition under Rule 56(d) and opposing the motion for

summary judgment on the merits, the City acceded to the entry of judgment on any issue raised in the motion for summary judgment based on the existing record." *Id.* at 1288. The City's declaration "never even mentioned the need for further discovery" on the issue it later raised. *Id.* at 1287.

The same opinion describes what Plaintiff did here: "The preferred vehicle for advising a district court of the need for further discovery is an affidavit or declaration submitted under Federal Rule of Civil Procedure 56(d)." *Id.* Plaintiff filed that declaration with his motion, ECF No. 131-1, identified the paragraphs of Carnival's statement of facts it addresses, and has not withdrawn it. He told the Court in the declaration itself that he would respond to Carnival's motion on the present record. ECF No. 131-1 ¶ 16. A nonmovant who asks the Court to defer specified paragraphs is not required to default on the rest of the motion to preserve the request. Carnival's other case fails for the same reason: by Carnival's own description, the plaintiff in *Scott v. Carnival Corp.* lost "by failing to seek any particular relief." ECF No. 154 at 5. Plaintiff sought it.

**B. Plaintiff raised these matters before the cutoff, and the Magistrate Judge told him to file this motion.**

Each item in the motion was put to Carnival or the Court before or at the close of discovery.

*Dr. Rantleru.* At the October 13, 2026 hearing the Magistrate Judge summarized the sequence: "So you asked to depose Dr. Rantleru before the discovery cutoff but you all couldn't reach a date." Oct. 13, 2026 Hr'g Tr. (ECF No. 132-2) at 6:20–21. Carnival's counsel explained that Dr. Rantleru and counsel were not available in the days that remained: "He is on a ship . . . ." *Id.* at 7:1–5. When Plaintiff asked whether he could take the deposition, the Magistrate Judge answered: "Now something has transpired between you all. Maybe it would be appropriate, but you have to make that motion so that they have an opportunity to be prepared to respond to that request." *Id.* at 34:1–4.

*The WhatsApp and Cisco records.* These were first described by Dr. Maharaj on October 8, 2026, the day before the cutoff. ECF No. 131-1 ¶ 10. Plaintiff asked for them the next day and Carnival refused. *Id.* The Magistrate Judge told Plaintiff he "would need to make a decision about what you want to do with that, if you believe it is important enough to seek more time to discover that information." Hr'g Tr. at 22:23–25.

*The gastroenteritis log.* Plaintiff served Fourth Request for Production No. 169, Second Interrogatory No. 22, and Third Request for Admission No. 15 on August 24, 2026. ECF No. 131-1 ¶¶ 6–7. Carnival's only answer, served September 23, was that responses "are premature until the Court rules upon Defendant's Motion," ECF No. 79. *Id.* ¶ 8. Carnival now lists those same objections as proof that the dispute "pre-date[s] the discovery cutoff" and should have been litigated earlier. ECF No. 154 at 6. Carnival cannot tell Plaintiff that a response is premature until its own motion is decided and then fault him for not compelling the response sooner. Its brief does not say why the log has not been produced.

*The limited discovery as a whole.* Having heard the record, the Magistrate Judge said: "I am going to direct you to make that request to Judge Gayles. So with respect to your motion to compel to reopen to allow Dr. Gomez to supplement his report and to allow limited discovery, after the discovery cutoff, I'm directing you in my order to make that request of Judge Gayles." Hr'g Tr. at 33:7–11. Plaintiff did so. ECF No. 132.

The decisions Carnival collects involve parties who, in Carnival's own descriptions, "gave no reason," gave "no indication" that more time would be sought, or "did not conduct any discovery." ECF No. 154 at 3–4. None involves a party who asked before the cutoff, was told by the court to file a motion, and filed it.

### C. The declaration is the one Rule 56(d) calls for.

Rule 56(d) asks a nonmovant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The reasons in a case like this are procedural: what was requested, when, and what the answer was.

Counsel who served the requests, received the objections, and attended the hearing has personal knowledge of those facts, and the declaration says so. ECF No. 131-1 ¶ 1. Carnival's own statement of the standard requires "an affidavit containing specific facts explaining [the] failure to respond." ECF No. 154 at 2–3. That is a description of procedural history.

Carnival's cases concern something else. By Carnival's account, the affidavit in *Dannebrog Rederi AS v. M/V True Dream* consisted of argument, summaries of record evidence, and counsel's interpretation of a prior order. ECF No. 154 at 7. Plaintiff's declaration is not offered to prove any fact about the voyage. It is offered to tell the Court why certain facts are not yet available. Carnival also criticizes the declaration both for citing the record, ECF No. 154 at 8 (¶¶ 7, 10, 12), and for being "wholly speculative," *id.* (¶ 15). It cannot be both.

Two paragraphs draw specific objections. Carnival calls paragraph 12, which states that Carnival has not produced any Ninth Brain record, "false." ECF No. 154 at 8. Carnival does not identify a Bates number, a production date, or a document. If a Ninth Brain record has been produced, one citation would have answered the point. Paragraph 17 attaches the CDC's Gastrointestinal Illness Surveillance System Questionnaire, a federal form identified by its OMB control number. ECF No. 131-1 ¶ 17. It is offered to show what the form asks. The request stands without it, on Carnival's unanswered response to Request No. 169.

**D. The declaration shows how the discovery would rebut Carnival's facts.**

A party invoking Rule 56(d) "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *City of Miami Gardens*, 931 F.3d at 1287 (citation and internal quotation marks omitted). Paragraph 15 does that paragraph by paragraph. Carnival asserts that its shoreside Health Operations Center was first notified at 10:23 a.m. on October 19, 2024. ECF No. 110 ¶ 16. The declaration identifies the witness who was responsible for notifying shoreside (Dr. Rantleru), the records that would show earlier contact (the WhatsApp messages and Cisco call records for October 18–20, 2024), and the corporate

testimony on whether those records exist. ECF No. 131-1 ¶ 15(a); *see* ECF No. 132 at 13 (citing GR000683–000684). If any of them shows contact on October 18, paragraph 16 is disputed. Subparagraphs (b) and (c) do the same for paragraphs 14 and 23 and paragraphs 34 through 36. *Id.* ¶ 15(b)–(c).

Carnival objects that the declaration says "whether." ECF No. 154 at 8. A nonmovant cannot swear to the content of testimony that has not been given or records that have not been produced. The Rule requires him to identify the discovery and explain how it bears on the movant's facts, and he has.

### E. Carnival identifies no prejudice from deferral.

Carnival's prejudice authorities address a different question: whether "a failure to disclose evidence is substantially justified or harmless" when a party discloses a witness or expert late. ECF No. 154 at 9–10. Plaintiff has disclosed nothing late. He asks for evidence in Carnival's possession. The motion does not ask to move the calendar call or the trial, ECF No. 132 at 3, and it asks the Court to defer only the paragraphs identified. If the Court permits the limited discovery, Carnival may supplement its own record as well. *Id.* at 4.

## II. CONCLUSION

Carnival's response closes by asking the Court to deny a different motion, ECF No. 132. ECF No. 154 at 11. Plaintiff respectfully requests that the Court grant ECF No. 131 and enter the proposed order submitted with it.

Dated: November 16, 2026.

Respectfully submitted,

/s/ Michael A. Hoffman
Michael A. Hoffman (Florida Bar No. 89549)
mahoffman@1800askfree.com
litigation@1800askfree.com
marinab@1800askfree.com
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, FL 33020

954-920-1571
Attorneys for Plaintiff, Michael Smith

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 16, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record, including: Michael J. Drahos, Esq., W. Cooper Jarnagin, Esq., Ashley N. Genoese, Esq., and Charles J. Roussin, Esq., GrayRobinson, P.A., 515 North Flagler Drive, Suite 650, West Palm Beach, Florida 33401 (michael.drahos@gray-robinson.com; cooper.jarnagin@gray-robinson.com; ashley.genoese@gray-robinson.com; charles.roussin@gray-robinson.com), Attorneys for Defendants.

/s/ Michael A. Hoffman
Michael A. Hoffman