**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24611-GAYLES/SHAW-WILDER**

MICHAEL SMITH,

Plaintiff,

v.

CARNIVAL CORPORATION, NIKHIL MAHARAJ, M.D., and LETLHOGILE RANTLERU, M.D.,

Defendants.
______________________________/

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LIMITED MODIFICATION OF THE AMENDED SCHEDULING ORDER [ECF NO. 132]**

Carnival's response, ECF No. 155, opposes relief Plaintiff did not request and denies a direction the Magistrate Judge gave twice. Carnival says "[t]his Court did not 'direct' Plaintiff to file any post-discovery motions . . . ." ECF No. 155 at 1. The transcript reads: "I am going to direct you to make that request to Judge Gayles," and "I'm directing you in my order to make that request of Judge Gayles." Oct. 13, 2026 Hr'g Tr. (ECF No. 132-2) at 33:7–11. (Carnival cites the transcript as "ECF No. 312-2"; it is ECF No. 132-2.)

## I. ARGUMENT

### A. Carnival misstates the relief requested.

Carnival tells the Court that Plaintiff seeks an "extension of deadlines for dispositive motions and Daubert motions," "a complete reopening of discovery and expert discovery," and to "push the reset button." ECF No. 155 at 2, 7, 9. The motion asks the Court to "leave the October 16, 2026 dispositive-motion and Daubert deadline in place." ECF No. 132 at 4. It states that "[n]othing requested moves the January 13, 2027 calendar call or the January 19, 2027 trial," and that "Plaintiff seeks no additional written discovery." *Id.* at 3. The request is for two

depositions, one by remote videoconference and one limited to a single seven-hour day, and one expert supplement confined to the standard of care and to training and supervision, with a continued deposition at Plaintiff's expense and a window for Carnival to move under *Daubert*. *Id.* at 3–4.

Carnival itself identifies the appropriate course: "Plaintiff could have sought leave to reopen either of these depositions to address such limited issues and not a full-blown reopening of extensive discovery." ECF No. 155 at 8. That is this motion.

**B. The Magistrate Judge did not find these requests lacking in good cause. She told Plaintiff to bring them.**

Carnival argues that ECF No. 97 already decided the question and that "[n]othing has changed." ECF No. 155 at 8. The judge who entered ECF No. 97 said otherwise six days later. As to Dr. Rantleru: "you did move before, but I didn't view that as you asking to take the deposition of Dr. Rantleru outside of the discovery." Hr'g Tr. at 33:20–22. And: "Now something has transpired between you all. Maybe it would be appropriate, but you have to make that motion so that they have an opportunity to be prepared to respond to that request." *Id.* at 34:1–4. And again: "You should make that motion and the court will consider it . . . ." *Id.* at 34:22–23.

Carnival quotes one sentence from that hearing: "I mean, if you take a depo the day before the discovery cutoff, then you run into these issues." ECF No. 155 at 2. The Magistrate Judge's next sentence, which Carnival omits, is: "So I think you would need to make a decision about what you want to do with that, if you believe it is important enough to seek more time to discover that information." Hr'g Tr. at 22:22–25. She then denied Plaintiff's *ore tenus* request for the supplement and limited discovery "without prejudice to raise the issue before Judge Gayles." ECF No. 106.

### C. Carnival's account of Dr. Rantleru's deposition omits its own conduct.

Carnival says there "was nothing preventing Plaintiff from taking Dr. Rantleru's deposition on August 5th" and that Plaintiff "unilaterally cancelled." ECF No. 155 at 5, 7. Three facts in the motion go unanswered.

*First*, the August 5 setting was of a non-party witness while Plaintiff's motion to add him as a defendant, which Carnival opposed, was pending. ECF No. 132 at 5–6. Carnival has previously given the Court the same explanation: Plaintiff cancelled "because he was planning to add the ship physician as a defendant." ECF No. 93 at 6. Leave was granted eight days later. ECF No. 132 at 6.

*Second*, once Dr. Rantleru was a party, Plaintiff asked for dates on September 11 and 21, 2026, and Carnival answered on September 22 with an objection to the number of depositions. ECF No. 132 at 6 (citing ECF No. 86 ¶ 4; ECF No. 86-1 at 2–3). Carnival's response does not mention that exchange. The Magistrate Judge summarized it at the hearing: "So you asked to depose Dr. Rantleru before the discovery cutoff but you all couldn't reach a date." Hr'g Tr. at 6:20–21. Carnival's counsel explained that he was unavailable: "He is on a ship . . . ." *Id.* at 7:1–5.

*Third*, Carnival jointly represented to this Court in June that the depositions of Dr. Rantleru and its Rule 30(b)(6) representative would be taken. ECF No. 132 at 4–5 (citing ECF No. 45 at 3–4). Carnival's response cites ECF No. 45 only for the expert deadline. ECF No. 155 at 11.

Dr. Rantleru is a party who has moved to dismiss on his own affidavit, and that motion is pending. ECF Nos. 76, 76-1; ECF No. 155 at 5. The Magistrate Judge framed what remains: "The question is whether or not the person who is in charge of the facility will be deposed." Hr'g Tr. at 34:18–19.

**D. Carnival does not dispute what it produced in October.**

Carnival does not deny that it produced the Senior Doctor Handover Checklist on October 1, 2026 and Dr. Rantleru's credential record on October 9, the day discovery closed, or that the medical team's WhatsApp group was first disclosed at a deposition on October 8. ECF No. 132 at 7–8. Its answer is that nothing in "the October 1, 8, and 9 production" prevented earlier depositions. ECF No. 155 at 8. A witness cannot be examined on a record that has not been produced. Plaintiff deferred the Rule 30(b)(6) deposition in July for that stated reason, obtained an order, and received Carnival's last production under it on October 9. ECF No. 132 at 14.

That is the difference from *EarthCam, Inc. v. OxBlue Corp.*, where, as Carnival quotes it, "EarthCam chose to depose Mr. deCraen on the last day of discovery." ECF No. 155 at 13. Here the timing of the October productions was Carnival's.

Carnival's remaining points confirm the need for a corporate witness. It asserts there is "no testimony or record evidence that Carnival had any stroke protocols" and that "[n]othing in Nurse Dube's deposition testimony contradicts same." ECF No. 155 at 6. The cited pages are before the Court. Dube Dep. (ECF No. 132-4) at 28:2–25, 74:13–75:5. At the hearing Carnival's counsel put it more cautiously: "I do not believe the nurse testified directly to that." Hr'g Tr. at 9:2–3. Carnival calls Plaintiff's statement that no Ninth Brain record for Dr. Rantleru has been produced "entirely false," ECF No. 155 at 5, without citing a Bates number. And it argues that Dr. Gonzalez-Noda, a Carnival senior physician, "does not speak as a representative for Carnival or its policies." *Id.* at 6. Plaintiff agrees. He is a fact witness who described the stroke training Carnival's Health Operations Center provides. *See* ECF No. 132 at 9 (citing Gonzalez-Noda Dep. at 72:8–24). The witness who does speak for Carnival is its Rule 30(b)(6) designee, and Supplemental Areas S-1 through S-4 ask that witness whether these records and this training exist. ECF No. 132 at 14–15.

**E. The Gomez supplement is requested in advance, on terms that remove surprise.**

Carnival's cases involve expert supplements served without leave after a deadline. ECF No. 155 at 9–10. Plaintiff has served none. He asked first, at the Magistrate Judge's direction. She observed that expert disclosures in this case "happened in reverse" of the usual order and that "perhaps that was an oversight," and explained why an ordered supplement helps both sides: "It makes sense that no one's surprised or caught off guard . . . ." Hr'g Tr. at 32:1–2, 32:24–25, 33:3–4. Carnival answers that Dr. Gomez had "nearly an entire month" to prepare a rebuttal report. ECF No. 155 at 11. A rebuttal report in September could not address records Carnival produced on October 1 and 9 or testimony given on October 8, 9, and 12. The proposed supplement offers no new causation opinion, and Carnival would receive a continued deposition at Plaintiff's expense and fourteen days to file a targeted *Daubert* motion. ECF No. 132 at 4.

**F. Carnival identifies no prejudice the proposed order does not address.**

Carnival's prejudice argument assumes that deadlines move and that its motions are "obviate[d]." ECF No. 155 at 12. No deadline moves. Its summary-judgment and *Daubert* motions remain pending, and either side may supplement its record with what the two depositions yield. ECF No. 132 at 4. Every witness is Carnival's contractor, employee, or designee, and every record is in its possession. *Id.* at 17. The page count Carnival cites, ECF No. 155 at 1, reflects complete deposition and hearing transcripts filed as exhibits. *See* ECF No. 132 at 22.

## II. CONCLUSION

Plaintiff respectfully requests that the Court grant ECF No. 132 and enter the proposed order submitted with it.

Dated: November 16, 2026.

Respectfully submitted,

/s/ Michael A. Hoffman
Michael A. Hoffman (Florida Bar No. 89549)

mahoffman@1800askfree.com
litigation@1800askfree.com
marinab@1800askfree.com
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, FL 33020
954-920-1571
Attorneys for Plaintiff, Michael Smith

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 16, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record, including: Michael J. Drahos, Esq., W. Cooper Jarnagin, Esq., Ashley N. Genoese, Esq., and Charles J. Roussin, Esq., GrayRobinson, P.A., 515 North Flagler Drive, Suite 650, West Palm Beach, Florida 33401 (michael.drahos@gray-robinson.com; cooper.jarnagin@gray-robinson.com; ashley.genoese@gray-robinson.com; charles.roussin@gray-robinson.com), Attorneys for Defendants.

/s/ Michael A. Hoffman
Michael A. Hoffman